FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

CLERK

SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

2008 MAR -5  PM 2: 45

| | |
|---|---|
| MICHAEL TERRILL, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®,<br><br>        Defendant. | Case No.:  **CV108-030**<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Terrill ("Plaintiff"), by and through his attorneys, on behalf of himself and on behalf of all others similarly situated (the "Class"), alleges the following facts and claims upon personal knowledge as to matters relating to himself, and as to all other matters upon information and belief, as follows:

**NATURE OF THE CASE**

1.      This is a class action lawsuit brought by Plaintiff, on behalf of himself and all others similarly situated, who purchased one or more Frigidaire® Front Load Washing Machines, including but not limited to the Model GLTF2940E Series (the "Washing Machines" or "Machines").  As alleged and explained more fully below, Defendant Electrolux Home Products, Inc. d/b/a Frigidaire ("Frigidaire" or "Defendant") has concealed material information in connection with the marketing, advertising, sale and servicing of its Washing Machines, and has breached its warranties with respect to the Machines.

2.      Frigidaire has concealed material facts regarding the Washing Machines, including a serious design defect with the stainless steel drum and gasket that causes the Washing Machines to (a) accumulate mold and mildew within the Washing Machines,

(b) produce a mold or mildew odor that can permeate a consumer's home, (c) produce a mold or mildew odor on clothes washed in the Machines, and (d) be unusable in the manner, to the extent and for the purpose for which the Washing Machines were advertised, marketed and sold as a result of the mold and mildew accumulation and odor problems described above.

3.     The mold and mildew problems in the Washing Machines create a genuine nuisance.  In addition to being unsightly and noxious, mold and mildew on the inside of a washing machine can damage clothes and other items.  Furthermore, many people are allergic to mold and mildew.  Needless to say, the mold and mildew problems also substantially decrease the value of these washing machines.

4.     Upon information and belief, Frigidaire knew and was aware, prior to marketing and selling the Washing Machines, that the Machines were inherently defective in that they were substantially likely to cease working in the manner that they were intended to perform during their useful life with normal use.  Frigidaire was in the exclusive possession of this information, which was material to Plaintiff and Class members, and Frigidaire had a duty, under all of the circumstances, to disclose the defect to Plaintiff and Class members.  Nevertheless, Frigidaire has failed and refused to warn its customers of the serious common defect inherent in the Washing Machines or to warn them regarding the common problems that they will likely encounter when the Machines begin to accumulate mold as a result of the defect at issue.

5.     Frigidaire also has refused, and continues to refuse, to provide a remedy to consumers.  Instead, only upon receipt of complaints (and after a consumer's purchase), Frigidaire instructs consumers that they must wipe the inside steel basket of their Machines after each wash cycle to avoid mold and mildew problems, and to leave the door open on the Machines when not in use.  Neither the mold and mildew problems, nor the need for the measures are disclosed to consumers prior to their purchase.  If consumers possessed such material information prior to purchase (*i.e.* that they must

diligently wipe the inside of their machines with a towel, and leave their door ajar when not in use, to avoid mold and mildew problems) they would likely not purchase the Washing Machines.

6.     As a result of the design defect that afflicts the Washing Machines, Plaintiff and other Class members have overpaid for the Machines because the value of the Machines was diminished at the time they were sold to consumers.  In addition, consumers would not have purchased the Washing Machines had Frigidaire informed them of the common defect at the time of sale. Plaintiff and the Class members have consequently suffered economic damages.

7.     In addition, as a result of the mold or mildew odor that permeates clothes, towels and other items that are placed in the Machines, consumers have been forced to replace such clothes, towels and other items that have been damaged by the defect in these Washing Machines.

8.     Frigidaire has profited, directly or indirectly, by concealing the nature of the defect because, by misrepresenting or concealing its knowledge regarding the defect at issue and the cause of the problems associated with the defect to consumers, Frigidaire has been able to convince a large number of consumers to purchase the Washing Machines and to pay Frigidaire, or its authorized service representatives (from which Frigidaire earns a profit), to address the problems arising from the defect.  This is despite the absence of an effective remedy for the defect, and despite Frigidaire's failure to take any corrective action for its customers.

9.     Frigidaire's actions in selling the Washing Machines without disclosing this common material defect, and in failing to issue a recall or otherwise promptly taking appropriate corrective action to repair and/or replace the Washing Machines with this known defect were negligent, reckless and in breach of its statutory and common law duties, and express and implied warranties to its customers.  Those actions were a proximate cause of injury to the Plaintiff and the Class members.

10.     Plaintiff seeks actual and/or compensatory damages, as well as equitable relief, including the replacement and/or recall of the defective Washing Machines, punitive damages, costs and expenses of litigation, reasonable attorneys' fees, and all other expenses permitted by applicable law.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) because:  (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is diversity of citizenship between the named Plaintiff and members of the proposed Class and Defendant.  This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that Defendant resides in this judicial district, and pursuant to 28 U.S.C.  § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.  Defendant regularly and systematically conducts business in Georgia and in this judicial district.

**PARTIES**

13.     Plaintiff Michael Terrill resides in Cedarburg, Wisconsin.  During the relevant time period, Plaintiff purchased a Frigidaire® Washing Machine, Model Number GLTF2940ES0.

14.     Defendant Electrolux Home Products, Inc. d/b/a Frigidaire is a Delaware corporation, maintaining its principal executive offices at 250 Bobby Jones Expressway, Augusta, Georgia, 30907.  Defendant is in the business of manufacturing and selling home appliances, including front load washing machines.  Defendant markets and sells its brand products, including the Washing Machines, throughout the United States, including Georgia and this judicial district.

CLASS ACTION COMPLAINT

-4-

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this suit as a class action on behalf of himself and on all others similarly situated ("the Class") pursuant to Rules 23(a), 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure.  Plaintiff seeks to represent the following Class:

> All persons and entities in the United States who purchased, other than for resale, any of the Washing Machines during the previous four (4) years.

16.     In the alternative, and only in the event that the Court determines that Georgia law shall not be applied to the claims of all Class members regardless of where they reside, Plaintiff seeks certification of the follow sub-class:

> All persons and entities in the State of Wisconsin who purchased, other than for resale, any of the Washing Machines during the previous four (4) years.

17.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the Class is Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

18.     **Numerosity.**  The members of the Class are so numerous that joinder of all members would be impracticable.  The proposed Class includes thousands of members.  Though the exact number and identity of Class members is not presently known, they can be identified through the review of records in Defendant's possession, custody and control.

19.    **Commonality and Predominance**.  There are numerous questions of fact and law common to the members of the Class that predominate over individual questions affecting any individual members, including but not limited to:

a.  whether the Washing Machines possess a common defect;

b.  whether Frigidaire was aware that the Washing Machines were and are defective;

c.  whether Frigidaire concealed the fact that the Washing Machines were and are defective;

d.  whether Frigidaire was obligated to disclose that the Washing Machines suffer a common defect;

e.  whether Frigidaire breached its express warranties, and whether the limitations on those express warranties are unconscionable and unenforceable;

f.  whether Frigidaire breached its implied warranties;

g.  whether Frigidaire has violated the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-371, *et seq.*;

h.  whether Frigidaire has been unjustly enriched from the sale of its Washing Machines; and

i.  whether Plaintiff and members of the Class are entitled to recover damages and, if so, the appropriate amount thereof.

20.    Defendant's defenses, to the extent that any such defenses apply, are applicable generally to Plaintiff and the entire Class and are not distinguishable as to proposed Class members.

21.    **Typicality**.  The claims of the Plaintiff herein are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendant as complained of in this class action complaint.  The claims of the Plaintiff are typical of the Class because Defendant subjected all Class members to

the same course of conduct.

22.    **Adequacy**. Plaintiff, on behalf of himself, and all others similarly situated, will fairly and adequately protect the interests of all members of the Class, and has retained attorneys highly experienced in the prosecution of complex consumer class action litigation.  Neither Plaintiff nor his attorneys have any interests which are antagonistic to the Class.

23.    **Superiority**. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

24.    Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying

adjudications with respect to individual members of the proposed Class that would

establish incompatible standards of conduct for Defendant.  Defendant has acted or

refused to act on grounds generally applicable to the Class and, as such, final injunctive

relief or corresponding declaratory relief with regard to the members of the Class as a

whole is appropriate.

25.     Notice of a certified class action and of any result or resolution of the

litigation can be provided to Class members by first-class mail, email, or publication, or

such other methods of notice as deemed appropriate by the Court.

## FACTUAL ALLEGATIONS

26.     Frigidaire holds itself out to the public as a manufacturer of

stylish, cutting-edge, and easy-to-use home appliances, including washing machines for

which it claims to be the world's largest manufacturer of front load laundry.  Frigidaire

advertises in its front load washer brochure that its Machines:

> [E]ncompass contemporary styling that is beautifully designed to fit your lifestyle.  You can trust the iCare Intelligent Fabric Care System™ gently washes and dries your clothes, keeping them looking their best.
>
> By removing the agitator, you can count on the tumble action to wash gently and rinse completely, ensuring your clothes feel fresher and last longer.
>
> With the added capacity and efficiency of front load, you can look forward to spending less of your day doing laundry with up to 82% energy and water consumption savings.
>
> You expect all this from Frigidaire®... and we deliver.
> Your laundry never looked so good.
>
>           *     *     *
>
> Cleaner, Fresher Laundry
> Advanced rinse technology incorporates a fresh water rinse for whiter whites, brighter colors, and clothing that feels fresher.

http://www.frigidaire.com/images/documents/ProductBrochures/front_load_laundry.pdf

27.    Frigidaire's website further boasts:

**You've Never Done Laundry Like This**
Whatever your décor, space requirements or family size, Frigidaire®
washers and dryers fit your home and your lifestyle.  From our traditional
top load washers and gas or electric dryers to the stylishly efficient front
load laundry to the space-saving laundry center, you can count on
Frigidaire for innovation, performance and style.

http://www.frigidaire.com/products/laundry.asp

**Your laundry never looked so good**
Frigidaire® is the largest manufacturer of front load laundry in the world.
So you expect contemporary styling that's beautifully designed to fit your
lifestyle.

You trust that the iCare Intelligent Fabric Care System™ gently washes
and completely dries to keep your clothes looking their best.  With no
agitator, you count on tumble action to wash so gently and rinse so
completely that your clothes feel fresher and last longer.

http://www.frigidaire.com/products/laundry_affinity.asp

28.    Frigidaire has manufactured, produced, and/or distributed front load
washing machines for several leading retailers in the United States, including Lowes,
Sears, Best Buy, and other major national retailers.

29.    Frigidaire manufactures thousands of washing machines each year, a
substantial portion of which are sold or offered for sale in Georgia.  Defendant has sold,
either directly or indirectly, thousands of its Washing Machines nationwide and in the
State of Georgia.

30.    In conjunction with each sale, the Defendant marketed, advertised and
Warranted that its Washing Machines were fit for the ordinary purpose for which such
goods were used and were free from defects, or at a minimum would not accumulate
mold or mildew, or emit associated odors.  In addition, Defendant expressly warranted
that the stainless steel inner wash basket is free from a defect in materials or
workmanship, or it would be replaced.

31.     Defendant manufactured and distributed its Washing Machines intending that consumers would purchase them, regardless of the place of purchase or the location in which customers would use them.  The Washing Machines were placed into the stream of commerce and were distributed, offered for sale and sold to Plaintiff, Class members, and other purchasers in Georgia and elsewhere in the United States.

32.     Defendant is aware of the common defect that creates the mold and mildew problems and has been for some time.  Plaintiff and many members of the Class have alerted Defendant by complaining to Defendant directly and/or to Defendant's authorized dealerships and service persons.

33.     Recent Internet postings reveal that Plaintiff's experience is common and widespread:

> Washing machine works OK, but it collects smelly water trapped behind the gasket seal of the front door. Any way to flush out the water. We tried a spin with the machine empty.

*     *     *

> We don't have a solution, just a workaround. We stuff a small absorbent towel behind the gasket, leaving a margin exposed so we can pull the towel out. We can remove most of the water this way. It's clear from these posts that this model of Frigidaire washer has a design defect that the manufacturer doesn't want to discuss. I plan to send the general manager a written letter with excerpts from the messages posted here. I will request that he or she issue a recall that will pay for a service person to replace the gasket without charge to us consumers.

*     *     *

> We bought one of these machines 2 years ago. It is getting ready to go out the door today Feb 17, 2008. The mold accumulates and you cannot get rid of it. I don't understand why a company like Frigidaire would not want to fix this problem. It is a health issue. This mold might also spread to other parts of the house. The machines made after this model have a non ribbed gasket with vents so obviously they are aware of this terrible design flaw. I called them and they told me to leave the door open. We have decided to go back to a basic top load machine without most of the frills.

*     *     *

> We have the same issue with the moldy/mildewy gasket as well as the insert where we put the detergent and fabric softener. I believe the entire washer is filled with this stuff. We bought these when they came out about 2 yrs. ago for the convenience and instead we have to hassle with this every time we use it. The stentch (sic) is terrible and we tried using bleach with no luck. We have used towels, paper towels, to soak up the excess

water in hopes of deterring this problem as well. I recently purchased tablets from HH Gregg which seem to be for this very problem.....which makes me wonder, if the manufacturer knows this is an issue.....they should fix it and make it right with the consumers who purchased this product. I have been extremely disappointed and wish I had my 'old' style machine back where at least the water drained out properly!

\*      \*      \*

Like many of the other people here, I have the same problem. Just called Frigidaire today to report the issue. They seem to be familiar with the problem and suggested using one cup of bleach in the machine without laundry, and then following up with rubbing alcohol. The good news is that they know this is an issue with this model. The bad news is that even after trying the fix with bleach and alcohol, I still have a machine full of mold. There is no way to get all the mold out of this machine, because you don't have access to the area below the drum, and I'm sure there's mold swimming down there.

\*      \*      \*

Frigidaire, you need to recall these machines. I'm going to call the local news and the Better Business Bureau. This is a nasty problem and you are a reputable company. I have a house full of Frigidaire appliances. (Dishwasher, Oven, Range, Microwave, Fridge, Washer and Dryer.) Only one of them is bad. If you ever want me to buy another appliance from you, then you need to take care of this problem. You are going to have a health issue which will cost you millions.

\*      \*      \*

We brought a new baby into our home yesterday. If that baby gets sick and there is any indication that mold is the cause, you will hear from me once again, but it won't be in this informal setting.

\*      \*      \*

I have the same problem with mine also. I hate the smell that comes out when it drains. There is always standing water in the gasket. I wish that they would find away to fix this problem!!

\*      \*      \*

I have the same problem with the water behind the gasket and towels never smelling good. They smell like a wet puppy dog!!!

\*      \*      \*

We have the same problem. Like most of the people who have posted I am extremely disappointed. We have black mold all over the gasket even after drying the gasket and door after every wash. I needed a washer that was going to make my life easier, not double the amount of time it takes to use it!

\*      \*      \*

CLASS ACTION COMPLAINT

I have the same problem with the black mold. I have called several different departments of Frigidaire, and nobody can tell me anything about any kind of recalls. My washer is less than 2 years old, and now there are permanent black mold stains and a smell that won't stay away.

\*   \*   \*

I can't get rid of the mold problem either and my wife seems to be getting sick from it. Shouldn't there be a class action suit against these guys?

\*   \*   \*

If you need an additional signature, or some input, let me know. I hope you get to the right person at the company. For me, its just a huge disappointment in a product I have wanted for a long time. My husband just informed me that he cleaned the gasket out yesterday, and it was really nasty. I spent several hours, about 6 weeks ago, thoroughly cleaning the entire, exposed area of the machine. I've also run vinegar with almost every load I've washed since then. Obviously, it isn't enough, and this machine is very high maintenance----too high!!

\*   \*   \*

The posting about smelly water, and a 2 year old Frigidaire could have been from me!! I just spent over an hour cleaning the nastiest mess I have ever seen. Every crack and crevice in that gasket was caked with black goo mixed with hair. Further, it had started leaking a little. I think I fixed that by cleaning the bottom front of the door that was also caked. I will NEVER buy another product from this company. I bought the dryer too, and the belt broke after less than 2 years. I am so disappointed with these. I wonder if there is a recall on that washer that they haven't told the public about.

\*   \*   \*

I have the same issue! We have left the door open after washing the massive loads of laundry we do (we have a family of 7), ran a bleach load weekly, and we now have the black mold looking stuff. I called the manufacture and was told they never heard of such problems with there washers. They told me to call a repair man and have him come & see what he can do for me. Other times I called I was put on hold for a supervisor and then hung up on. I did a little research of my own and found that they have changed the way the gasket looks (no ridges & drain holes) in the newer washers. For only having my washer for soon to be 2 years I find this totally unacceptable of a manufacture. I have repeatedly called Frigidaire and still no help.

http://www.fixya.com/support/t238848-
frigidaire_washing_machine_collects#SameProblemContinued

\*   \*   \*

Hello. I noticed yesterday (and am very embarassed (sic) to say for the first time) that my washer has a ton of "gunk" brown dirt, soap, scum mixture around the black rubber seal and between this seal and the metal "basket" (not sure if the correct term for this). I am trying to get in there to clean it but it almost seems as if it needs to be taken apart to be cleaned properly. Is this possible or does it open up a huge can of worms? It seems like such a bad design for this stuff to collect like this and for now, I am just disgusted and do not even want to wash my clothes in this mess. Have you heard of this...any help or insight would be greatly appreciated.

\*       \*       \*

You would be opening a can of worms as the front loading washers would have to have the front removed and disconnect the front from the seal. The novice appliance person would have a blast trying to reinstall the gasket. Best bet is to clean what you can and then wipe it off each and every time you use it in the future to keep mold from coming back.

http://en.allexperts.com/q/Heating-Air-Conditioning-696/cleaning-Frigidaire-FWT449GFS2-Loading.htm

\*       \*       \*

We have the model GLTF1040ASO that has a very annoying continual mold problem. I use clorox to clean inside and trays, and I run bleach thru an empty wash cycle. MOLD,MOLD,MOLD,. Frigidaire says they have no complaints of mold in their machines and to use bleach to clean or buy a special cleaner thru their authorized repair centers and use it. We have also had two electronic boards replaced within six months of purchasing, also water pump. I will never buy another frigidaire product again. BEWARE, MOLD, MOLD, MOLD, MOLD!!!!!

http://www2.dealtime.com/xPR-Frigidaire-GLTF1040A~RD-183662120580

34.     In addition to the countless hours spent by consumers, endless frustration, damaged clothing, and costs associated with attempted repairs, consumers have spent substantial sums on cleaning products in attempt to rid their Machines of mold, mildew and associated odor.  Yet, Frigidaire continues to deny the existence of the pervasive mold and mildew problem to consumers, or reimburse for any of these costs.  Frigidaire has sat silent while consumers purchased and continue to purchase the defective Machines.

35.     The Washing Machines purchased by Plaintiff and the Class have failed to work properly due to a defect in design, and not resulting from the ordinary course of usage by Plaintiff or Class members.

CLASS ACTION COMPLAINT
-13-

36.     Frigidaire failed to adequately design and/or test the Washing Machines to ensure that they were and are free from defects.  Before these models entered the market, Frigidaire knew, or was reckless in not knowing, that they (a) contained an inherent, common defect; and (b) were not of merchantable quality or fit for their ordinary purpose.

37.     In or about April 2005, Plaintiff purchased a Frigidaire Model GLTF2940ES0 front load washer for approximately $699.00.  In mid-2007, Plaintiff began to notice odors in his laundry area and eventually discovered black streaks on garments and towels removed from his machine.  He then discovered mold and mildew deposits around the steel drum inside his machine, along with a noxious odor.  Plaintiff has purchased numerous cleaning products to rid his machine of the mold, mildew and odor problems, all to no avail, and has been forced to discard garments and towels that have been ruined.

38.     In or about January 2007, Plaintiff contacted Frigidaire about the mold and mildew problems.  Frigidaire then disclosed that Plaintiff would have mold and mildew problems with his machine if he did not wipe the inside of his machine with a towel after every wash cycle and if he did not leave his washer door open when not in use (unless he has small children).  Plaintiff now must leave the door of his machine open at all times when it is not in use, and dry out the washer after every use with a towel to attempt to avoid water-build up and further accumulation of mold and odor.  He must also secure entry into his entire laundry room to prevent a musty smell from permeating his home, and to avoid the obvious dangers that a constantly-open washer door present to his young child.

39.     Defendant's instruction to leave its Washing Machine doors open, virtually at all times, to avoid mold and mildew problems is even more startling, given Defendant's safety precaution in its Owner's Guide (obtained by consumers post-purchase):

***DO NOT*** **leave the washer door open.** An open door could entice children to hang on the door or crawl inside the washer. Note: If there are no small children present, leave the door ajar to prevent odor build up and to improve venting of the unit. (emphasis in original).

## COUNT I
### Violations of the Georgia
### Uniform Deceptive Trade Practices Act

40.     Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

41.     Defendant is a "person" within the meaning of O.C.G.A. § 10-1-371(5).

42.     In marketing, promoting and selling its Washing Machines as suitable for ordinary use, Defendant has: (a) represented that its Machines have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; (b) represented that its Machines are of a particular standard, quality or grade when they are of another; and (c) advertised its Machines with the intent not to sell them as advertised. Such representations violate the Georgia Uniform Deceptive Trade Practices Act.

43.     As a result of Defendant's violations of the Georgia Uniform Deceptive Trade Practices Act, Plaintiff and Class members have been damaged and seek appropriate injunctive relief to remedy this misconduct, along with all other remedies or damages available under O.C.G.A. §10-1-371, *et seq.*

44.     Defendant's violations of the Georgia Uniform Deceptive Trade Practices Act were willful and were done with an entire want of care that reflects a conscious indifference to the consequences. Punitive damages should be awarded to punish Defendant and deter it from further like wrongful conduct.

## COUNT II
### Breach Of Express Warranty

45.     Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

46.     Defendant expressly warranted that its Washing Machines, and specifically its stainless steel wash basket, would be eligible for repair in the event of defects in materials or workmanship, and a replacement "part" would be provided up to the 25th year of ownership.

47.     Plaintiff provided Defendant with notice of its breach of express warranties within a reasonable time after discovering that breach.  Specifically, Plaintiff sent an email to Defendant when he became aware of the mold and mildew Problem.  In response, Defendant only then disclosed that Plaintiff would have mold and mildew problems with his machine if he did not wipe the inside of his machine with a towel after every wash cycle and if he did not leave his washer door open when not in use (unless he has small children).  Defendant did not, as other representative consumer complaints herein reflect, provide any parts or service that correct the mold and mildew problem, as required by Defendant's warranty.

48.     As a direct and proximate result of the breach of said warranties, Plaintiff and Class members have been injured and are therefore entitled to damages.  Defendant's failure to repair or replace Plaintiff's machine has caused the warranty to fail of its essential purpose, as a result of which Plaintiff and the Class are entitled to damages flowing from the breach of express warranty.

## COUNT III
### Breach Of The Implied Warranty
### Of Merchantability

49.     Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

50.     As a manufacturer, distributor, and/or seller of its Washing Machines, Defendant is a "merchant."

51.    The Washing Machines are "goods."

52.    Implied in every sale of the Washing Machines is a warranty of merchantability that requires, *inter alia*, that the Washing Machines pass without objection in the trade and are fit for the ordinary purposes for which Washing Machines are used.

53.    Defendant impliedly represented and warranted that the Washing Machines were fit for the ordinary purposes for which such goods are used, *i.e.*, cleaning clothes.

54.    Defendant breached this implied warranty because the Washing Machines possess mold and mildew problems, which substantially reduced and/or prevented the Washing Machines from cleaning clothes properly.

55.    All of the Washing Machines were manufactured and distributed with the common mold and mildew problems and were, therefore, not of merchantable quality at the time that they were distributed into the stream of commerce by Defendant.

56.    As a direct and proximate result of the breach of said warranties, Plaintiff and Class members were injured and are therefore entitled to damages.

**COUNT IV**
**Unjust Enrichment**

57.    Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

58.    Defendant caused its defective Washing Machines to be distributed in the stream of commerce with knowledge that the Machines would be purchased by consumers who possessed a reasonable expectation that the Washing Machines would be free from material defects such as the mold and mildew problems.

59.    Plaintiff and Class members paid a premium price for the Washing Machines that Defendant represented as being suitable for ordinary use, and merchantable, thereby conferring a tangible economic benefit upon the Defendant.

60.    Defendant has further benefited, directly or indirectly, by avoiding the

costs associated with correcting the mold and mildew problems, making repairs, and recalling the defective Washing Machines.

61.     Defendant has and continues to retain that economic benefit at the expense of Plaintiff and the Class members.

62.     Principles of equity and good conscience make it unjust for Defendant to retain the benefit conferred on it by consumers of the Washing Machines, and Defendant should be required to pay Plaintiff and the Class members for this benefit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, on behalf of himself and members of the Class, that this Court:

A. determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, and issue order certifying the Class as defined above;

B. award all actual, general, special, incidental, statutory, consequential and punitive damages to which Plaintiff and Class members are entitled;

C. award pre-judgment and post-judgment interest on such monetary relief;

D. grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires orders Defendant to:

      i.     cease and desist from the sale of its Washing Machines;

      ii.    make appropriate, accurate, and complete disclosures in its Owner Manuals and other materials regarding the mold and mildew problems described herein;

      iii.   establish an appropriate program, at Defendant's sole expense, to inspect, repair, and replace the Washing Machines; and

      iv.   to disgorge all profits made as a result of its sales of the Washing Machine Products;

E. award reasonable attorneys' fees and costs; and

F. grant such further and other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated:  March 5, 2008

By:

**BELL & BRIGHAM**

_____
Leroy W. Brigham
Georgia Bar No. 081698
John C. Bell, Jr.
Georgia Bar No. 048600
Augusta, Georgia 30903
Telephone:  (706) 722-2014
Facsimile:  (706) 722-7552

Mark J. Tamblyn
(*pro hac vice* pending)
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, California 95815
Telephone:  (916) 568-1100
Facsimile:  (916) 568-7890

Kenneth A. Wexler
(*pro hac vice* pending)
**WEXLER TORISEVA WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

Charles M. McCallum
(*pro hac vice* pending)
R. Brent Irby
(*pro hac vice* pending)
**McCALLUM, HOAGLUND COOK &
    IRBY LLP**
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Telephone:  (205) 824-7767
Facsimile:  (205) 824-7768

*Attorneys for Individual and Representative
Plaintiff Michael Terrill and the Class*