**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| MICHAEL TERRILL, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **CASE NO. CV108-030** |
| ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE® | ) ) ) ) |
| Defendant. | ) |

## RULE 26(f) REPORT

COME NOW all parties in the above-referenced case and pursuant to Fed.R.Civ.P. 26(f) respectfully show the Court the following:

1. Date of Rule 26(f) conference:

   **Response:** The conference was held beginning on June 3, 2008 and was completed on June 27, 2008.

2. Parties or counsel who participated in conference:

   **Response:** John C. Bell, Jr. and Mark J. Tamblyn (plaintiffs), Benjamin H. Brewton, Joseph C. Weinstein and Philip Oliss (defendant).

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

   **Response:** All defendants have been served.

4. Date the Rule 26(a)(1) disclosures were made or will be made:

   **Response:** Pursuant to Rule 26(a)(1), the parties have stipulated that initial disclosures will be exchanged on or before July 11, 2008.

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the time or form of those disclosures,

    a) Identify the party or parties making the objection or proposal:

    **Response:** None of the parties object to making the initial disclosures required by Rule 26(a)(1).

    b) Specify the objection or proposal:

    **Response:** No objection or proposal made.

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

    a) Identify the party or parties request additional time:

    **Response:** Plaintiff requests the scheduling deadlines in this case be tied to the Court's ruling on the defendant's Rule 12(b)(6) motion, filed on May 15, 2008. Defendant requests that the scheduling deadlines in this case be tied to the Court's ruling on the defendant's Rule 12(b)(6) motion and its motion to strike class allegations, to be filed on July 3, 2008

    This case is a putative class action and the parties are requesting that, in order to facilitate orderly progression of discovery, discovery in this matter be bifurcated such that the initial 120 days of discovery shall be limited to issues of class certification, while the following 140 days will be open for discovery on all pertinent matters. Both parties request that the 120 day period for class certification discovery not commence until the Court has ruled on the defendants' 12(b)(6) motion. The defendant requests that, for the same reasons and in the interest of efficiency, discovery should not commence until there is also a ruling on the defendant's motion to strike class allegations. The parties jointly request that the 140 day period for merits discovery be stayed until there is a ruling on Plaintiff's motion for class certification, if any.

    b) State the number of months the parties are requesting for discovery:

    **Response:** Approximately eight months.

    c) Identify the reason for requesting additional time for discovery:

    **Response:** An unusually large numbers of parties, an unusually large number of witnesses at distant locations.

  d) Please provide a brief statement in support of each of the reasons identified above:

  **Response:** This is a putative class action in which the plaintiff seeks to certify a nationwide class of consumers or, alternatively, a state-wide class of Wisconsin consumers.

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

  a) Identify the party or parties request such limits:

  **Response:** As indicated in response to paragraph 6 above, the parties are jointly requesting that discovery on issues concerning class certification should proceed first, and that discovery on the merits of the case should commence only if and when the Court issues an order certifying a class.

  b) State the nature of any proposed limits:

  **Response:** Please see the parties' response to 7(a) above.

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness report by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness report by a defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, which ever is later) |
| Last day to file motions | 30 days after close of discovery |

  a) Identify the party or parties requesting the modification:

  **Response:** The parties jointly request the modifications set forth in paragraph 8(b) below.

  b) State which deadline should be modified and the reason supporting the request:

  **Response:** The parties request the following deadline modifications, each only to the extent the defendant's 12(b)(6) is denied in whole or in part:

|  |  |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 90 after commencement of discovery |
| Last day for plaintiff to furnish expert reports directed to the merits | 90 days after the Court's ruling on motion for class certification, if any |
| Last day for defendant to furnish expert reports directed to the merits | 120 days after the Court's ruling on motion for class certification, if any |

9. If the case involves electronic discovery,

   a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

   **Response**: The parties have discussed issues related to the preservation of discoverable information. Defendant has placed appropriate litigation holds on, or will otherwise preserve pursuant to its normal business practices, all potentially relevant electronically stored information. The parties have agreed to work together reasonably and in good faith with respect to searching for electronically stored information, including the selection of appropriate keywords for database inquiries.

   b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

   **Response:** None.

10. If the case is known to involve claims of privilege or protection of trial preparation material,

    a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

    **Response:** The parties have agreed that the inadvertent production of privileged or confidential documents, including documents protected by the work-product or other privilege doctrines, shall not be deemed a waiver of the protections that apply to such documents or the subject matter to which they relate.

    b)     Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

**Response:** Upon written notice by a party that there has been an inadvertent production of privileged or confidential documents, the party receiving such notice will return the identified documents and all copies to the party providing notice. If the party receiving notice contests the privileged or protected status of any of the identified documents, that party will promptly notify the producing party of their challenge to the privileged or confidential designation. Within (10) days of receipt of such notification, the producing party will seek a determination from the Court as to the status of the contested document(s). The party receiving notice of the inadvertent production will keep the contested document(s) confidential pending the Court's determination.

    c)     Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

**Response:** None.

11. State any other matters the Court should include in its scheduling order:

**Response:** The parties jointly request the Court set the time for all parties to file all pretrial motions, other than motions in limine, for 30 days after the close of discovery. The parties further propose that the Court schedule the proposed pretrial order as being due 60 days after the close of discovery.

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

**Response:** None.

This 27th day of June, 2008.

                            s/Lee W. Brigham
                            Lee W. Brigham
                            Georgia State Bar. No. 081698
                            John C. Bell, Jr.
                            Georgia State Bar No. 048600
                            BELL & BRIGHAM
                            P. O. BOX 1547
                            AUGUSTA, GEORGIA 30903
                            706-722-2014

**lee@bellbrigham.com**
**john@bellbrigham.com**

Mark J. Tamblyn (*pro hac vice*)
WEXLER TORISEVA WALLACE LLP
1610 Arden Way, Suite 290
Sacramento, California 95815
916-568-1100
mjt@wtwlaw.com

Kenneth A. Wexler (*pro hac vice*)
WEXLER TORISEVA WALLACE LLP
West Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
**kaw@wtwlaw.com**

Charles M. McCallum (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
McCALLUM, HOAGLUND COOK &
    IRBY, LLP
905 Montgomery Highway, Suite 202
Vestavia Hills, Alabama 35216
205-824-7767
**cmccallum@mhcilaw.com**
**birby@mhcilaw.com**

Attorneys for Plaintiff


s/Joseph C. Weinstein
Joseph C. Weinstein (*pro hac vice*)
Philip Oliss (*pro hac vice*)
Chaundra C. King (*pro hac vice*)
Jennifer Meadows (*pro hac vice*)
SQUIRE, SANDERS & DEMPSEY L.L.P.
    4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
216-479-8500
**jweinstein@ssd.com**
**poliss@ssd.com**
**cking@ssd.com**
**jmeadows@ssd.com**

Benjamin Brewton
State Bar No. 002530
TUCKER, EVERITT, LONG, BREWTON & LANIER
P. O. Box 2426
Augusta, GA 30903
706-722-0771
bbrewton@thefirm453.com


Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **CASE NO. CV108-030** |
| ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE® ) ) ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I certify that on June 27, 2008, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system and have served all parties in accordance with the directives from the Notice of Electronic Filing which was generated as a result of this electronic filing.

/s/ Lee W. Brigham
Lee W. Brigham
Georgia State Bar No. 081698
BELL & BRIGHAM
Post Office Box 1547
Augusta, Georgia 30903
706-722-2014
lee@bellbrigham.com

Attorney for Plaintiff