FILED
U.S. DISTRICT COURT

2008 SEP -9  AM 8: 31

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, on behalf of himself and all others similarly situated, ) ) ) | |
| ) | CASE NO: CV108-030 |
| Plaintiffs, ) ) | |
| v. ) ) | |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, ) ) ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL INFORMATION

Plaintiff Michael Terrill and Defendant Electrolux Home Products, Inc. ("Electrolux"), through their attorneys, have stipulated and agreed to the entry of this Stipulated Protective Order to govern the limitation of disclosure of certain information to be produced in this litigation that contains trade secrets or other confidential research, development, or sensitive commercial information. Accordingly, the Court finds that good cause supports the entry of this Stipulated Protective Order.

IT IS HEREBY ORDERED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that the information, testimony, documents and other things, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation shall be subject to the terms and provisions of this Stipulated Protective Order as set forth below:

1. All information, testimony, documents or other things disclosed or obtained in discovery in this proceeding, by or from any party or non-party, and which is designated "Confidential Information" under the terms of this Order, shall be used solely in connection with this proceeding and any appeal therefrom, and shall not be used for any other purpose.

2. A party or producing non-party may designate as "Confidential Information" any documents, information, materials, testimony or other things disclosed or produced in this action which constitute or contain trade secrets or other confidential commercial information not generally available to the relevant public through prior publication or other lawful means. Designation as "Confidential Information" may be made in any manner reasonably calculated to give notice of an intention that such type or classification of information must be treated as confidential within the meaning of this Stipulated Protective Order, including all methods appropriate to the form in which the "Confidential Information" is disclosed in this action.

3. The parties and their counsel shall not disclose any "Confidential Information" to any other person(s) except:

   (a) the Court, including any Court exercising appellate jurisdiction with respect to this action, Court officials, employees and stenographers transcribing testimony or argument at a deposition, hearing or other proceeding in the action or at any appeal;

   (b) the parties in this action;

   (c) counsel to the parties in the action (including in-house counsel) and attorneys, clerical, paralegal, data processing, secretarial and other staff employed or retained by such counsel and actively involved in this litigation;

   (d) persons who have previously had access to the "Confidential Information" as evidenced by the material itself, in that it is either to, from or copied to such persons. "Confidential Information" may also be disclosed to such persons as discovery in this litigation establishes had prior access. No copies of "Confidential Information" shall be given to any such persons for them to retain;

   (e) any witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, and subject to the restrictions set forth in this

Stipulated Protective Order. No copies of "Confidential Information" shall be given to such persons for them to retain. Before the disclosure of "Confidential Information" to any witness in this litigation, each such witness shall first sign a "Confidentiality Declaration" in the form attached hereto, which Declaration shall be retained by counsel for the disclosing party or non-party;

    (f) experts specifically retained by any party and/or counsel in this litigation. All such expert witnesses shall be instructed not to use or disclose the "Confidential Information" or the fact that they possess "Confidential Information" to any person, except as may be necessary within such person's organization to research, test, investigate or perform tasks associated solely with this action. Before the disclosure of "Confidential Information" to any expert specifically retained by any party and/or counsel in this litigation, each such expert shall first sign a "Confidentiality Declaration" in the form attached hereto, which Declaration shall be retained by counsel for the disclosing party or non-party. At any time within 45 days of the conclusion of this action or any appeal therefrom, whether by settlement, dismissal, or final judgment, or when the time for all appeals has expired, whichever is longer, any party may request of any other party in writing a copy of any or all of the "Confidentiality Declarations" pertaining to the experts which the party to whom the request is directed has obtained pursuant to this subparagraph 3(f). The party to whom the request is directed shall provide such copies to the requesting party within 30 days of the receipt of the request; and

    (g) any other person as to whom the parties and/or the producing non-party agree in writing.

    4. Except as otherwise ordered by the Court, any person to whom a disclosure of "Confidential Information" is made by the parties shall first be given a copy of this Stipulated Protective Order. The parties agree that execution of this Stipulated Protective Order by counsel

shall constitute their agreement to its terms. Any person(s) to whom disclosure of "Confidential Information" is made agrees to be subject to this Court's jurisdiction for contempt, or any other appropriate proceedings, in the event of any alleged violation of this Stipulated Protective Order. All persons receiving "Confidential Information" are ENJOINED from disclosing it to any other person except in conformance with this Stipulated Protective Order.

5. Inadvertent production of any "Confidential Information," without it being designated as such, shall not be deemed a waiver of any subsequent claim that the information at issue is "Confidential Information" and subject to this Stipulated Protective Order. Upon written notice by a party that there has been an inadvertent production of privileged documents, the party receiving such notice will return the identified documents and all copies to the party providing notice. If the party receiving notice contests the privileged or protected status of any of the identified documents, that party will promptly notify the producing party of their challenge. Within ten (10) days of receipt of such notification, the producing party will seek a determination from the Court as to the status of the contested document(s). The party receiving notice of the inadvertent production will keep the contested document(s) confidential pending the Court's determination.

6. Nothing in this Stipulated Protective Order shall be deemed a waiver of the producing party or non-party's right to (a) oppose discovery on grounds other than the discovery sought constitutes or contains "Confidential Information," (b) seek further or other protection than that which this Stipulated Protective Order prescribes with respect to "Confidential Information," or (c) object on any ground to the admission in evidence, at any trial, hearing or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Stipulated Protective Order. Further, the agreement of the parties to this Stipulated Protective Order shall not be construed as an agreement or admission: (a) that any

4

material or document designated as "Confidential Information" is, in fact, confidential or trade secret information; (b) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential Information"; or (c) with respect to the authenticity, competency, relevance, or materiality of any document so designated.

7.  All persons in possession of "Confidential Information" shall exercise reasonable and appropriate care with respect to its storage, custody or use in order to ensure that the confidential nature of such type or classification of information is maintained as provided in this Stipulated Protective Order. If "Confidential Information" is disclosed to anyone other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party or non-party and make every effort to prevent further disclosure.

8.  Any pleading, motion or other paper or thing filed with the Court that attaches or makes reference to Confidential Information shall be accompanied by a motion to seal in accordance with Local Rule 79.7.

9.  Except as otherwise ordered by the Court, within forty-five (45) days after the conclusion of this action and any appeal therefrom, whether by settlement, dismissal, or final judgment, or when time for all appeals has expired, whichever is longer, the parties and their attorneys shall return to the producing party or its counsel all "Confidential Information" produced pursuant to this Stipulated Protective Order, and all summaries, reproductions, notes, extracts and excerpts therefrom, except for a single copy which outside counsel may retain. The parties shall further request all of their witnesses, potential witnesses and expert witnesses to return, and such persons shall be obligated to return, all "Confidential Information" produced or disclosed to them pursuant to this Stipulated Protective Order, and all notes, reproductions, summaries, extracts and excerpts prepared therefrom. Alternatively, the parties, their counsel,

witnesses, potential witnesses and expert witnesses may certify to the producing party within the same period that the "Confidential Information" in every form produced or recorded has been destroyed.

10. A party may challenge the designation of a document or other material as Confidential Information as follows:

(a) If a party believes that material designated by another as "Confidential Information" has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During a five (5) day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

(b) If neither the designation nor the objection is withdrawn during the Meet and Confer period, the challenging party shall have fourteen (14) days from the receipt of the written challenge notice to apply to the Court for an order removing the designation as "Confidential Information." In any such proceeding, the designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order unless and until the Court grants the challenging party's motion.

11. Nothing in this Stipulated Protective Order shall prevent any party from seeking by motion amendments broadening or restricting the right of access to or the use of "Confidential Information," or otherwise modifying this Stipulated Protective Order.

12. Nothing in this Stipulated Protective Order shall prevent any party from seeking by motion additional or greater protection prior to disclosure of documents or information of a highly sensitive nature and with respect to which the party believes the protections in this order are insufficient.

13. Nothing in this Order shall be construed to diminish the obligations that any party owes or may owe to another party or to a non-party pursuant to any other agreement, Order or applicable law.

14. Nothing in this Order shall prevent any party from using its own "Confidential Information" in the ordinary course of its business or for any other purpose.

15. This Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the parties filed with the Court. Without limiting the generality of the foregoing, this Order will survive and remain in full force and effect after the termination of this litigation.

IT IS SO ORDERED.

Dated: September 9, 2008

_____
Hon. W. Leon Barfield
UNITED STATES MAGISTRATE JUDGE

AGREED:

Dated: September 3, 2008

s/Mark J. Tamblyn (by consent)

Leroy Weathers Brigham
BELL & BRIGHAM
P O Box 1547
Augusta, GA 30903-1547
Tel: 706.722.2014
Fax: 706.722.7552
lee@bellbrigham.com

Mark J. Tamblyn
WEXLER TORISEVA WALLACE LLP
455 Capitol Mall, Suite 231
Sacramento, California 95814
Tel: 916.492.1100
Fax: 916.492.1124
mjt@wtwlaw.com

Charles A. McCallum, III
Brent R. Irby
McCALLUM, HOAGLUND, COOK & IRBY, LLP
905 Montgomery Hwy., Suite 201
Vestavia Hills, Alabama 35216
Tel: 205.824.7767
Fax: 205.824.7768
cmccallum@mhcilaw.com
birby@mhcilaw.com

Kenneth A. Wexler
WEXLER TORISEVA WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel: 312.346.2222
Fax: 312.346.0022
kaw@wtwlaw.com

Attorneys for Plaintiff Michael Terrill

s/Philip M. Oliss

Joseph C. Weinstein (pro hac vice)
Philip M. Oliss (pro hac vice)
Chaundra C. King (pro hac vice)
Jennifer J. Meadows (pro hac vice)
SQUIRE SANDERS & DEMPSEY, L.L.P.
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Tel.: 216.479.8500
Fax: 216.479.8780
jweinstein@ssd.com
poliss@ssd.com
cking@ssd.com
jmeadows@ssd.com

Benjamin H. Brewton
State Bar No. 002530
TUCKER, EVERITT, LONG, BREWTON & LANIER
P. O. Box 2426
Augusta, Georgia 30903
Tel: 706.722.0771
Fax: 706.722.7028
bbrewton@thefirm453.com

Attorneys for Defendant
Electrolux Home Products, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, a copy of the foregoing Stipulated Protective Order Governing Confidential Information was filed electronically through the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/Philip M. Oliss</u><br>
One of the Attorneys for Defendant

## **CONFIDENTIALITY DECLARATION**

I hereby declare that I am to receive information, designated as "Confidential Information" pursuant to the terms of the Stipulated Protective Order Governing Confidential Information entered the _____ day of _____, 2008, in the case styled *Michael Terrill v. Electrolux Home Products, Inc.*, Case No. CV108-030 pending in the United States District Court for the Southern District of Georgia. I further declare that I have read a copy of the Stipulated Protective Order Governing Confidential Information, and I agree to be bound by all terms set forth therein. I acknowledge my obligation to return or destroy all "Confidential Information" information in accordance with Paragraph 9 thereof, and I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Stipulated Protective Order Governing Confidential Information.

_____              _____
Date Signed                              Declarant's Signature


                                         _____
                                         Printed Name


                                         _____
                                         Address


                                         _____
                                         City, State, Zip Code