IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, AND DENISE PACK on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, <br><br> Defendant. | CASE NO: CV108-030 <br><br> **DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PARTIALLY STRIKE CLASS ALLEGATIONS** |

Plaintiffs seek to certify a nationwide class of all individuals who bought certain high-efficiency washing machines manufactured by defendant Electrolux Home Products, Inc. ("Electrolux") over the last four years.  Plaintiffs claim that the proposed class members are entitled to recover on a variety of theories based on the allegation that their washing machines "accumulate mold and mildew" over time.  (Am. Compl. ¶ 2.)  But plaintiffs' proposed class is patently uncertifiable because it includes buyers who never experienced the purported "mold and mildew" problem – and therefore cannot assert claims against Electrolux.  Because there is no possibility that plaintiffs' proposed class could be certified as currently defined, plaintiffs' class claims should be stricken as a matter of law.[1]

---

[1] As set forth in Electrolux's Motion To Dismiss Plaintiffs' First Amended Class Action Complaint, filed August 31, the named plaintiffs' claims fail as a matter of law because they have not properly alleged the required elements of any of their claims.  If that motion to dismiss is granted in full, the Court need not consider this motion.

## BACKGROUND

The five named plaintiffs in this case – Michael Terrill, Robert Brown, Michael Vogler, Palecia Boyd and Denise Pack – each allege that they bought a Frigidaire Front Load Washing Machine manufactured by Electrolux in the last four years.  (*See* Am. Compl. ¶¶ 1,13-17.)  All five named plaintiffs claim that they have experienced problems with their washing machines, including "mold and mildew deposits" within the machines that allegedly left stains on clothing and other materials they washed.  (*Id*. ¶¶ 13-17.)

Plaintiffs seek to represent a nationwide class of "[a]ll persons and entities in the United States who purchased, other than for resale, any of the Washing Machines during the previous four (4) years."  (*Id.* ¶ 19.)  In the alternative, plaintiffs ask the Court to certify five state-wide subclasses that include ***all*** high-efficiency washing machine purchasers within those states.  (*See id*. ¶ 20.)  Thus, the proposed class includes washing machine purchasers who do not claim that their machines have ever exhibited any of the alleged mold or mildew problems.  Because plaintiffs' proposed class is overbroad, the class allegations should be stricken.

## ARGUMENT

It is well established that class allegations should be stricken when the pleadings make clear that the "interests of the absent parties" may not be "fairly encompassed within the named plaintiff's claim."  *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982).  *See also Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481-82 (M.D. Ga. 1995) (striking class action allegations asserted on behalf of absent class members whose ability to establish entitlement to recover was different from the named plaintiff's).  This principle applies in particular where the pleadings show that the absent class members will be unable to recover on their claims.  In such a case, the class allegations should be rejected even if the named plaintiffs could prevail on their

causes of action.  *See, e.g.*, *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) (striking class allegations where, although the named plaintiff's claim was timely, the claims of absent consumers were barred by the statute of limitations); *Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (N.D. Ill. 1977) (striking class claims of named plaintiff who had stated a valid sex discrimination claim because the class included, *inter alia*, women who had not yet been discriminated against and therefore could not state a valid claim).

As noted above, the named plaintiffs in this case claim that they have experienced "mold and mildew problems with [their] Washing Machines" and, as a result, allege that they are entitled to recover damages and restitution from Electrolux.  (Am. Compl. ¶ 3.)  The proposed class members they seek to represent, however, include **all** washing machine purchasers nationwide – regardless of whether their washing machines ever exhibited the alleged defect.  (*Id.* ¶ 19.)  Because those unnamed class members whose products did not malfunction cannot state a cause of action against Electrolux as a matter of law, the class definition is overbroad.

Although the state laws applicable to plaintiffs' claims vary in a number of important respects, "[n]o injury, no tort, is an ingredient of every state's law." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1017 (7th Cir. 2002).  This fundamental principle applies to all the legal theories asserted in plaintiffs' complaint, including:  breach of express warranty, breach of implied warranty, unjust enrichment and statutory consumer fraud.  *See Briehl v. GMC*, 172 F.3d 623, 628 (8th Cir. 1999) (rejecting claims for implied warranty, express warranty and statutory consumer fraud under multiple states' laws because the plaintiffs failed to allege that the product at issue did not "perform in a satisfactory manner"); *O'Neil v. Simplicity, Inc.*, 553 F. Supp. 2d 1110, 1115 (D. Minn. 2008) (plaintiff must "allege an *actual manifestation*

3

of the defect *that results in some injury* in order to state a cognizable claim for breach of warranty, unfair trade practices, or unjust enrichment").

Consistent with this principle, court after court has rejected claims by plaintiffs involving products that "perform[] satisfactorily and never exhibit[] the alleged defect." *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997) (rejecting tort claims against manufacturer of allegedly defective car because plaintiffs' vehicles had not actually malfunctioned and "purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own") (citations omitted). *See also, e.g.*, *Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 204, 209 (Cal. Ct. App. 1997) (reversing judgment in favor of product liability plaintiffs whose product never failed because "[i]n the absence of a product malfunction, [a plaintiff] cannot establish that a defendant breached any duty owed to her") (quoting *Khan v. Shiley, Inc.*, 217 Cal. App. 3d 848, 856 (1990)); *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 854-856 (Tex. App. 2005) (affirming dismissal of warranty and fraudulent concealment claims because the plaintiffs' allegedly defective door latches never actually exhibited the defect); *Wilson v. Style Crest Prods.*, 627 S.E.2d 733, 736 (S.C. 2006) (adopting the "no injury, no tort" approach to product liability actions and affirming summary judgment on warranty claims because there was "no evidence that the anchor systems [at issue] have not, to date, been exactly what the [plaintiffs] bargained for"); *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 240 (Wis. 2004) (trial court properly dismissed fraud-based allegations by purchaser of motorcycle that never malfunctioned); *Ford Motor Co. v. Rice*, 726 So. 2d 626, 631 (Ala. 1998) (dismissing fraud claims by owners of automobiles that had never manifested the alleged defect because they experienced no injury); *Hubbard v. GMC*, No. 95 Civ. 4362, 1996 U.S. Dist. LEXIS 6974, at *10 (S.D.N.Y. May 22, 1996) (dismissing breach of

warranty and fraud claims brought by owners of vehicles allegedly susceptible to brake problems; a "Suburban that performs satisfactorily and never exhibits the alleged braking system defect is fit for the purposes intended and does not give rise to a breach of warranty claim or any other").

In *Briehl*, 172 F.3d at 628, for example, plaintiffs alleged warranty and consumer fraud claims on behalf of a purported class of car, truck, and sport utility vehicle owners under the laws of Florida, Illinois, Mississippi, Missouri, New York, and Texas. Plaintiffs claimed that the anti-lock braking system installed in their cars was defective and had a tendency to fail, but did not allege that their particular vehicles had actually exhibited the alleged defect. *Id*. at 626. The trial court dismissed plaintiffs' claims for lack of injury and, on appeal, the Eighth Circuit agreed, holding that it is "well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own." *Id*. at 628 (quoting *Weaver*, 172 F.R.D. at 99). Because the cars at issue "perform[ed] satisfactorily and never exhibit[ed] an alleged defect," the court held that "no cause of action lies," and plaintiffs' claims were properly dismissed as a matter of law. *Id.*

The same rule applies here. Plaintiffs assert claims on behalf of all purchasers of high-efficiency washing machines nationwide, including purchasers whose machines never allegedly experienced mold buildup or any other purported defect. But purchasers of high-efficiency washing machines that have at all times performed satisfactorily have not suffered an injury as a matter of law – and therefore cannot assert claims against Electrolux. For this reason, plaintiffs' proposed class definition is overbroad and should be stricken.[2]

---

[2] While the current motion only asks the Court to strike plaintiffs' class allegations with regard to purchasers whose washing machines never exhibited the alleged defect, Electrolux maintains that plaintiffs' claims are generally unfit for class certification because they involve different states' varying laws and because each proposed class member's claims turn on fact-specific questions relating to when he or she bought his or her machine, what representations he or she received from the company about the machine, how he or she cared for the machine, when

*(cont'd)*

## CONCLUSION

      For the foregoing reasons, Electrolux respectfully requests that the Court enter an order striking plaintiffs' class allegations.

      Respectfully submitted,

S/BENJAMIN H. BREWTON
STATE BAR NO. 002530
TUCKER, EVERITT, LONG,
BREWTON & LANIER
P. O. BOX 2426
AUGUSTA, GEORGIA 30903
Telephone: (706) 722-0771
Facsimile: (706) 722-7028
E-mail: bbrewton@thefirm453.com

And

SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP
John H. Beisner (*pro hac vice*)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: john.beisner@skadden.com

J. Russell Jackson (*pro hac vice*)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: russell.jackson@skadden.com

Attorneys for Defendant
Electrolux Home Products, Inc.

---

*(cont'd from previous page)*
the alleged defect presented itself, whether he or she gave Electrolux notice and a reasonable opportunity to cure the problem, and what he or she did to remedy the alleged problem.

## **CERTIFICATE OF SERVICE**

I certify that on the 28th day of September, 2009, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

S/BENJAMIN H. BREWTON
STATE BAR NO. 002530
TUCKER, EVERITT, LONG,
BREWTON & LANIER
P. O. BOX 2426
AUGUSTA, GEORGIA 30903
Telephone: (706) 722-0771
Facsimile: (706) 722-7028
E-mail:  bbrewton@thefirm453.com
