**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, and DENISE PACK, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,

Defendant.

Case No: CV-108-030

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO PARTIALLY STRIKE CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION…………………………………………………………………………..1

II. STANDARD OF REVIEW……………………………………………………………..3

III. FRIGIDAIRE'S MOTION IS PREMATURE……………………………………………..4

IV. ABSENT CLASS MEMBERS NEED NOT MEET STANDING REQUIREMENTS AND THE PROPOSED CLASS DEFINITION IS NOT OVERBROAD………………………...6

A. The Proposed Class May Be Certified Regardless of Whether Absent Class Members Have Standing To Assert Class Claims………………………………………………..7

B. The Proposed Class May Be Certified Even Where Some Class Members May Not Have Experienced The Defect……………………………………………………..8

C. Frigidaire Relies Upon Inapposite Case Law…………………………………….12

V. CONCLUSION……………………………………………………………………...13

**TABLE OF AUTHORITIES**

**Cases**

*Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) .......... 3
*Briehl v. Gen. Motors Corp.*, 172 F.3d 623 .......... 13
*CG v. Commonwealth of Pennsylvania*, No. 1:06-CV-1523, 2009 U.S. Dist. LEXIS 90028, at *8-*9 (E.D. Pa. Sept. 29, 2009) .......... 7
*Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006) .......... 4
*Cuesta v. Ford Motor Co.*, 209 P.3d 278, 286 (Okla. 2009) .......... 12
*Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) .......... 8, 11
*Donovan v. Lynn's Food Stores, Inc.*, No. CV181-169, 1981 U.S. Dist. LEXIS 17373, at *2 (S.D. Ga. Oct. 8, 1981) .......... 3, 4
*Eckles v. Atlanta Tech. Group*, 485 S.E.2d 22, 24 (Ga. 1997) .......... 11
*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) .......... 6
*Elliot v. ITT Corp.*, 150 F.R.D. 569, 575 (N.D. Ill. 1992) .......... 12
*Faktor v. Lifestyle Lift*, No. 1:09-cv-511, 2009 U.S. Dist. LEXIS 47978, at *2 (N.D. Ohio June 3, 2009) .......... 5
*Fournigault v. Independence One Mortgage Corp.*, 234 F.R.D. 641, 644 (N.D. Ill. 2006) .......... 6
*Future Prof'ls v. Darby*, 470 S.E.2d 644, 646 (Ga. 1996) .......... 11
*Hibbs-Rines v. Seagate Techs.*, No. No. C 08-05430 SI, 2009 U.S. Dist. LEXIS 19283, at *8 (N.D. Cal. Mar.2, 2009) .......... 4, 5
*In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, MDL No. 3:02-md-1457, 2008 U.S. Dist. LEXIS 107132, at *34 (M.D. Tenn. Nov. 14, 2008) .......... 5
*In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 141 (C.D. Cal. 2007) .......... 12
*In re Saturn L-Series Timing Chain Prods. Liab. Litig.*, MDL No. 1920, 8:07cv298 & 8:08cv79, 2008 U.S. Dist. LEXIS 109978, at *72, *74-*75 (D. Neb. Nov. 7, 2008) .......... 5
*In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) .......... 5
*Johnson v. Jaguar Cars, Inc.*, No. 1:05-CV-3161-RLV, 2006 U.S. Dist. LEXIS 41166, at *12 n.3 (N.D. Ga. June 6, 2006) .......... 8
*Korman v. Walking Co.*, 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007) .......... 3
*Manhattan Constr. Co. v. McArthur Elec., Inc.*, No. 1:06-cv-1512-WSD, 2007 U.S. Dist. LEXIS 6395, at *18 (N.D. Ga. Jan. 30, 2007) .......... 3
*Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D. Ill. 1977) .......... 12
*Moore-Davis Motors v. Joyner*, 556 S.E.2d 137, 140 (Ga. Ct. App. 2001) .......... 11
*Mount v. LaSalle Bank Lake View*, No. 92 C 5645, 1994 U.S. Dist. LEXIS 4027, at *15-*16 (N.D. Ill. Apr. 1, 1994) .......... 6
*OKC Corp. v. Williams*, 461 F. Supp. 540 (N.D. Texas 1978) .......... 3
*Quitto v. Bay Colony Golf Club, Inc.*, No. 2:06-cv-286-FtM-29DNF, 2006 U.S. Dist. LEXIS 93959, at *2 (M.D. Fla. Dec. 29, 2006) .......... 3
*Saltzman v. Pella Corp.*, 257 F.R.D. 471, 476-77 (N.D. Ill. 2009) .......... 6
*Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205 (C.D. Cal. 2008) .......... 12
*Sinclair v. United Healthcare of Georgia*, No. 1:96-cv-3412-GET, 1997 U.S. Dist. LEXIS 23696, at *3-*4 (N.D. Ga. May 5, 1997) .......... 7
*Sturdevant v. Deer*, 73 F.R.D. 375, 378 (E.D. Wis. 1976) .......... 12
*Thorpe v. Abbott Labs, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) .......... 5
*TK-Taito, LLC*, 178 S.W.3d 844, 852 (Tex. App. 2005) .......... 13

*Vinson v. P&G Mfg. Co.*, No. CV 108-003, 2008 U.S. Dist. LEXIS 91559, at *9-*10 (S.D. Ga. Nov. 12, 2008) ........ 7
*Willis Mining, Inc. v. Noggle*, 509 S.E.2d 731 (Ga. Ct. App. 1998) ........ 8
*Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 404 (1997) ........ 13

**Statutes**

Ga. Code Ann. § 10-1-373 ........ 11

**Other Authorities**

ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 2:7, at 88 (4th ed. 2002) ........ 7

**Rules**

Federal Rule of Civil Procedure 12(f) ........ 3
Federal Rule of Civil Procedure 23(d)(1)(D) ........ 3

## I. INTRODUCTION

Only days after Electrolux Home Products, Inc. (hereinafter, "Frigidaire" or "Defendant") filed its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Motion to Dismiss"), Frigidaire, taking a page from strategies pursued by previous defense counsel, is again attempting to entice this Court into a premature and unnecessary examination of class certification issues. Providing Frigidaire with a forum to challenge class certification at this early stage and on the bases asserted in its Motion to Partially Strike Class Allegations ("Motion") would be procedurally inappropriate. Indeed, Frigidaire's Motion to Strike is nothing more than an opposition to a motion for class certification in disguise, if not an attempt to preempt Plaintiffs' class certification motion altogether.

Simply put, Frigidaire contends that Plaintiffs' class claims should be stricken because, it speculates, that some class members have not experienced mold and mildew problems. Such reasoning has been soundly rejected by numerous courts and, if followed, would altogether preclude consumers from bringing class actions based on latent defects. Unlike the litany of cases relied upon by Frigidaire, each of the named Plaintiffs have alleged that they experienced manifestations of the Washing Machines' underlying design defect. As a result, even were it necessary for such defects to manifest to be able to maintain the causes of action asserted by Plaintiffs, this Court must analyze whether the proposed class may be maintained pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), not whether absent class members have asserted viable claims.

The allegations asserted by Plaintiffs on behalf of the putative class relate to a common design defect inherent in particular models of Frigidaire's front-loading Washing Machines. Despite Frigidaire's contention that the proposed class definition is overbroad and expansive, the class definition includes washing machine model numbers BTF2140E, BLTF2940E, FTF2140E,

FWFB9100E, FWFB9200E, GLTF2940E, LTF2140E and LTF2940E ("Washing Machines" or "Machines"). (First Amended Class Action Complaint ("FAC") ¶ 1.) These model numbers represent the universe of Washing Machines that Frigidaire itself identified as having a common problem, a common cause of the problem and to which Frigidaire proposes a common solution. (FAC, Ex. A.) Furthermore, the common design defect, manifestations of the design defect and solution to the design defect have been summarized by Frigidaire itself, in its Service Flash LN073. (*Id.*)

Plaintiffs' First Amended Complaint also alleges that named Plaintiffs and absent class members were subject to the same warranty and Frigidaire's representations and advertisements concerning the abilities and qualities of its water, as well as its omissions concerning latent design defects, were also common across its Washing Machines. Claims asserted by the named Plaintiffs and class members relate to a common defect, Frigidaire's failure to repair or replace its defective Washing Machines and damages in the form of, in part, diminished Washing Machine values. As a result, the proposed class may be certified regardless of whether some class members have not experienced the latent design defect.

Frigidaire has failed to properly state, analyze and meet the applicable standards required for striking Plaintiffs' class allegations and its Motion is in any event premature. It is attempting to conflate standing and requirements for certifying a class under Federal Rule of Civil Procedure 23. Moreover, absent class members need not allege manifest defects for the proposed class to be certified and the authorities relied upon by Frigidaire are inapplicable at this posture.

For these reasons, as explained below, Frigidaire's Motion should be denied.

## II. STANDARD OF REVIEW

Frigidaire's Motion is governed by Federal Rule of Civil Procedure 12(f) ("Rule 12(f)").[1] Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). Motions to strike are generally disfavored and constitute an inefficient use of judicial and litigant resources. *See, e.g.*, *Donovan v. Lynn's Food Stores, Inc.*, No. CV181-169, 1981 U.S. Dist. LEXIS 17373, at *2 (S.D. Ga. Oct. 8, 1981) ("Motions to strike are not favored in the law . . . .") (citing *OKC Corp. v. Williams*, 461 F. Supp. 540 (N.D. Texas 1978)); *Manhattan Constr. Co. v. McArthur Elec., Inc.*, No. 1:06-cv-1512-WSD, 2007 U.S. Dist. LEXIS 6395, at *18 (N.D. Ga. Jan. 30, 2007) ("'Rule 12(f) motions . . . are not favored, often being considered purely cosmetic or time wasters'") (quotation omitted); *see also Quitto v. Bay Colony Golf Club, Inc.*, No. 2:06-cv-286-FtM-29DNF, 2006 U.S. Dist. LEXIS 93959, at *2 (M.D. Fla. Dec. 29, 2006) ("'[I]t is well established that the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice.'") (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).

In addition, this Court has held that a party must demonstrate that it would be harmful or prejudicial to retain the allegations sought to be stricken and that the motion to strike was "clearly warranted." For example, in *Donovan*, defendant moved to strike class allegations that predated the

[1] Although it is not clear from the Motion, Frigidaire may also be proceeding under Federal Rule of Civil Procedure 23(d)(1)(D) ("Rule 23(d)(1)(D)"). Rule 23(d)(1)(D) allows the court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Rule 23(d)(1)(D). However, as described more fully below, motions to strike under Rule 23(d)(1)(D), like those under Rule 12(f), are premature when brought prior to class certification. *See, e.g.*, *Faktor v. Lifestyle Lift*, No. 1:09-cv-511, 2009 U.S. Dist. LEXIS 47978, at *2 (N.D. Ohio June 3, 2009) (holding that defendant's motion to strike under Rule 23(d)(1)(D) was premature, "[b]ecause this Court has not yet adjudicated class certification, . . . ."); *see also Korman v. Walking Co.*, 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007) (Rule 23(d) "is the procedural mechanism for striking class allegations from the complaint *once the Court determines that maintenance of the action as a class is inappropriate.*") (emphasis in the original).

applicable statute of limitations. *Donovan*, 1981 U.S. Dist. LEXIS 17373, at *1-*2. The Court found that, while it was possible that a claim for monetary relief could not be maintained beyond the statute of limitation, plaintiff also sought an injunction to prevent defendants from committing future violations. *Id.* at *2. The Court held that "it would be premature, at this point, to rule these events irrelevant to the decision granting or denying the injunction sought by the plaintiff. Furthermore, defendants fail to show that the retention of the impugned allegations will harm or prejudice their case." *Id.* *Donovan* further held that motions to strike "will not be granted unless clearly warranted. . . ." *Id.* (citation omitted).

Frigidaire not only has failed to state that Plaintiffs' class allegations were redundant, immaterial, impertinent, or scandalous matters under Rule 12(f), but cannot demonstrate that its Motion is clearly warranted or that it would be harmed or prejudiced by the retention of the alleged class claims. As a result, Frigidaire's Motion should be denied.

## III. FRIGIDAIRE'S MOTION IS PREMATURE

Frigidaire has also brought its Motion prematurely. Frigidaire's Motion was filed before the close of discovery and before the filing of Plaintiffs' motion for class certification. Indeed, Frigidaire's Motion is at once a preliminary opposition to a Plaintiffs' impending class certification motion – which will be filed in a matter of weeks – and an effort to preempt class certification altogether. Numerous courts have denied a defendant's motion to strike class allegations when brought prior to the close of discovery and before plaintiffs have moved for class certification. *See, e.g., Hibbs-Rines v. Seagate Techs.*, No. No. C 08-05430 SI, 2009 U.S. Dist. LEXIS 19283, at *8 (N.D. Cal. Mar.2, 2009) (denying defendant's motion to strike class allegations based on plaintiff's proposed class definition where plaintiff had not yet filed a motion for class certification); *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006) ("Defendant also

moves to strike Plaintiff's class allegations, . . . Plaintiff . . . in an opposition that reads like a motion for class certification, argues that her class allegations meet the standard set forth in [Rule 23]. Both parties are getting ahead of themselves."); *In re Saturn L-Series Timing Chain Prods. Liab. Litig.*, MDL No. 1920, 8:07cv298 & 8:08cv79, 2008 U.S. Dist. LEXIS 109978, at *72, *74-*75 (D. Neb. Nov. 7, 2008) (denying defendant's motion to dismiss class definition that purportedly included individuals with no valid claim and holding that "[s]triking a Plaintiff's class action allegations prior to discovery and the class certification stage is a rare remedy.") (citations omitted); *In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, MDL No. 3:02-md-1457, 2008 U.S. Dist. LEXIS 107132, at *34 (M.D. Tenn. Nov. 14, 2008) (defendant's motion to strike class allegations "represents a premature attempt to undermine the class certification process outlined in Rule 23 by denying the plaintiff a chance to conduct discovery and mold her class allegations to what discovery reveals.").

Indeed, courts have firmly held that class certification must be determined only after "rigorous analysis" and have refused to allow a defendant to use a motion to strike as "a substitute for class determination . . . ." *Faktor*, 2009 U.S. Dist. LEXIS 47978, at *6 (quotation omitted); *see also Hibbs-Rines*, 2009 U.S. Dist. LEXIS 19283, at *7 ("[M]otions to strike class allegations 'are disfavored because a motion for class certification is a more appropriate vehicle' for arguments about class propriety.") (quoting *Thorpe v. Abbott Labs, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (denying motion to strike class allegations based on plaintiffs' class definition and holding that "[g]enerally, courts review class allegations through a motion for class certification.") (citation omitted).

Although parties have conducted discovery since Frigidaire's previous motion to strike, this Motion suffers from the same problem. With this Motion, Frigidaire again asks the Court to strike

class allegations before Plaintiffs have had an opportunity to present evidence and discovery in support of their class claims under the regime dictated by Rule 23. This Court should reject Frigidaire's efforts to undercut this process and to minimize the Court's role in conducting a Rule 23 analysis at the certification stage.

Moreover, Defendant's effort here would be premature even at the class certification stage. Courts have found that challenges relating to the scope of the class definition implicate issues that go to the merits of the case and not to class certification. *See, e.g.*, *Mount v. LaSalle Bank Lake View*, No. 92 C 5645, 1994 U.S. Dist. LEXIS 4027, at *15-*16 (N.D. Ill. Apr. 1, 1994) (the court "does not address the merits of the case" after defendant challenged the class definition as overbroad because it included class members who allegedly did not have a claim against defendant) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)); *see also Saltzman v. Pella Corp.*, 257 F.R.D. 471, 476-77 (N.D. Ill. 2009) ("'[I]nvestigating whether or not certain prospective class members will fit th[e class definition] criteria'" and "whether class members will ultimately be able to prove their damages goes to the merits of the case and not to class certification.") (quoting *Fournigault v. Independence One Mortgage Corp.*, 234 F.R.D. 641, 644 (N.D. Ill. 2006)).

## IV. ABSENT CLASS MEMBERS NEED NOT MEET STANDING REQUIREMENTS AND THE PROPOSED CLASS DEFINITION IS NOT OVERBROAD

Frigidaire argues that Plaintiffs' proposed class is uncertifiable and should be stricken because, it speculates, some putative class members never experienced mold and mildew problems with their Washing Machines.[2] (Mot. at 1.) However, Frigidaire conflates standing and the requirements for certifying a class under Rule 23. Furthermore, it is unnecessary for each absent

[2] Frigidaire indicates in a footnote that it will contest class certification based on differences in state law and "because each proposed class member's claims turn on fact-specific questions . . . ." (Mot. at 5 n.2.) Indeed, Plaintiffs will extensively argue that the proposed class meets each of the requirements under Rule 23 in its motion for class certification. However, Frigidaire also clarifies that this Motion is limited to the sustainability of class allegations based on the scope of Plaintiffs' proposed class definition. (*Id.*)

class member to demonstrate injury or that they each experienced the alleged defect for Rule 23 to be satisfied. Frigidaire has also failed to demonstrate that Plaintiffs will be unable to certify the proposed class, with heavy reliance on inapposite authorities.

### A. The Proposed Class May Be Certified Regardless of Whether Absent Class Members Have Standing To Assert Class Claims

Frigidaire's assertion that the class cannot be certified is based on its own speculation that some absent class members may not possess viable claims. Yet, this argument simply implicates the issue of standing. Defendant confuses the requirements for Rule 23 certification and the relevant standing requirements necessary for prosecuting a class action.

Courts have repeatedly stated that the standing inquiry in a class action lawsuit is limited to the *named plaintiffs* and that a class may be maintained even where individual class members do not have standing to bring an action on their own behalf. *See, e.g.*, *Vinson v. P&G Mfg. Co.*, No. CV 108-003, 2008 U.S. Dist. LEXIS 91559, at *9-*10 (S.D. Ga. Nov. 12, 2008) ("In determining whether to certify the class that Plaintiffs propose, the Court must not focus on the standing of unnamed class members . . . the Court must focus on the named plaintiffs. Whether the unnamed class members have standing is irrelevant.") (citation omitted); *Sinclair v. United Healthcare of Georgia*, No. 1:96-cv-3412-GET, 1997 U.S. Dist. LEXIS 23696, at *3-*4 (N.D. Ga. May 5, 1997) (analyzing whether named plaintiffs had standing to assert claims on behalf of putative class members and distinguishing standing from class certification questions under Rule 23); *CG v. Commonwealth of Pennsylvania*, No. 1:06-CV-1523, 2009 U.S. Dist. LEXIS 90028, at *8-*9 (E.D. Pa. Sept. 29, 2009) ("While the named Plaintiffs must have standing to assert their claims before the Court, only the requirements of *Rule 23* need be established as to unnamed class members.") (emphasis in the original); ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 2:7, at 88 (4th ed. 2002) ("These passive members need not make any individual showing of standing,

because the standing issue focuses on whether the plaintiff is properly before the court. Whether or not the named plaintiff . . . may assert the rights of absent class members is [not] a standing issue . . . but depends rather on meeting the prerequisites of Rule 23 governing class actions.").

As a result, Frigidaire cannot argue that unnamed class members lack individual standing to assert class claims against Frigidaire despite not experiencing mold and mildew problems. Such an inquiry is irrelevant and apart from class certification issues that are squarely reserved for analysis under Rule 23.

### B. The Proposed Class May Be Certified Even Where Some Class Members May Not Have Experienced The Defect

Without reference to a single Rule 23 requirement, Frigidaire boldly asserts that Plaintiffs' proposed class is uncertifiable because some absent class members have not experienced mold and mildew problems. At the appropriate stage of this case, Plaintiffs will demonstrate that it is not necessary for all absent class members to have experienced such problems for certification to be proper. Rule 23 requirements may be satisfied where absent class members' products did not exhibit the alleged defect and where absent class members were not injured or aggrieved. To be sure, Frigidaire's proposition would effectively eviscerate class actions where common facts and claims were based on undiscovered latent defects. *See, e.g.*, *Johnson v. Jaguar Cars, Inc.*, No. 1:05-CV-3161-RLV, 2006 U.S. Dist. LEXIS 41166, at *12 n.3 (N.D. Ga. June 6, 2006) (denying defendant's motion to dismiss plaintiff's implied warranty of merchantability claim where plaintiff had not discovered the defect for an extended period of time and holding that "[a]ccording to Georgia law, undisclosed latent defects are the very evil that the implied warranty of merchantability was designed to remedy.") (citing *Willis Mining, Inc. v. Noggle*, 509 S.E.2d 731 (Ga. Ct. App. 1998)).

In *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006), plaintiff brought a class action on behalf of all Ohio owners or lessees of a particular model minivan, equipped with an allegedly

defective accelerator. *Id.* at 550-51. She alleged that the accelerator stuck in place and that she would have to stomp on the accelerator to release it. *Id.* at 550. Plaintiff also alleged that the minivan was subject to a warranty, requiring repair, replacement of "all parts . . . that are defective in factory-supplied materials or workmanship.'" *Id.* at 551. The district court certified the warranty claim and defendant appealed, contending the class was overbroad and was comprised of class members who could not recover because the accelerator defect "never manifested itself." *Id.* at 551-52.

The Sixth Circuit held that the district court did not abuse its discretion, observing that the "question of whether the [accelerator] is defective is common to all owners because they all have the same [accelerator] and warranty [promising to repair the common minivan defect]." *Id.* (citation omitted). The Court also held that typicality was met, because the defendant breached its warranty by providing defectively designed minivans and that such defects reduced the value of the minivans. *Id.* The Court explicitly stated that "[t]he mere fact that Daffin's [accelerator] stuck, while other class members' [accelerators] have not stuck, does not render Daffin atypical." *Id.* at 553. The Court observed such an argument disregards that plaintiff's and other class members' claims arose from the same practice (delivering a non-conforming Minivan), the same defect and were based on the same legal theory. *Id.* Finally, the Court held that plaintiff would adequately protect the interests of the class because her and other class members' minivans had the same defect and she and class members asserted the same claim for the minivan's reduced value. *Id.* at 554.

Similarly, each of the named Plaintiffs and every class member in this case are asserting claims based on their purchase of Washing Machines with identical design defects to the inner wash basket and gasket. (FAC ¶¶ 2, 6.) Frigidaire has admitted to the existence of this common defect, has explained that this common defect may cause mold formation and has proposed a common

solution to address these problems. These class-wide issues are memorialized in Frigidaire's Service Flash LN073 ("Service Flash") (FAC, Ex. A.)

Frigidaire plainly recognizes the common problem experienced by each named Plaintiff and all class members. Its Service Flash states that "[w]hen the door is open at the end of the cycle, a small amount of water is noticed in the convolutions of the boot at the six o'clock position." (FAC, Ex. A.) The Service Flash also admits that the design of the Washing Machine boot may cause mold or biofilm to form and that the "likelihood of a biofilm formation has been reduced in newer washing machine models. (*Id.*) In addition, Frigidaire's Service Flash describes the common solution to the common design defect – "[a] new boot style that does not have convolutions . . . ." (*Id.*) The Washing Machine models covered by Frigidaire's Service Flash are included in the proposed class definition. "Washing Machines" refers to models BTF2140E, BLTF2940E, FTF2140E, FWFB9100E, FWFB9200E, GLTF2940E, LTF2140E and LTF2940E. (FAC at ¶¶ 1, 19 and Ex. A.)

Moreover, the named Plaintiffs and class members were all subject to identical warranty provisions in Frigidaire's Tumble Action Washer Warranty. The warranty states that, within the first year after purchase, Frigidaire will pay for "[l]abor and replacement parts which prove to be defective in materials or workmanship." ([Dkt. No. 80, Ex. A].) Between the second and twenty-fifth year after purchase, "[r]eplacement part for an inner wash basket that breaks due to a defect in materials and workmanship." *Id*. Frigidaire's representations and advertisements concerning the abilities and qualities of its water, as well as its omissions concerning latent design defects, were also common across its Washing Machines. (*See, e.g.*, FAC ¶¶ 1, 2, 4-6, 8-9, 23, 30, 33, 39, 40, 42.)

Furthermore, each of the named Plaintiffs and class members assert that, despite being aware of these common defects and resulting problems, Frigidaire failed to repair or replace the defective gaskets and/or Washing Machines. Such defects also caused Plaintiffs and other class

members to "overpa[y] for the Machines because the value of the Machines was diminished at the time they were sold to consumers." (FAC at ¶ 6.)

As in *Daffin*, claims asserted by each of the named Plaintiffs and class members here arise out of the same defect, breach, and diminution in Washing Machine value. Plaintiffs and class members also assert that common issues predominate over individual questions, including whether the Washing Machines are defective, whether Plaintiffs and members of the Class are entitled to recover damages and whether Frigidaire breached its warranties. (FAC at ¶ 23).

It is also noteworthy that under Georgia law – which Plaintiffs argue governs this case – economic damages need not be shown under the state Uniform Deceptive Trade Practices Act ("UDTPA"), Ga. Code Ann. § 10-1-373. *See, e.g.*, *Future Prof'ls v. Darby*, 470 S.E.2d 644, 646 (Ga. 1996) (holding that a party alleging a violation of the UDTPA may obtain injunctive relief without proving monetary damages); *Eckles v. Atlanta Tech. Group*, 485 S.E.2d 22, 24 (Ga. 1997) (plaintiff was not required to show that he suffered monetary damage); *Moore-Davis Motors v. Joyner*, 556 S.E.2d 137, 140 (Ga. Ct. App. 2001) (indicating that only injunctive relief is available under the UDTPA and that plaintiff need only show that he is "'[a] person *likely* to be damaged . . . .'") (quoting Ga. Code Ann. § 10-1-373(a)) (emphasis added). Plaintiffs have asserted a claim under Georgia's UDTPA. (FAC ¶¶ 46-49.) Accordingly, Plaintiffs' UDTPA claim may be maintained even where absent class members did not experience economic damages as a result of mold and mildew problems.

Again, the proposed class is not "patently uncertifiable" (Mot. at 1) simply because some class members have not experienced mold and mildew problems. Rule 23 elements such as commonality, typicality, adequacy and predominance requirements may be readily satisfied regardless of whether all class members' Washing Machines have manifested the alleged defects.

Numerous decisions in other courts have also held that a class may be certified despite including class members who have not been injured. *See*, *e.g.*, *Cuesta v. Ford Motor Co.*, 209 P.3d 278, 286 (Okla. 2009) ("Manifestation of the defect is not required for certification.") (citations omitted); *see also Elliot v. ITT Corp.*, 150 F.R.D. 569, 575 (N.D. Ill. 1992) (holding that a class may be certified even if the class definition includes members "who have not been injured or do not wish to pursue claims against the defendant.") (citations omitted); *Sturdevant v. Deer*, 73 F.R.D. 375, 378 (E.D. Wis. 1976) (same); *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 141 (C.D. Cal. 2007) (holding that class certification was not precluded because some class members suffered no injury).

**C. Frigidaire Relies Upon Inapposite Case Law**

Frigidaire's arguments hinge on inapposite authorities, where the proposed class definition was overbroad on its face and on a mix of class and non-class action cases that in no way implicate the allegations underlying this action. Such precedent has no bearing on the viability of Plaintiffs' proposed class definition.

Frigidaire cites *Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D. Ill. 1977) and *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205 (C.D. Cal. 2008) to argue that class allegations should be stricken if "absent class members will be unable to recover on their claims . . . even if the named plaintiffs could prevail on their causes of action." (Mot. at 1-2.) However, in *Miller*, the Court held that the proposed class definition was overbroad because it covered a virtually limitless time period, stretching back eleven (11) years more than was permissible and included "all *future* women employed by Motorola." *Miller*, 76 F.R.D. at 518 (emphasis in the original). In *Shabaz*, Plaintiff's class definition was overbroad because it included class members who suffered injury beyond the applicable statute of limitations. *Shabaz*, 586 F. Supp. 2d at 1210-11.

The class definition proposed in this action does not suffer from the inherent flaws described above.

Furthermore, Frigidaire has cited a host of class and non-class cases where *individual or named plaintiffs* have failed to allege a cognizable injury because the product defect never manifested. *None* of these cases analyze whether class claims were certifiable under Rule 23 where the *named plaintiff experienced the defect*. For example, *TK-Taito, LLC*, 178 S.W.3d 844, 852 (Tex. App. 2005) (Mot. at 4) analyzes whether the *named plaintiff* has *standing* to assert various claims for an unmanifested defect. In addition, *Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 404 (1997) is not even a class action lawsuit. Furthermore, *Briehl v. Gen. Motors Corp.*, 172 F.3d 623 held that *named plaintiffs* failed to allege manifest defects but never discussed whether unnamed class members experienced such defects and whether the proposed class could be certified. *Id.* at 628. As a result, these cases are in no way instructive on the issues currently before the Court.

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Partially Strike Class Allegations.

Date: October 16, 2009

/s/ R. Brent Irby
R. Brent Irby (State Bar No. 224232)

OF COUNSEL:
Charles A. McCallum, III
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com
cmccallum@mhcilaw.com

Lee W. Brigham
BELL & BRIGHAM
457 Greene Street
Augusta, Georgia 30903
Telephone: (706) 722-2014
Facsimile: (706) 722-7552
Email: lee@bellbrigham.com

Mark J. Tamblyn *(pro hac vice)*
Ian J. Barlow *(pro hac vice)*
WEXLER WALLACE LLP
455 Capitol Mall Suite 231
Sacramento, California 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124
Email: mjt@wexlerwallace.com
ijb@wexlerwallace.com

Kenneth A. Wexler *(pro hac vice)*
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
Email: kaw@wexlerwallace.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin H. Brewton
TUCKER, EVERITT, LONG, BREWTON & LANIER
Post Office Box 2426
Augusta, Georgia 30903
Telephone: (706)722-0771
Facsimile: (706)722-7028
Email: bbrewton@thefirm453.com

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202)371-7000
Facsimile: (202)393-5760
Email: john.beisner@skadden.com

J. Russell Jackson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
Telephone: (212)735-3000
Facsimile: (212)735-2000
Email: Russell.jackson@skadden.com

/s/ R. Brent Irby
R. Brent Irby (State Bar No. 224232)
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com