IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, AND DENISE PACK on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO:  CV108-030 |

**DEFENDANT'S REPLY IN SUPPORT OF**
**<u>MOTION TO PARTIALLY STRIKE CLASS ALLEGATIONS</u>**

In their opposition to defendant Electrolux Home Products, Inc.'s ("Electrolux's") motion to strike, plaintiffs do not dispute that their proposed class includes washing machine buyers who never experienced the alleged "mold and mildew" problem at issue in this suit and thus cannot allege any cognizable injury.  Instead, plaintiffs argue that defendant's motion should be denied because it "goes to the merits of the case and not certification." (Pls.' Opp'n at 6.)  Plaintiffs are wrong for two reasons.  ***First***, it is never too early to determine if a claimant can prove the required elements of his or her claims based on the pleadings alone.  That is the very purpose of Federal Rule of Civil Procedure 12, and nothing about the status of absent putative class members compels a different approach.  Where absent class members are unable, as a matter of law, to recover on their claims because they lack any alleged injury, their claims should not proceed past the pleading stage.  ***Second***, even if it were inappropriate to strike the absent class

1

members' allegations on the ground that they have no merit, defendant's motion to strike would still be well founded because: (1) plaintiffs' proposed class definition is impermissibly overbroad; and (2) plaintiffs cannot satisfy Rule 23's typicality requirement with respect to absent class members who do not claim that their washing machines have malfunctioned.

For these reasons, as explained further below, plaintiffs' arguments are unavailing, and defendant's motion should be granted.

## ARGUMENT

I. **PLAINTIFFS CANNOT REFUTE THAT UNINJURED PUTATIVE CLASS MEMBERS HAVE NO BASIS TO PROCEED WITH CLAIMS AGAINST ELECTROLUX.**

*First,* plaintiffs are wrong in suggesting that the Court is somehow barred from considering the merits of the absent putative class members' claims at this stage of the litigation.

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes striking parts of the prayer for relief when the relief sought is "not recoverable as a matter of law." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008). Here, plaintiffs' class allegations on behalf of individuals who have never experienced a problem with their washers should be stricken as failing to state a plausible claim for relief.

As explained in Electrolux's opening brief, all of plaintiffs' claims require proof that the product they purchased actually exhibited some defect. (*See* Mot. to Strike at 3-4 (collecting cases).) Nevertheless, plaintiffs seek to represent a class of all purchasers of certain washing machines, including individuals whose machines *have never malfunctioned in any way*. (Compl. ¶ 9.) Based on the pleadings alone, it is obvious that these proposed class members cannot allege a viable injury. *See, e.g.*, *Briehl v. GMC*, 172 F.3d 623, 628 (8th Cir. 1999) (dismissing claims alleged on behalf of owners of purported class of car, truck, and sport utility

2

vehicles who claimed that the anti-lock braking system had a tendency to fail because it is "well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own"). Because absent class members who do not allege washing machine malfunctions cannot state a "claim to relief that is plausible on its face," the causes of action plaintiffs have alleged on their behalf should be stricken. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In their opposition, plaintiffs assert that the proposed class members' lack of injury affects only their "standing" to bring a claim – and then go on to cite a line of cases in support of the proposition that absent class members need not establish Article III standing. (Pls.' Opp'n at 7.) But these cases are irrelevant. Electrolux is not challenging the claims of the proposed class members based on Article III standing. Rather, the basis for Electrolux's motion is that the proposed class members will never be able to prevail on the merits of their claims as a matter of law. Under such circumstances, courts have held that striking the absent class members' legally deficient claims is the appropriate course of action. *See Shabaz*, 86 F. Supp. 2d at 1211.

In *Shabaz*, for example, plaintiffs sought to certify a class of individuals who had purchased items from retailer Polo Ralph Lauren using credit cards and had been asked for their phone numbers in violation of California law. *Id*. at 1207. Plaintiffs' class definition included all individuals who made purchases within three years of the filing of the complaint. The defendant moved to partially strike the class definition because the statute of limitations applicable to plaintiffs' claims was only one year. *Id*. at 1211. The court granted the motion on the ground that proposed class members who had made purchases over a year before the complaint was filed could not state valid claims as a matter of law. *Id. See also Miller v.*

3

*Motorola, Inc.*, 76 F.R.D. 516, 518 (N.D. Ill. 1977) (striking class claims alleged by a named plaintiff who had stated a valid sex discrimination claim because, *inter alia*, the proposed class included women who had not yet been victims of discrimination).

Plaintiffs argue that *Shabaz* is inapposite because the absent class members' claims there failed on statute of limitations grounds rather than lack of a cognizable injury. (Pls.' Opp'n at 12.) Similarly, they claim that *Miller* does not apply because the proposed class there "covered a virtually limitless time period." (*Id.*) But these distinctions are irrelevant. Both *Shabaz* and *Miller* make clear that where it is evident from the pleadings alone that a portion of the proposed class will be unable to prove their claims as a matter of law – for whatever reason – those individuals should be stricken from the class complaint.

This case is no different. Plaintiffs do not dispute that a portion of the proposed class has never experienced any actual problems with their washing machines. Nor can plaintiffs credibly argue that these absent class members can prevail on any of their claims absent a showing of such injury.[1] Because plaintiffs cannot assert valid claims on behalf of proposed class members whose washers work as intended, the Court should dispose of these claims as a matter of law. *See Iqbal*, 129 S. Ct. at 1952 (where the "complaint does not contain any factual allegation sufficient to plausibly suggest" that plaintiffs can establish the required elements of their claims,

---

[1]  Plaintiffs argue that they can obtain injunctive relief under the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") without proof of "damages" as long as they can show that the proposed members are "likely to be damaged" in the future. (Pls.' Opp'n at 11.) But plaintiffs here are not seeking "injunctive" relief to prevent future harm – they have already purchased their washing machines and have no claim that Electrolux is likely to act in a way that injures them in the future. As a result, they do not have a valid claim for injunctive relief. *See Catrett v. Landmark Dodge*, 253 Ga. App. 639, 644 (Ga. Ct. App. 2002) (affirming summary judgment for car seller on GUDTPA claims alleged by car purchaser; while plaintiff "contends that [defendant's] misrepresentation injured him" and seeks an injunction, "he has not presented any evidence – or even alleged – that he 'is likely to be damaged' by these trade practices in the future"). Moreover, as set forth in detail in Electrolux's Motion To Dismiss, the law of each washing machine purchaser's home state governs his or her claims under Georgia choice-of-law rules. (*See* Mot. to Dismiss at 9-11, Sept. 28, 2009.) Thus, only plaintiffs – and proposed class members – residing in Georgia can bring claims under the GUDTPA.

those claims fail). For this reason alone, plaintiffs' arguments fail, and the Court should grant Electrolux's motion.

## II. PLAINTIFFS CANNOT REFUTE THAT THEIR PROPOSED CLASS IS OVERBROAD AND THAT THEY CANNOT SATISFY RULE 23'S TYPICALITY REQUIREMENT AS TO UNINJURED CLASS MEMBERS.

Even if plaintiffs were correct that the Court should not evaluate the merits of the proposed class members' claims at the pleading stage, plaintiffs' class claims on behalf of uninjured washing machine purchasers should still be stricken because they do not satisfy the requirements for class certification.

Plaintiffs argue that Electrolux's effort to strike their class claims is an "opposition to [a] class certification motion in disguise" and therefore may not be considered until after class discovery has concluded and plaintiffs have filed their formal request for certification. (Pls.' Opp'n at 4). Once again, plaintiffs are wrong. Federal courts have consistently held that it is appropriate to strike class allegations before plaintiffs have moved for class certification where, as here, "[n]o amount of additional class discovery [could] alter" the fact that plaintiffs' claims do not meet the Rule 23 certification requirements. *Thompson v. Merck & Co.*, No. 01scv1004, 2004 U.S. Dist. LEXIS 540, at *8-9 (E.D. Pa. Jan. 6, 2004) (explicitly rejecting the argument that a court may not grant a "motion to strike class action allegations from the complaint until after the plaintiffs have filed a motion for class certification"); *see also Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings" to show that a class should not be certified); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 (D.N.J. 2003) (motions to strike class allegations prior to discovery are appropriate "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met"); *Ross-Randolph v. Allstate Ins.*, No. DKC 99-3344, 2001 U.S. Dist. LEXIS 25645, at *21, 33 (D. Md. May 11, 2001) (granting motion to strike class claims based on pleadings alone; "[i]n

5

determining whether a party complies with Rule 23, a court does not have to wait until class certification is sought"); *Illinois v. Climatemp, Inc.*, 91 F.R.D. 252 (N.D. Ill. 1981) (rejecting plaintiff's argument that it would be procedurally improper to entertain defendant's motion to strike class action allegations in advance of a motion by plaintiff to certify class).

Not one of the cases cited by plaintiffs is to the contrary. Plaintiffs' cases stand for the unremarkable proposition that a motion to strike may not be appropriate where it is unclear from the pleadings alone whether plaintiffs' class claims may be certified and additional discovery or argument may therefore be required. (*See* Pls.' Opp'n at 4-5.) That is not the case here. One need only look at plaintiffs' proposed class definition – which includes ***all*** purchasers of certain washing machines, ***regardless of whether their washers have ever experienced a problem*** – to determine that the proposed class is overbroad and that the proposed class representatives are not typical of the entire class. As other courts have recognized, a "class definition that encompasses more than a relatively small number of uninjured putative members is overly broad and improper" and creates serious typicality problems. *See, e.g.*, *State ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 861 (Mo. 2008); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. Ill. 2006); *In re NationsRent Rental Fee Litig.*, No. 06-60924-CIV, 2009 WL 636188, at *6 (S.D. Fla. Feb. 24, 2009).

In *Oshana*, for example, the U.S. Court of Appeals for the Seventh Circuit upheld the denial of class certification in a case brought by fountain Diet Coke purchasers alleging that Coca-Cola had failed to disclose that the soda contained saccharin. 472 F.3d at 514. According to the Seventh Circuit, the proposed class was "not sufficiently definite" because it was defined to include ***all*** Diet Coke purchasers, including some who "may have bought fountain Diet Coke because it contained saccharin, and some [who] may have bought fountain Diet Coke even

6

though it had saccharin." *Id.* at 514. Because some "members of Oshana's putative class could not show any damage" resulting from Coca Cola's conduct, the class was fatally overbroad. The court went on to note that the plaintiffs' class proposal also failed the typicality requirement for the same reason; a named plaintiff who "claim[ed] she was deceived and injured" could not stand in the place of class members who did not suffer a similar alleged injury. *Id*. *See also Nixon*, 249 S.W.3d at 864 (rejecting similar proposed class because it "undoubtedly includes an extremely large number of uninjured class members").

The same rule applies in other contexts. In *In re NationsRent*, for example, the court rejected the argument that several individuals who rented equipment from the defendant and were allegedly charged improper damage waiver fees could bring consumer fraud, contract and other claims on behalf of ***all*** individuals who had rented equipment from the company. *See* 2009 WL 636188, at *6. According to the court, plaintiffs' proposed class encompassed all renters, including those who intentionally chose to pay for the damage waiver at issue and even those who received a benefit as a result of paying for the damage waiver. *Id* at *7. Because the proposed class included individuals who did not suffer a loss, it was "too broad" and could not be certified. *Id*. at *6. The court also held that "the elements of commonality and typicality are not met . . . for the same reasons that Plaintiff's proposed . . . class definition is inadequate." *Id*. at *7. After all, named plaintiffs who claimed they were improperly charged waiver fees could not represent absent class members who did not claim injury from this practice. *Id.*[2]

---

[2] Plaintiffs make much of *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006) (Pls.' Opp'n at 8-9), in which the U.S. Court of Appeals for the Sixth Circuit certified a class of automobile purchasers alleging that their cars were built in such a way that the accelerator pedal had a tendency to stick, despite the fact that some of the proposed class members' cars had not actually manifested the defect. Electrolux believes that *Daffin* was wrongly decided, and as discussed above, numerous courts have reached a contrary conclusion. In any event, neither *Daffin* nor any of plaintiffs' other cases undermine Electrolux's argument that the uninjured class members' claims fail as a matter of law and should be stricken under Rule 12(f).

7

This case is no different. As set forth above, the named plaintiffs allege that they were injured because the washing machines they purchased experienced mold and mildew build-up. But many other purchasers of Electrolux's washing machines have never experienced any problems at all with their machines. Because plaintiffs' class definition includes individuals who do not allege that their washers malfunctioned, plaintiffs' class definition is impermissibly overbroad and should be stricken. By the same token, because they seek to represent putative class members who are in a completely different position vis-à-vis Electrolux – *i.e.*, they do not allege mold and mildew problems with their washing machines – it is clear from the pleadings that the named plaintiffs are not typical of the entire class they seek to represent. Moreover, neither of these flaws can be rectified by discovery; plaintiffs either seek to represent uninjured class members or they do not. Thus, it is fully appropriate for the Court to address Electrolux's arguments now. *See Clark*, 213 F.R.D. at 205 (motion to strike is appropriate prior to discovery "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met").

For these reasons too, plaintiffs' arguments are unavailing, and Electrolux's motion to strike should be granted.

## **CONCLUSION**

For the foregoing reasons, and all of the reasons set forth in its opening brief, Electrolux respectfully requests that the Court enter an order partially striking plaintiffs' class allegations.

    Respectfully submitted,

    S/BENJAMIN H. BREWTON
    STATE BAR NO. 002530
    TUCKER, EVERITT, LONG,
    BREWTON & LANIER
    P. O. BOX 2426
    AUGUSTA, GEORGIA 30903

Telephone: (706) 722-0771
Facsimile: (706) 722-7028
E-mail: bbrewton@thefirm453.com

And

SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
John H. Beisner (*pro hac vice*)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: john.beisner@skadden.com

J. Russell Jackson (*pro hac vice*)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: russell.jackson@skadden.com

Attorneys for Defendant
Electrolux Home Products, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on the 27th day of October, 2009, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

S/BENJAMIN H. BREWTON
STATE BAR NO. 002530
TUCKER, EVERITT, LONG,
BREWTON & LANIER
P. O. BOX 2426
AUGUSTA, GEORGIA 30903
Telephone: (706) 722-0771
Facsimile: (706) 722-7028
E-mail:  bbrewton@thefirm453.com
