# APPENDIX A

## APPENDIX A:  OUTLINE OF STATE-LAW VARIATIONS

I.   **Different States' Laws Vary With Respect To Plaintiffs' Consumer Fraud Claims, Precluding Multi-State Or Nationwide Certification.[1]**

      A.   Can a plaintiff state a private claim for consumer fraud?

            1.   Consumer protection acts in some (but not all) states, including Georgia, expressly provide for a private cause of action.[2]

            2.   In some jurisdictions where there is no statutory provision for a private cause of action, the courts have implied one.[3]

---

[1]   *See, e.g., In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1015-19 (7th Cir. 2002) (decertifying two nationwide classes in part because of considerable variations among state consumer protection laws); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 743 (5th Cir. 1996) (reversing certification of nationwide class where plaintiff failed to explain "how the court could deal with variations in state law," including statutory consumer fraud laws); *Cohen v. Implant Innovations, Inc.*, No. 07-20777-CIV-LENARD/O'SULLIVAN, 2008 U.S. Dist. LEXIS 111933, at *22 (S.D. Fla. June 13, 2008) (recognizing differences between Florida's consumer protection law and the laws of other states and recommending denial of nationwide class certification); *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 229 (S.D. Fla. 2001) (denying nationwide certification of consumer fraud class in part because of "several material conflicts between [Florida's Deceptive and Unfair Trade Practices Act] and other states' consumer fraud acts"); *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 460-69 (D.N.J. 2009) (noting "marked variations among the state consumer fraud statutes with respect to, *inter alia,* available remedies, ascertainable loss, limitations periods"); *Util. Consumers' Action Network v. Sprint Solutions, Inc.*, No. 07 CV 2231 RJB, 2009 U.S. Dist. LEXIS 53055, at *10 (S.D. Cal. June 23, 2009) (denying certification of nationwide consumer fraud class in part because of variation in "appl[ying] . . . various state [consumer protection] laws"); *In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 674 (N.D. Ill. 2009) (noting that "courts have found material conflicts among the fifty states' laws on the claims plaintiffs bring in this case," including statutory consumer fraud claims, "and have denied class certification" on this ground); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 194 F.R.D. 484, 489-90 (D.N.J. 2000) (finding that "there exist significant distinctions" among state consumer protection statutes that "lessen the predominance of common legal issues"); *Carpenter v. BMW of N. Am., Inc.*, No. 99-CV-214, 1999 WL 415390, at *3-5 (E.D. Pa. June 21, 1999) (denying certification of consumer fraud claims where plaintiff failed to provide "feasible trial blueprint" for trying case under laws of 51 jurisdictions); *Fisher v. Bristol-Myers Squibb Co.*, 181 F.R.D. 365, 371-72 (N.D. Ill. 1998) (denying motion to certify consumer fraud and other claims in part because of "variations among state statutes as to statute of limitations, notice requirements, special preconditions to class actions . . . and the like") (internal citations omitted); *Clement v. Am. Honda Fin. Corp.*, 176 F.R.D. 15, 22-23 & nn.10-12 (D. Conn. 1997) (decertifying nationwide certification of statutory consumer fraud class because "[a]ll states do not have the same unfair trade practices act, and some class members may be entitled to substantially more relief depending on the state in which they proceed"); *Willis v. Thorn Americas, Inc.*, No. 95-5878, 1996 WL 117436, at *2 (E.D. Pa. Mar. 11, 1996) (declining to certify class consisting of individuals from forty-three states asserting consumer fraud claims; "the court should [not] provide a forum for what would, in essence, be 43 different lawsuits"); *Harding v. Tambrands, Inc.*, 165 F.R.D. 623, 632 (D. Kan. 1996) (declining to certify nationwide class in case involving alleged consumer protection violations; "instructing the jury in a manner that is both legally sound and understandable to a jury of laypersons would be a herculean task").

[2]   *See, e.g.,* Ga. Code Ann. § 10-1-373(a) (2009) (authorizing private cause of action for injunctive relief); N.J. Stat. Ann. § 56:8-2.12 (2009) (authorizing private right of action); Mich. Comp. Laws § 445.911 (2009) (recognizing private right of action); Or. Rev. Stat. § 646.150 (2007) (allowing private action for damages); Tex. Bus. & Com. Code § 17.50(a) (2009) ("[a] consumer may maintain an action").

3.      Conversely, some courts have found that the absence of a statutory provision for a private cause of action necessitates a conclusion that no such cause of action exists.[4]

B.      <u>Can a plaintiff recover damages or only injunctive relief?</u>

1.      In Georgia, plaintiffs are limited to injunctive relief and may not recover damages.[5]

2.      By contrast, in many other states, claimants may also be entitled to damages.[6]

C.      <u>Are consumer protection class actions permitted?</u>

1.      Some states' consumer protection statutes, including South Carolina's, expressly prohibit class actions.[7]

---

*(cont'd from previous page)*

[3]    *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122 (Ariz. 1974) (construing a private right of action); *Edwards v. Porter*, No. 88C-OC-174, 1991 WL 165877, at *8 (Del. Super. Ct. July 26, 1991) (as a consumer protection bill, the Deceptive Trade Practice Act gives the individual a private cause of action); *Young v. Joyce*, 351 A.2d 857, 859 (Del. Super. Ct. 1975) (statutory purpose supports recognition of a private cause of action).

[4]    *See Molo Oil Co. v. River City Ford Truck Sales*, 578 N.W.2d 222, 228 (Iowa 1998) ("The enactment of this section therefore indicates the legislature did not believe that such a cause of action existed under the consumer fraud act, and that the legislature had not intended that one be implied under the consumer fraud act.").

[5]    *See* Ga. Code Ann. § 10-1-373(a) (2009) ("[a] person likely to be damaged by a deceptive trade practice . . . may be granted an injunction"); *Dering v. Serv. Experts Alliance LLC*, No. 1:06 CV-00357-RWS, 2007 WL 4299968, at *10 (N.D. Ga. Dec. 6, 2007) ("Georgia courts have consistently held that monetary damages are not awarded under the GUDTPA."); *Energy Four, Inc. v. Dorner Med. Sys.*, 765 F. Supp. 724, 730-31 (N.D. Ga. 1991) (highlighting that private plaintiff is only permitted to obtain injunctive relief).

[6]    *See, e.g.*, Fla. Stat. § 501.211 (2009) (authorizing private cause of action for injunctive relief and damages); Mich. Comp. Laws § 445.911 (2009) (authorizing both injunctive relief and award of damages); Or. Rev. Stat. § 646.632, 638 (2007) (authorizing recovery of damages in addition to injunctive relief); Tex. Bus. & Com. Code § 17.50(b)(1)-(2) (2009) (authorizing recovery of damages, as well as injunctive relief). In Arkansas, it appears that plaintiffs may not obtain injunctive relief, but may be entitled to money damages. *Compare* Ark. Code Ann. § 4-88-113(f) (2009) ("Any person who suffers actual damage or injury as a result of an offense or violation . . . has a cause of action to recover actual damages"), *with* Ark. Code Ann. § 4-88-113(a)(1) ("In any proceeding brought by the Attorney General . . . the circuit court may make such orders or judgments as may be necessary to: (1) prevent the use or employment . . . of any prohibited practice"). *See Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 161 (Ark. 2005) ("As indicated in the plain language of the statute, the responsibility for civil enforcement of the ADTPA rests largely with the Attorney General. . . . [T]he Attorney General may institute a proceeding to restore moneys or real or personal property to any purchaser who has suffered . . . ." "In contrast, . . . a private cause of action is limited to instances where a person has suffered 'actual damage or injury as a result of an offense or violation . . . .'" "[A] person may only recover his or her actual damages and reasonable attorney's fees.") (internal citations omitted).

[7]    *See* S.C. Code Ann. § 39-5-140(a) (2008) ("Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method . . . may bring an action individually, ***but not in a representative capacity***, to recover actual damages.") (emphasis added); Ala. Code § 8-19-10(f) (2009) ("[a] consumer or other person bringing an action under this chapter may not bring an action on behalf of a class"); La. Rev. Stat. Ann. § 51:1409 (2009) (same); Miss. Code

*(cont'd)*

2

    2.    Other states allow class actions but impose additional restrictions on them.

        a.    In Utah, class actions are allowed only in narrow circumstances.[8]

        b.    In Texas, a class action under the consumer protection law is subject to special notice requirements.[9]

        c.    Ohio limits the types of damages available in class actions.[10]

D.    <u>What, if any, notice and demand requirements are set forth under state consumer protection laws?</u>

    1.    Several states, including Texas, require that a plaintiff deliver a notice or demand letter to a potential defendant detailing the alleged violation prior to filing his claim.[11]

    2.    In some jurisdictions, failure to submit the appropriate demand letter can result in a dismissal of the claim under the state's consumer protection act.[12]

    3.    Some states also require that plaintiffs notify the state attorney general.[13]

---

*(cont'd from previous page)*

Ann. § 7524-15(4) (2009) ("[n]othing in this chapter shall be construed to permit any class action or suit, but every private action must be maintained in the name of and for the sole use and benefit of the individual person").

[8]    *See* Utah Code Ann. § 13-11-17(2)(a) (2009) (class actions allowed only with respect to an act or practice specified as a violation in a rule adopted by the enforcing authority before the act occurred, or by a court in a judgment that was either officially reprinted or made available for public dissemination ten days before the action occurred); *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 755 (Utah Ct. App. 1990) (concurring opinion) (noting that a class action could not be brought until after publication of a rule or entry of a final judgment declaring the defendant's activities illegal).

[9]    *See* Tex. Bus. & Com. Code Ann. § 17.501(a)(1) (2009) ("A consumer filing an action . . . to be maintained as a class action shall send to the consumer protection division:  (1) a copy of the notice required by Section 17.505(a) . . .; and (2) a copy of the petition in the action").

[10]    *See* Ohio Rev. Code Ann. § 1345.09(B) (2009) (limiting class action damages to actual damages or other appropriate relief whereas individual plaintiffs may collect treble damages).

[11]    *See, e.g.*, Tex. Bus. & Com. Code Ann. § 17.505(a) (2009) (60 days); Me. Rev. Stat. Ann. tit. 5, § 213(1-A) (2009) (30 days).  In Texas, failure to submit the required notice in a timely manner results in abatement of the action.  *See* Tex. Bus. & Com. Code Ann. § 17.501(b) (the "court shall abate the action for 60 days if the court finds that notice was not provided to the consumer protection division"); *Smith & White Health Plan*, No. C14-94-00039-CV, 1994 WL 107286, at *2 (Tex. App. Mar. 31, 1994) ("If the trial court finds that the consumer has not complied with the notice provision, it must abate the proceedings for sixty days.") (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)).

[12]    *See, e.g.*, *Entrialgo v. Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (Mass. 1975) (affirming dismissal where requisite demand letter was not filed); *Spilios v. Cohen*, 647 N.E.2d 1218, 1220-21 (Mass. App. Ct. 1995) (affirming grant of summary judgment in favor of defendant where plaintiff failed to satisfy demand letter requirement).

4.     Other states, like Mississippi, require that the plaintiff make "a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the attorney general" before an action can be commenced.[14]

E.     <u>What constitutes a prohibited act?</u>

1.     State legislatures have pursued a variety of approaches to defining the acts or conduct proscribed by their respective state consumer protection laws.

    a.     Some state consumer protection acts, like that of Georgia, focus narrowly on "deceptive" behavior.[15]

    b.     Other states, including South Carolina and California, address broader categories, such as "unfair" or "unconscionable" conduct.[16]

2.     The various statutes also incorporate different legislative approaches and elements.

    a.     The California Unfair Competition Law proscribes several broad categories of behavior.[17]

    b.     The South Carolina Unfair Trade Practices Act contains a simpler prohibition and cross-references interpretive sources.[18]

---

*(cont'd from previous page)*

[13]     *See, e.g.*, N.J. Stat. Ann. § 56:8-20 (2009); Or. Rev. Stat. § 646.638(2) (2007). *But see* Kan. Stat. Ann. § 50-634(g) (2008) (failure of plaintiff to provide notice of action to attorney general does not provide defendant a defense to action).

[14]     Miss. Code Ann. § 75-24-15(2) (2009).

[15]     *See, e.g.*, Ga. Code Ann. § 10-1-372 (2009) (prohibiting deceptive practices); Kan. Stat. Ann. § 50-626 (2008) (prohibiting deceptive acts); S.D. Codified Laws Ann. § 37-24-6 (2009) (prohibiting deceptive acts).

[16]     *See, e.g.*, S.C. Code Ann. § 39-5-20 (2008) (prohibiting unfair or deceptive acts); Cal. Bus. & Prof. Code § 17200 (2009) (prohibiting unlawful, unfair, or fraudulent business acts or practices); Ala. Code § 8-19-5(27) (2009) (prohibiting unconscionable, false, misleading or deceptive acts or practices); Alaska Stat. § 45.50.471 (2009) (prohibiting unfair or deceptive acts); Fla. Stat. Ann. § 501.202 (2009) (prohibiting unconscionable, unfair or deceptive acts); Miss. Code Ann. § 75-24-5 (2009) (prohibiting unfair or deceptive acts).

[17]     *See* Cal. Bus. & Prof. Code § 17200 (2009) ("unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising"). To state a cause of action for unfair competition under the California UCL, a plaintiff must allege either: (1) an unlawful act; (2) an unfair act; (3) a fraudulent act; or (4) false advertising. *VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, No. 2:09-cv-02067-MCE-GGH, 2009 U.S. Dist. LEXIS 110069, at *30 (E.D. Cal. Nov. 25, 2009).

[18]     *See* S.C. Code Ann. § 39-5-20(a)-(b) (2008) ("Unfair methods of competition, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful . . . the courts will be guided by the interpretations given by the Federal Trade Commission").

c.      Many other states define unfair and deceptive acts or practices with widely varying lists of specific prohibited acts or practices.[19]

(1)      For example, Texas identifies twenty-seven types of covered acts or practices.[20]

(2)      Georgia lists twelve types of covered acts or practices.[21]

(3)      Some of the "laundry lists" include general clauses prohibiting other acts not encompassed by the specific examples cited.[22]

d.      Definitions of "Deceptive Acts" vary from state to state.

(1)      Connecticut and Texas use an objective standard that defines deception based on the perspective of the least sophisticated consumer.[23]

(2)      California and New York have adopted the more common "reasonable person" standard.[24]

(3)      Hawaii courts have construed "deceptive" to encompass "those acts that mislead 'consumers acting reasonably under the circumstances.'"[25]

---

[19]      *See, e.g.*, Ala. Code § 8-19-5(1)-(24) (2009); Ark. Code Ann. § 4-88-107(a) (2009); Colo. Rev. Stat. Ann. § 6-1-105(1)(a)-(bbb) (2009); Ga. Code Ann. § 10-1-372(a)(1)-(12) (2009); Idaho Code § 48-603(1)-(19) (2009); Md. Code Ann. Com. Law Ann. § 13-301 (2009); Miss. Code Ann. § 75-24-5(2) (2009); N.J. Stat. Ann. § 56:8-2-2.10 (2009); 73 Pa. Cons. Stat. Ann. § 201-2(4) (2009); Tex. Bus. & Com. Code Ann. § 17.46 (2009); Wis. Stat. § 100.18(1) (2009); Wyo. Stat. § 40-12-105(a)(i)-(xv) (2009).

[20]      *See* Tex. Bus. & Com. Code Ann. § 17.46(b)(1)-(27) (2009).

[21]      *See* Ga. Code Ann. § 10-1-372(a)(1)-(12) (2009).

[22]      *Compare* Colo. Rev. Stat. § 6-1-105(1)(a)-(bbb) (2009), which does not contain a general clause, *with* Ga. Code Ann. § 10-1-372(12) (2009) ("Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.").

[23]      *See Aurigemma v. Arco Petroleum Prods. Co.*, 734 F. Supp. 1025, 1029 (D. Conn. 1990) (citation omitted); *Spradling v. William*, 566 S.W.2d 561, 562-63 (Tex. 1978) (holding that the standard is whether the statement has a tendency to deceive "the ignorant, the unthinking, and the credulous, who . . . do not stop to analyze, but are governed by appearances and general impressions"); *see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479-80 (Tex. 1995).

[24]      *See Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1398-99 (E.D. Cal. 1994) (reasonable consumer standard); *Blue Cross of W.N.Y., Inc. v. Corcoran*, 163 A.D. 2d 877, 877 (N.Y. App. Div. 1990) (issue is whether advertisement would "mislead or deceive a person of average education and intelligence").

[25]      *See Yokoyama v. Midland Nat'l Life Ins. Co.*, No. 07-16825, 2009 U.S. App. LEXIS 19357, at *12-13 (9th Cir. Aug. 28, 2009) (citation omitted).

      (4)     In Ohio, the determinative question is whether the act "has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts."[26]

      (5)     By contrast, in Louisiana, the phrase, "unfair or deceptive," has been found to be both "broad and subjective," requiring courts to determine whether conduct qualifies as "unfair or deceptive" on a case-by-case basis.[27]

F.     <u>How is a "failure to disclose" claim evaluated under the various consumer protection acts?</u>

    1.     Some consumer protection acts explicitly apply to the non-disclosure of certain information,[28] while others do not.[29]

        a.     Some states have rejected consumer protection claims based exclusively on an alleged failure to disclose where the statute does not address omissions.[30]

        b.     Other states' courts have simply applied the same standards to omission claims that they apply to other allegedly deceptive or unfair acts.[31]

        c.     Still other states require, at a minimum, an intent that consumers rely on the omission.[32]

---

[26]    *State ex rel. Celebrezze v. Ferraro*, 578 N.E.2d 492, 494 (Ohio Ct. App. 1989).

[27]    *Arabella Bus Barn, L.L.C. v. Whole Foods Mkt., Inc.*, No. 01-3806 SECTION "K", 2002 U.S. Dist. LEXIS 9661, at *12 (E.D. La. May 24, 2002); *Myles v. Gen. Motors Acceptance Corp.*, No. 97-2030 SECTION "N", 1998 U.S. Dist. LEXIS 8598, at *7 (E.D. La. June 5, 1998) (definition is "necessarily broad and subjective"), *see also Walker v. La. Health Mgmt. Co.*, 666 So. 2d 415, 421 (La. Ct. App. 1995) (noting that Louisiana courts are to determine whether an act is "deceptive" on a case-by-case basis).

[28]    *See* Del. Code Ann. tit. 6, § 2513(a) (2009) (prohibiting "misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon" them).

[29]    *See* Cal. Bus. & Prof. Code Ann. § 17200 (2009) (no express omission provision); Ga. Code Ann. § 10-372(a)(5), (7) & (9) (2009) (no express omission provision). *See also Energy Four, Inc. v. Dornier Med. Sys.*, 765 F. Supp. 724, 731 (N.D. Ga. 1991) (finding that the Georgia Uniform Deceptive Trade Practices Act is the state analogue to the federal Lanham Act under which alleged "concealment" or "non-disclosure" of information, standing alone, is insufficient to give rise to a cause of action).

[30]    *See Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 246 (Wis. 2004) (concluding that "a nondisclosure is not an 'assertion, representation or statement of fact' for purposes of the DTPA'") (citing Wis. Stat. § 100.18(1)); *Wisconsin v. McGuire*, 735 N.W.2d 555, 546 (Wis. Ct. App. 2007) ("§ 100.18 prohibits only affirmative assertions, not a failure to disclose. . . . [I]t provides no remedy for omissions of material facts.").

[31]    *See Anderson v. Heck*, 554 So. 2d 695, 707 (La. Ct. App. 1989) (allegation of nondisclosure to be evaluated under "deceptive" standard); *Commonwealth v. ELM Med. Labs., Inc.*, 596 N.E.2d 376, 383 (Mass. Ct. App. 1992) ("[D]eceptive acts or practices may consist of failure to disclose important information.").

      d.     And some states, such as New Jersey and Kansas, require that the omission be made with the intent to deceive.[33]

    2.     Regardless of whether a specific statutory provision addresses the duty to disclose, some states impose a duty to disclose information only when the seller knows or should have knowledge of the information.[34] But it appears that omissions are actionable in at least some other states, including Maryland, without such a showing.[35]

G.    <u>What is the meaning of "unfair" and "unconscionable" behavior?</u>

    1.     States that expand consumer protection beyond deception to include unfairness or unconscionability define those terms differently, with some states, like Alaska, deferring to interpretations articulated by the Federal Trade Commission, while others, including Massachusetts, have adopted seemingly broad and subjective approaches.[36]

H.    <u>What are the requisite knowledge and intent elements for consumer fraud under the various consumer protection acts?</u>

    1.     Express statutory requirements vary.

---

*(cont'd from previous page)*

[32]    *See, e.g.*, Tex. Bus. & Com. Code Ann. § 17.46(24) (2009) (one provision addresses failure to disclose, but requires "inten[t] to induce consumer into transaction"); *see also Bradford v. Vento*, 48 S.W.3d 749, 776 (Tex. App. 2001) (information must be withheld "for the purpose of inducing the consumer into the transaction").

[33]    *See Heller v. Martin*, 782 P.2d 1241, 1244-45 (Kan. Ct. App. 1989) (recognizing that mere non-disclosure, without the requisite intent, is insufficient); *Vagias v. Woodmont Properties, L.L.C.*, 384 N.J. Super. 129, 132-33 (App. Div. 2006) (distinguishing between NJCFA claims based on affirmative fraudulent acts and claims based on acts of fraudulent omission, and stating that the former do not require proof of intent to mislead or intent to induce reliance, but the latter do).

[34]    *See Nei v. Burley*, 446 N.E.2d 674, 679-80 (Mass. 1983) (knowledge requirement applicable to duty to disclose claim); *Richardson Ford Sales, Inc. v. Johnson*, 676 P.2d 1344, 1347-48 (N.M. Ct. App. 1984) (seller must be aware of non-disclosure because Unfair Practices Act explicitly applies only to claims "knowingly made").

[35]    *See* Md. Com.  Law Code Ann. § 13-301(3) (2009) ("[f]ailure to state a material fact if the failure deceives or tends to deceive"); *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986) (no knowledge or intent required for non-disclosure to be actionable under the Maryland Consumer Protection Act); *Consumer Prot. Div. v. Morgain*, 874 A.2d 919, 970 (Md. 2005) (citing *Golt* for the same principle).

[36]    *See, e.g.*, *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 523 (Alaska 1980) (recognizing that Alaska courts are to be guided by interpretations given by the Federal Trade Commission); *Farmers Ins. Exchange v. Superior Ct.*, 826 P.2d 730, 733 (Cal. 1992) (noting that "unfair competition" includes "unlawful, unfair, or fraudulent" conduct); *Mass. Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc.*, 532 N.E.2d 660, 664 (Mass. 1989) ("Conduct may [constitute an unfair practice] . . . if it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness . . . [or] is immoral, unethical, oppressive, or unscrupulous.'") (quoting *Zayre Corp. v. Computer Sys. of Am., Inc.*, 511 N.E.2d 23, 30 (Mass. App. Ct. 1987)); *Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001) (unconscionable act is defined as "an act or practice, which . . . takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree") (quoting Tex. Bus. & Com. Code § 17.45(5) (2009)) (alterations in original).

a.      Some states, like Wisconsin, require that a defendant acted intentionally.[37]

b.      States such as New Mexico and Wyoming require that the defendant "knowingly" commit a prohibited act or practice.[38]

c.      Statutes in other states, like Nevada, require a showing that the defendant "knows or should know" that he is committing a prohibited act or practice.[39]

d.      Some state statues, including the laws of Connecticut, Florida, and Louisiana, do not impose any scienter requirement.[40]

e.      In still other states, such as Texas and Kansas, the applicable statutory standards ("knowingly" or "with intent") vary depending on which prohibition, among the "laundry list" of prohibited acts, is alleged.[41]

f.      In Texas, a finding that the defendant committed a violation "knowingly" is grounds for additional damages.[42]

2.      Judicial interpretations have introduced an additional layer of complexity to the variations in applicable state law.

a.      Delaware courts have interpreted the Delaware Consumer Fraud Act, which uses the "intent to rely upon" standard, to impose

---

[37]     *See, e.g.*, Wis. Stat. § 100.18(1) (2009) ("with intent to induce the public"); Ariz. Rev. Stat. § 44-1522 (2009) ("with intent that others rely"); Del. Code Ann. tit. 6, § 2513 (2009) (same); Minn. Stat. Ann. § 325F.69 (2009) (same); N.D. Cent. Code § 51-15-02 (2009) (same).

[38]     *See, e.g.*, N.M. Stat. § 57-12-2(D) (2009); Wyo. Stat. Ann. § 40-12-105(a) (2009).  Under the New Mexico statute, the general prohibition is followed by specific examples of unfair practices.  The New Mexico Supreme Court has held that the "knowingly" requirement applies to any violation.  *See Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311-12 (N.M. 1991).

[39]     *See* Nev. Rev. Stat. § 598.0915(6) (2009).

[40]     *See* Conn. Gen. Stat. § 42-110g (2008); Fla. Stat. Ann. § 501.204 (2009); La. Rev. Stat. Ann. § 51:1405 (2009); N.C. Gen. Stat. § 75-1.1 (2009); Ohio Rev. Code Ann. § 1345.02 (2009); Wash. Rev. Code § Ann. § 19.86.020 (2009).

[41]     *Compare* Tex. Bus. & Com. Code Ann. § 17.46(b)(13) ("knowingly making false or misleading statements of fact"), *with* § 17.46(b)(7) (no express intent requirement).  *See also Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 502 (Tex. 2001) ("party need not prove intent to make a misrepresentation under [s]ections 17.46(b)(5) or 17.46(b)(7)).  *Compare* Kan. Stat. Ann. §§ 50-626(b)(1), (4), (7), (8), (9), (10) ("knowingly or with reason to know"), *with* (b)(2), (3) ("willful"), (b)(5), (6) ("intent") (2008).

[42]     *See* Tex. Bus. & Com. Code § 17.50(b)(1) (2009) ("if the trier of fact finds that the conduct . . . was committed knowingly, the consumer may also recover damages for mental anguish . . . and may award not more than three times the amount of economic damages"); *Church & Dwight Co., Inc. v. Huey*, 961 S.W.2d 560, 569 (Tex. App. 1997) ("A finding of knowledge is a predicate for awarding additional damages . . . .").

liability even where the defendant may have believed its representation to the plaintiff was truthful.[43]

b.    The Minnesota Supreme Court has interpreted the state's "intent that others rely" requirement "to have imposed on [the plaintiff] the additional requirements of proving that any misleading statements or deceptive practices were knowingly made or employed."[44]

c.    A court in Arizona has found that the state's "intent that others rely upon" standard requires that the plaintiff merely show "an intent to do the act involved; specific intent to deceive need not be shown."[45]

I.    Is reliance, causation, or both required?

1.    Some state statutes, such as Texas's, explicitly require the plaintiff to prove a degree of reliance on a prohibited act or omission to state a cause of action.[46]

2.    In Wisconsin, courts have construed the state's consumer protection law to require reliance.[47]

3.    Among the states that require reliance, courts define the nature of the required reliance differently.

a.    In several states, there must be proof of "actual reliance" by each individual plaintiff.[48]

---

[43]    *See In re Brandywine Volkswagen, Ltd.*, 306 A.2d 24, 28 (Del. Super. Ct. 1973) (interpreting Del. Code Ann. tit. 6, § 2513).

[44]    *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 727 (Minn. 1983) (superseded on other grounds).

[45]    *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994).

[46]    *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(A)-(B) (2009) ("consumer may maintain an action where . . . the use or employment by any person of [a] false, misleading, or deceptive act . . . is . . . ***relied on by a consumer to the consumer's detriment***"); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686-87 (Tex. 2002) ("[r]eliance is an element of . . . plaintiffs' . . . DTPA 'laundry-list' violations"); Wyo. Stat. Ann. § 40-12-108(a) (2009) ("[a] person relying upon an uncured unlawful deceptive trade practice may bring an action"). *See also Debbs v. Chrysler Corp.*, 810 A.2d 137, 156 (Pa. Super. Ct. 2002) (stating that reliance is required for all Pennsylvania consumer protection act violations).

[47]    *See Spacesaver Corp. v. Marvel Group, Inc.*, 621 F. Supp. 2d 659, 663 (W.D. Wis. 2009) ("Reliance is an aspect of the third element [of a claim under § 100.18], whether a representation caused the plaintiff's pecuniary loss.") (alteration in original) (quoting *Novell v. Migliaccio*, 749 N.W.2d 544, 553 (Wis. 2008)).

[48]    *See Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. Ct. App. 1979) (the plaintiff "must actually rely on the advertisement"); *Caldwell v. Pop's Homes, Inc.*, 634 P.2d 471, 475 (Or. Ct. App. 1981) (plaintiff not

*(cont'd)*

9

        b.      In other states, the plaintiff must prove not only that reliance was "actual," but also that it was justifiable under any of a variety of standards.[49]

    4.    Other states do not require a showing of reliance to state a claim.

        a.      The Connecticut Supreme Court has held that it is "not necessary for a plaintiff to prove reliance or that the representation became part of the basis of the bargain."[50]

        b.      In other states, some showing of causation is ordinarily required.[51]

    5.    By contrast, still other states have held that the "as a result of" language in their consumer fraud statutes requires plaintiffs to establish **both** causation and reliance.[52]

  J.    <u>Do states require that a private plaintiff make an independent demonstration that the alleged deceptive act affected a public interest?</u>

    1.    Washington considers proof of an impact on the public interest to be an essential element of the tort.[53]

---

*(cont'd from previous page)*

entitled to recover when "there was no evidence that [the misrepresentation] played any role in plaintiff's decision to buy").

[49]    For example, under New York law, a plaintiff's reliance must be sufficiently justified. *See Bello v. Cablevision Sys. Corp.*, 587 N.Y.S.2d 1, 4 (App. Div. 1992).

[50]    *Web Press Servs. Corp. v. New London Motors, Inc.*, 525 A.2d 57, 67 (Conn. 1987); *Prishwalko v. Bob Thomas Ford, Inc.*, 636 A.2d 1383, 1388 (Conn. App. Ct. 1994) (noting same).

[51]    *See, e.g.*, *Schnellmann v. Roettger*, 627 S.E.2d 742, 745-46 (S.C. Ct. App. 2006) (violation of South Carolina UTPA requires proximate causation); *Fraser Eng'g Co. v. Desmond*, 524 N.E.2d 110, 113 (Mass. App. Ct. 1988) (while "as a result of" does not mean "reliance," it nonetheless does imply a causation requirement:  "proof of actual reliance on a misrepresentation [is not] required so long as the evidence warrants a finding of a causal relationship between the misrepresentation and the injury to the plaintiff"); 815 Ill. Comp. Stat. 505/10a(a) (2009) ("Any person who suffers actual damage as a result of a violation of [the Illinois Consumer Fraud Act] committed by any other person may bring an action against such a person."); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 861 (Ill. 2005) ("Proximate causation is an element of all private causes of action under the [Illinois Consumer Fraud] Act."); *Benedict v. Altria Group, Inc.*, 241 F.R.D. 668, 677-80 (D. Kan. 2007) (holding that Kansas Consumer Protection Act's "as a result of" language imposes causation requirement, and denying certification where plaintiffs could not establish causation with common proof).

[52]    *See, e.g.*, *Schwartz v. Rockey*, 932 A.2d 885, 897 n.16 (Pa. 2007) (because Pennsylvania's Unfair Trade Practices and Consumer Protection Law permits suits by persons who suffer loss "as a result of" challenged conduct, statute requires both causation and reliance).

[53]    *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) ("We hold that to prevail in a private [consumer protection statute] action . . . a plaintiff must establish five distinct elements:  (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) *public interest impact*; (4) injury to plaintiff in his or her business or property; (5) causation.") (emphasis added); *Campbell v. Seattle Engine Rebuilders & Remfg., Inc.*, 876 P.2d 948, 953 (Wash. Ct. App. 1994) ("The court's language in *Hangman Ridge*

*(cont'd)*

    2.      South Carolina has a similar public interest requirement.[54]

    3.      Colorado[55] and New York[56] also require certain showings that the challenged act affected the consuming public.

**K.**    <u>What are the rules governing the award of attorneys' fees?</u>

    1.      Most state consumer protection acts authorize attorneys' fees only for consumers prevailing on the merits.

    2.      However, at least some states authorize the award of attorneys' fees to either prevailing party.[57]

---

*(cont'd from previous page)*
clearly requires a showing of public interest impact, separate and apart from a showing of an unfair and deceptive act.").

[54]    *See Hollman v. Woolfson*, 683 S.E.2d 495, 499 (S.C. 2009) ("The unfair or deceptive act . . . must affect the public interest."); *Jefferies v. Phillips*, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994) (plaintiff must prove adverse effect on public at large with specific facts); *Daisy Outdoor Adver. Co. v. Abbott*, 451 S.E.2d 394, 397 (S.C. Ct. App. 1994) ("Merely offering evidence, however, that shows a wrongful act has the potential for repetition or that it occurs in the course of business is not enough to establish a violation of the [consumer protection act] if, as the evidence shows here, the conduct adversely affects only the parties involved."), *aff'd in part, rev'd in part*, 473 S.E.2d 47 (S.C. 1996).

[55]    *See Hall v. Walter*, 969 P.2d 224, 234 (Colo. 1998) ("Therefore, the challenged practice must significantly impact the public as actual or potential consumers of the defendant's goods, services, or property.").

[56]    *See H2O Swimwear, Ltd. v. Lomas*, 560 N.Y.S.2d 19, 21 (App. Div. 1990) (noting that the consumer protection act "has been held to apply solely to matters affecting the public interest and involving transactions of a recurring nature"); *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) ("The critical question, then, is whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor.").

[57]    *See Target Trailer, Inc. v. Feingold*, 632 So. 2d 198, 199 (Fla. Dist. Ct. App. 1994) ("The plaintiff, having invoked the [Florida Deceptive and Unfair Trade Practices] Act, is liable for an attorney's fee because he did not prevail.") (quotation omitted); *Haskell v. Blumthal*, 561 N.E.2d 1315, 1318 (Ill. App. Ct. 1990) (award of attorneys' fees is within the discretion of the court); *Deer Creek Constr. Co. v. Peterson*, 412 So. 2d 1169, 1174 (Miss. 1982) ("[a]ny party who charges fraud under section 75-24-5 [the Mississippi Consumer Protection Act] does so at the risk of having attorney's fees assessed against him if that charge is successfully defended on any ground by the opposing party"); *Arbuckle Broadcasters, Inc. v. Rockwell Int'l Corp.*, 513 F. Supp. 412, 419-20 (N.D. Tex. 1981) (noting that Texas consumer protection law permits recovery of attorneys' fees by defendant where claim is groundless or brought in bad faith).

## II.   State Laws Vary Widely With Respect To Plaintiffs' Express And Implied Warranty Claims, Precluding Multi-State Or Nationwide Certification.[58]

### A.   Is privity required for implied warranty claims?

1.   There is great variation from state to state on the issue of privity, with some states retaining the traditional privity requirement, while others have abrogated it.[59]

a.   Most states, including California, Georgia, and Wisconsin, embrace the general requirement of privity to establish a breach of implied warranty claim.[60]

---

[58]   *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986) (quoting James J. White & Robert S. Summers, *Uniform Commercial Code* 7 (2d ed. 1980)) ("[t]he Uniform Commercial Code is not uniform"). *See also Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724-30 (5th Cir. 2007) (reversing nationwide certification of warranty class where plaintiffs "glossed over the glaring substantive legal conflicts among the applicable [warranty] laws of each jurisdiction"); *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("state laws about theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty . . . suits may not proceed as nationwide classes"); *Spence v. Glock*, 227 F.3d 308, 310-16 (5th Cir. 2000) (reversing nationwide class certification where plaintiffs failed to compare states' laws governing warranty and other claims; "Plaintiffs' failure to carry their burden, and the district court's unwillingness to hold plaintiffs to their proof, have resulted in a critical legal deficiency – insufficient evidence of predominant common legal issues."); *Danielson v. DBM, Inc.*, No. 1:05-cv-2091-WSD, 2007 U.S. Dist. LEXIS 18609, at *13-14 (N.D. Ga. Mar. 15, 2007) (denying motion for class certification involving implied warranty claims; "[i]ndividual state laws vary regarding the requirement and nature of the buyer's reliance on the seller's representations, notice to the seller that the goods are defective, and duration of an implied warranty. Further, state law requirements of privity in implied warranty claims vary, with some states requiring privity between parties and others having partial privity requirements."); *McBride v. Galaxy Carpet Mills*, 920 F. Supp. 1278, 1286 (N.D. Ga. 1995) (denying nationwide class certification in case involving warranty claims where "the difficulty in applying the law applicable to each plaintiff's claims would make a nationwide class action unmanageable"); *Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617 (S.D. Fla. 2008) (plaintiff failed to satisfy predominance requirement because, in part, the "law of the state of each putative class member would apply to his or her breach of express warranty claim"); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873 Section "N" (5), 2008 U.S. Dist. LEXIS 107688, at *25-31, *58-59 (E.D. La. Dec. 29, 2008) (denying motion for nationwide class certification on various claims, including warranty claims, where defendants highlighted "varying state laws" governing the causes of action); *Ronat v. Martha Stewart Living Omnimedia, Inc.*, No. 05-520-GPM, 2008 U.S. Dist. LEXIS 91814, at *15-20 (S.D. Ill. Nov. 12, 2008) (recognizing the "difficulty of applying the laws[, including varying implied warranty of merchantability laws] of numerous states"); *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 315-24 (S.D. Ill. 2007) ("Plaintiffs' briefing on class certification largely ignores the significant variations in the law governing express warranties among the forty-seven states in the proposed class.").

[59]   William Henning & George Wallach, *The Law of Sales Under the Uniform Commercial Code*, § 11:51, at 11-178 (1992 & Supp. 2006). *See also Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 763 (Ill. 1987) ("The law [governing privity], as it applies to recovery for purely economic loss [for breach of implied warranty], is far from clear and most certainly not uniform in all the jurisdictions."). As one commentator has noted, "[t]he courts appear free to fashion their own vertical privity rules according to what they perceive to be the best public policy. The courts have been doing this with a vengeance, drawing distinctions depending upon whether the warranty is express or implied, and in terms of the type of injury sustained." Barkley Clark & Christopher Smith, *The Law of Product Warranties* § 10:4 (2005).

[60]   *See, e.g., Atkinson v. Elk Corp. of Tex.*, 48 Cal. Rptr. 3d 247, 257-58 (Cal. Ct. App. 2006) ("[P]rivity appears to remain a requirement for actions based on the implied warranty of merchantability") (citation omitted,

*(cont'd)*

      b.      Texas has dispensed with the privity requirement in cases where a plaintiff is solely alleging economic loss.[61]

      c.      Some other states, including South Carolina, appear to have completely eliminated any privity requirement for implied warranty of merchantability claims arising from consumer transactions.[62]

**B.**      <u>Is privity required to establish a claim for breach of express warranty?</u>

      1.      Some states, like South Carolina, Connecticut, and New York, do not require privity in suits alleging breach of an express warranty.[63]

      2.      By contrast, other states, including Georgia and California, bar express warranty claims in the absence of privity between a plaintiff and remote manufacturer.[64]

---

*(cont'd from previous page)*

brackets in original); *Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 272, 283 (Cal. Ct. App. 2003) ("Privity of contract is a prerequisite in California for recovery on a theory of breach of implied [warranty of merchantability]."); *Keaton v. A.B.C. Drug Co.*, 467 S.E.2d 558, 560-61 (Ga. 1996) ("in order to recover under a theory of breach of implied warranty of merchantability, a plaintiff must have privity with the seller"); *Renaissance Learning, Inc. v. Omron Corp.*, 757 N.W.2d 850 (Wis. Ct. App. 2008) ("Without privity of contract . . . there is no liability for a breach of warranty, express or implied."). *See also Johnson v. Anderson Ford*, 686 So. 2d 224, 228 (Ala. 1996); *Flory v. Silvercrest Indus.*, 633 P.2d 383, 387 (Ariz. 1981); *Weiss v. Johansen*, 898 So. 2d 1009, 1012 (Fla. Ct. App. 2005); *Energy Inv. Fund, L.P. v. Metric Constr. Inc.*, 525 S.E.2d 441, 446 (N.C. 2000). It should be noted that California has introduced an additional variation in that the general privity requirement may be relaxed in cases where the implied warranty arises from express terms. *See Atkinson*, 48 Cal. Rptr. 3d at 258 ("the general rule . . . should be relaxed" because "[i]mplied warranties of quality . . . derive from express terms").

[61]     *See U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 198 (Tex. App. 2003) ("privity of contract is not required in order to recover purely economic losses from the breach of an implied warranty of merchantability").

[62]     *See, e.g., Wilson v. Style Crest Prods., Inc.*, 627 S.E.2d 733, 738 n.7 (S.C. 2006) (noting that S.C. Code Ann. § 36-2-318 "effectively abolish[ed] the common-law rule of privity with respect to a seller's warranty"); *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005); *Alloway v. Gen. Marine Indus., L.P.*, 149 N.J. 620, 642 (N.J. 1997); *Vacation Village Inc. v. Hitachi Am. Ltd.*, 874 P.2d 744, 747 (Nev. 1994).

[63]     *See, e.g.*, S.C. Code Ann. § 36-2-318 (2008) ("A seller's warranty whether express or implied extends to any natural person who may be expected to use, consume or be affected by the goods and whose person or property is damaged by breach of the warranty."); *Campus Sweater & Sportswear Co. v. M. B. Kahn Constr. Co.*, 515 F. Supp. 64, 96 (D.S.C. 1979); *Ferguson v. Sturm, Ruger & Co.*, 524 F. Supp. 1042, 1046-47 (D. Conn. 1981) (lack of privity is not a bar to express warranty causes of action based on manufacturer's advertising); *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 226 N.Y.S.2d 363, 370 (N.Y. 1962) (overturning state's former rule imposing privity requirement for express warranty claims against remote manufacturers); *Murrin v. Ford Motor Co.*, 756 N.Y.S.2d 596, 597 (N.Y. App. Div. 2003) (citing *Randy Knitwear* for proposition that privity is not required for express warranty claims).

[64]     *See* Ga Code Ann. § 11-2-318 ("A seller's warranty ***whether express or implied*** extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by breach of the warranty.") (emphasis added); *Barnett v. Leiserv, Inc.*, 968 F. Supp. 690, 695 (N.D. Ga. 1997) ("Under Georgia law, privity is required to recover in actions for breach of express or implied warranties"); *Cobb County Sch. Dist. v. MAT Factory,*
*(cont'd)*

C.    What statements suffice to create an express warranty?

1.    Some states apply an objective standard for determining whether a statement qualifies as an express warranty.[65]

2.    By contrast, other states, like Wisconsin, appear to apply a more subjective test to determine whether a statement constitutes an express warranty.[66]

3.    In Nebraska, California, and South Carolina, a significant focus is on the seller's state of mind.[67]

---

*(cont'd from previous page)*
*Inc.*, 452 S.E.2d 140, 145 (Ga. Ct. App. 1994) ("If a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the . . . express warranty . . . arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product.") (internal citations omitted); *Windham at Carmel Mountain Ranch Ass'n v. Superior Court*, 135 Cal. Rptr. 2d 834, 839 (Cal. Ct. App. 2003) ("'The general rule is that privity of contract [between the plaintiff and defendant] is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is [not] a party to the original sale.'") (citation omitted); *Flory v. Silvercrest Indus. Inc.*, 633 P.2d 383, 387 (Ariz. 1981) ("as to [implied and express] warranties, we hold that the lack of privity does preclude recovery"); *T.W.M. v. Am. Med. Sys.*, 866 F. Supp. 842, 844 (N.D. Fla. 1995) ("The law of Florida is that to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant."); *Weiss v. Johansen*, 898 So. 2d 1009,1012 (Fla. Dist. Ct. App. 2005) (stating same).

[65]    For example, in Missouri, a representation must meet the objective test of being "susceptible of exact knowledge" to create a warranty.  *See Chase Resorts, Inc. v. Johns-Manville Corp.*, 476 F. Supp. 633, 638 (E.D. Mo. 1979) (statement that irrigation system "would provide years of trouble free service" did not create an express warranty because the length and parameters of such service were not "susceptible of exact knowledge"), *aff'd*, 620 F.2d 203 (8th Cir. 1980).  *See also Performance Motors, Inc. v. Allen*, 186 S.E.2d 161, 166 (N.C. 1972) (no express warranty where seller stated that mobile home was "supposed to last a lifetime and be in perfect condition" because such a statement merely amounted to puffery); *Bumgarner v. Lowe's Cos.*, No. COA02-908, 2003 N.C. App. LEXIS 1097, at *6-7 (N.C. Ct. App. June 3, 2003) (determining that the phrase, "runs & drives good," "constitutes a statement of opinion, which does not create an express warranty.  A seller's language to that effect, if used in negotiating a sale, is ordinarily regarded as an expression of opinion in 'the puffing of his wares,' and does not create and express warranty") (citation omitted).

[66]    *See Ewers v. Eisenzopf*, 276 N.W.2d 802, 805 (Wis. 1979) (the test is "'whether [the seller] made an affirmation of fact the natural tendency of which was to induce the sale and which did in fact induce it'") (citation omitted).  This standard is similar to that applied in Ohio.  *See Jones v. Kellner*, 451 N.E.2d 548, 549 (Ohio Ct. App. 1982) (a "positive statement of quality of the goods is an express warranty if the natural tendency of the statement is to induce a buyer to purchase the goods, and if the buyer purchases the goods in reliance thereon") (citation omitted).

[67]    *See J.G. Conestoga LLC v. Seal Dry/USA, Inc.*, No. 8:97CV367, 2000 U.S. Dist. LEXIS 1850, at *12-13 (D. Neb. Feb. 15, 2000) (finding that marketing and technical materials failed to create an express warranty and writing that the central inquiry is "'whether the seller assumes to assert a fact of which the buyer is ignorant, or whether he merely states an opinion or expresses a judgment about a thing as to which they may each be expected to have an opinion and exercise a judgment'") (citation omitted); *Keith v. Buchanan*, 220 Cal. Rptr. 392, 397 (Cal. Ct. App. 1985) (concluding that statement in sales brochure qualified as an express warranty in part because sales representative "was aware that [plaintiff] was looking for a vessel sufficient for long distance ocean-going cruises"); *Fields v. Melrose P'ship*, 439 S.E.2d 283, 284 (S.C. Ct. App. 1993) ("A[n] [express] warranty is created when the seller makes an affirmation with respect to the thing to be sold **with the intention** that the buyer shall rely on it in making the purchase.") (emphasis added).

D.    Is actual reliance required to recover on a theory of express warranty?

1.    Some states, like Georgia and Texas, require that a plaintiff prove both knowledge of and reliance on the affirmation or promise alleged to constitute an express warranty.[68]

2.    There is some debate about whether California requires proof of reliance for express warranty claims, with at least one court recognizing a *reasonable reliance* requirement, while another court has rejected such a rigid standard.[69]

3.    At the opposite end of the spectrum, it appears that some states, like Colorado, do not require that a plaintiff prove reliance in express warranty actions.[70]

4.    Other states, like Missouri, have adopted an intermediate position that requires the plaintiff to have read the advertisement, brochure, or other statement giving rise to the express warranty claim.[71]

---

[68]     *See, e.g., Servais v. Philbrick*, 380 S.E.2d 496, 497 (Ga. Ct. App. 1989) ("To recover for an express warranty it is necessary to show that the statement . . . was relied upon as such.") (citation and internal quotations omitted); *Ackermann v. Wyeth Pharms.*, 471 F. Supp. 2d 739, 744 (E.D. Tex. 2006) ("[T]he Court agrees with the Defendant that no express warranty was identified, **but more importantly**, there has been no showing that Ackermann relied on any express warranty.  In Texas, reliance is not only relevant to, but an element of proof, for sustaining a claim for breach of an express warranty.") (emphasis added) (adopting magistrate's report and recommendations); *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 681 (Tex. App. 2002) ("plaintiff must prove . . . that [she] *relied* upon said affirmation of fact or promise"); *Young v. Leach*, No. 14-03-00071-CV, 2004 Tex. App. LEXIS 7960, at *9 (Tex. App. Aug. 31, 2004) (noting that the phrase, "[b]asis of the bargain," illustrates the requirement of reliance); *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 U.S. Dist. LEXIS 97196, at *43 (S.D. Fla. May 15, 2007) (in Florida, plaintiff must show that she "relied on [the express] warranty"); *Global Truck & Equip. Co. v. Palmer Mach. Works*, 628 F. Supp. 641, 651-52 (N.D. Miss. 1986) (no warranty was created by affirmations because plaintiff did not prove that he had knowledge of and relied on the seller's statement at the time of purchase); *Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 217 (E.D.N.Y. 2004) ("[u]nder New York law, . . . reliance [is] required to recover for breach of an express warranty"); *Sheehan v. N. Am. Mktg. Corp.*, No. 05-364 S, 2008 U.S. Dist. LEXIS 26882, at *17 (D.R.I. Apr. 2, 2008) ("plaintiff . . . has the burden of proving that the statements or representations made by the seller induced her to purchase the product and that she relied upon such statements or representations") (quoting *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985)).

[69]     *Compare Sanders v. Apple, Inc.*, No. C 08-1713 JF (PVT), 2009 U.S. Dist. LEXIS 6676, at *16 (N.D. Cal. Jan. 15, 2009) ("To plead an action for breach of express warranty under California law, a plaintiff must allege . . . *reasonable reliance* thereon . . . ."), *with Buchanan*, 220 Cal. Rptr. at 398 ("The representation need only be part of the basis of the bargain, or merely a factor or consideration inducing the buyer to enter into the bargain. A warranty statement made by a seller is presumptively part of the basis of the bargain, and the burden is on the seller to prove that the resulting bargain does not rest at all on the representation.").

[70]     *See, e.g., Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 644-45 (10th Cir. 1991) (Colorado law) (express warranty created by statements in seller's brochure even though buyer did not rely on the statements); *Daughtrey v. Ashe*, 413 S.E.2d 336, 338-39 (Va. 1992) (buyer need not prove reliance on description because the UCC was intended to modify the traditional requirement of reliance).

[71]     *See Interco, Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 262 (Mo. Ct. App. 1976) ("the advertisement or brochure must have at least been read"); *see also Crank v. Firestone Tire & Rubber Co.*, 692 S.W.2d 397, 401 (Mo.

*(cont'd)*

E.     What is merchantability for purposes of an implied warranty claim?

    1.     The test of merchantability – whether the goods are "fit for the ordinary purposes for which such goods are used" – is applied differently from state to state.

        a.     For example, in Georgia, the ordinary purpose for which goods are used is determined by the manufacturer, not the user.[72]

        b.     By contrast, Texas purports to define merchantability in terms of "adequacy."[73]

        c.     Some states have enacted statutes defining merchantability more fully than does the Uniform Commercial Code.[74]

        d.     Still other states focus on the "expectations" of the "reasonable consumer"[75] or the "expectations of the particular plaintiff."[76]

F.     What is the duration of an implied warranty?

    1.     Some states permit merchants to limit the duration of an implied warranty so long as the limitation is reasonable.[77]

---

*(cont'd from previous page)*

Ct. App. 1985) ("an advertisement read by the plaintiff may create an express warranty"); *Baughn v. Honda Motor Co.*, 727 P.2d 655, 669 (Wash. 1986) (even though reliance need not be proven, the plaintiff must at least be aware of representations to recover for breach of express warranty).

[72]     *See Hines v. Mercedes-Benz USA, LLC,* 358 F. Supp. 2d 1222, 1232-33 (N.D. Ga. 2005) (plaintiff failed to show that alleged breach of implied warranty affected vehicle's "drivability or usefulness"); *Horne v. Claude Ray Ford Sales, Inc.*, 290 S.E.2d 497, 499 (Ga. Ct. App. 1982) (damage to a new car that did not affect a vehicle's "usefulness or its driveability" did not affect merchantability).

[73]     The Texas standard is different from that used in Georgia and California in that it defines merchantability in terms of "adequacy." *See Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 853 (Tex. App. 2005) (plaintiff must prove that product was "defective as unfit for [its] purpose because of a lack of what was required for adequacy"); *Holder v. Keller Indus., Inc.*, No. 05-97-01168-CV, 2000 Tex. App. LEXIS 910, at *20 (Tex. App. Feb. 9, 2000) (product must be "unfit for the ordinary purpose for which it is used because of a lack of something necessary for adequacy") (citation omitted).

[74]     *See* Kan. Stat. Ann. § 50-624(f) (2008) ("'merchantable' means, in addition to the qualities prescribed in Kan. Stat. Ann. § 84-2-314 . . . conformity in all material respects with applicable state and federal statutes and regulations establishing standards of quality and safety"); W. Va. Code § 46A-6-102(c) (2009) (in addition . . . "merchantable" means that "goods conform in all material respects to applicable state and federal statutes and regulations," and "that the goods are in good working order and will operate properly in normal usage for a reasonable period of time").

[75]     *See Venezia v. Miller Brewing Co.*, 626 F.2d 188, 190 (1st Cir. 1980) ("[u]nder Massachusetts law the question of fitness for ordinary purposes is largely one centering around reasonable ***consumer*** expectations") (emphasis added).

[76]     *See Denny v. Ford Motor Co.*, 639 N.Y.S.2d 250, 258-59 (1995) (the focus is on the "ordinary purpose for which the product was marketed and sold to the 'plaintiff'").

    2.       In other states, the implied warranty of merchantability is of "uncertain duration."[78]

    3.       At least one state, California, limits the duration of implied warranties in consumer transactions to one year.[79]

G.      <u>What is required to satisfy the notice requirement of UCC § 2-607(3)?</u>

    1.       Some states highlight the lack of formal requisites and merely require that the buyer inform the seller that "the transaction is still troublesome and must be watched."[80]

    2.       Other states impose more stringent notice requirements regarding the timing and content of the notice.[81]

    3.       Many states place the burden of proof regarding notice on the plaintiff.[82]

---

*(cont'd from previous page)*

[77]    *See Norman v. Ford Motor Co.*, 513 N.E.2d 1053,1055 (Ill. App. Ct. 1987) (under Illinois law, manufacturer may expressly limit duration of implied warranty of merchantability). Whether a limitation on an implied warranty is reasonable depends on the particular circumstances of each case. *See, e.g., Belvins v. New Holland N. Am., Inc.*, 97 F. Supp. 2d 747, 750-51 (W.D. Va. 2000) (recognizing that all "relevant circumstances" of the transaction must be taken into account, including the sophistication of the buyer and the opportunity to purchase goods elsewhere); *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 294 (4th Cir. 1989) (determining that whether the limited duration of an implied warranty is unconscionable depends on factual determinations, including the parties' relative sophistication).

[78]    1 Julian B. McDonnell, *Commercial and Consumer Warranties* ¶ 3.03[3][a], at 3-65 (2005).

[79]    *See* Cal. Civ. Code § 1791.1(c) (2009) ("in no event shall [an] implied warranty have a duration of less than 60 days or more than one year following the sale of new consumer goods to a retail buyer").

[80]    *See* UCC § 2-607, cmt. 4; *see also Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 102 (11th Cir. 1983) (Florida law) (notice requirement met by buyer's complaints even though buyer continued to order repair and replacement parts); *Agrarian Grain Co. v. Meeker*, 526 N.E.2d 1189, 1193 (Ind. Ct. App. 1988) (notice requirement met where seller knew buyer was dissatisfied); *Church of the Nativity of Our Lord v. Watpro, Inc.*, 491 N.W.2d 1, 6 (Minn. 1992) (notice requirement satisfied by notice to distributor if manufacturer and distributor are in agency relationship), *rev'd on other grounds*, 615 N.W.2d 302 (Minn. 2000).

[81]    *See, e.g., Schaefer v. Weaver*, 60 N.W.2d 696, 699 (Wis. 1953) (deciding case on other grounds but suggesting five-month delay in providing notice would not have been reasonable); *Schroeder v. Drees*, 83 N.W.2d 707, 709 (Wis. 1957) (seven-month delay in giving notice unreasonable); *Wilson v. Tuxen*, 754 N.W.2d 220, 233 (Wis. Ct. App. 2008) (plaintiff's breach of implied warranty claim failed because he waited too long – approximately 10 months – to provide notice of the breach to seller); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 62 Cal. Rptr. 2d 701, 708-09 (Cal. Ct. App. 1997) (finding that three-year delay was unreasonable as a matter of law and barred express warranty claim); *Eaton Corp. v. Magnavox Co.*, 581 F. Supp. 1514, 1531-32 (E.D. Mich. 1984) (recovery barred even though buyer complained to seller about product because buyer failed to give proper notice; buyer did not specify that he thought there was a breach of warranty); *Agway, Inc. v. Teitscheid*, 472 A.2d 1250, 1252-53 (Vt. 1984) (telephone call expressing dissatisfaction with product insufficient to establish notice because there is a distinction between a consumer complaint and a breach of warranty).

[82]    *See, e.g., Sanders*, 2009 U.S. Dist. LEXIS, at *16 (California law) (plaintiff must plead he provided defendant with pre-litigation notice); *Fonk v. Brownlee*, No. 87-0508, 1987 Wisc. App. LEXIS 4287, at *4 (Wis. Ct. App. Nov. 4, 1987) ("notice requirement must be established as part of a prima facie case"); *Stalter v. Coca-Cola*

*(cont'd)*

    4.      Other states treat lack of adequate notice as an affirmative defense that must be proven by the defendant.[83]

    5.      In still other states, like Texas, it is unclear which party bears the burden of proof on the issue of notice.[84]

H.    <u>What affirmative defenses are available for warranty actions and how are they interpreted?</u>

    1.      The standards governing product misuse and assumption of risk differ from state to state.

        a.      In some states, the inquiry concerning misuse centers on whether the user has deviated from instructions provided with the product.[85]

        b.      Elsewhere, as in Texas, the focus is on whether the use was foreseeable or not.[86]

        c.      By further contrast, in Massachusetts, the test for product misuse is whether the plaintiff put the product to a use that differed from its intended use.[87]

---

*(cont'd from previous page)*

*Bottling Co.*, 669 S.W.2d 460, 464 (Ark. 1984) (notice must be pleaded to state a cause of action); *Smith v. Stewart*, 667 P.2d 358, 366 (Kan. 1983) ("the giving of notice within a reasonable time to the seller . . . is a condition precedent to filing an action for recovery of damages for breach of implied or express warranty") (citation omitted); *Moore v. Puget Sound Plywood, Inc.*, 332 N.W.2d 212, 215 (Neb. 1983) ("purchaser must plead that he gave timely notice of breach"); *Stamper Black Hills Gold Jewelry, Inc. v. Souther*, 414 N.W.2d 601, 604 (N.D. 1987) ("notice is a condition precedent to the buyer's cause of action which must be pleaded and proved by the buyer").

[83]    *See Henrick v. Coats Co.*, 458 N.E.2d 773, 775 (Mass. App. Ct. 1984) (burden on defendant to show prejudice from lack of notice); *Pettella v. Corp Bros., Inc.*, 268 A.2d 699, 703-04 (R.I. 1970) (burden on defendant to show prejudice from delay in notice).

[84]    *Compare Integrated Title Data Sys. v. Dulaney*, 800 S.W.2d 336, 342 (Tex. App. 1990) (buyer's failure to give seller notice is an affirmative defense), *with U.S. Tire-Tech.*, 110 S.W.3d at 200 (plaintiff has burden of proving notice under Texas law); *Miller v. Spencer*, 732 S.W.2d 758, 761 (Tex. App. 1987) ("The burden of alleging and proving proper notice and opportunity to cure is on . . . buyers.").

[85]    *See* N.C. Gen. Stat. § 99B-4(1) (2009) (no liability if "[t]he use of the product giving rise to the product liability action was contrary to any express and adequate instruction or warnings delivered with, appearing on, or attached to the product").

[86]    *See Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 835 (Tex. 1987) (characterizing defense as "unforeseeable product misuse"); *Payne v. Soft Sheen Prods., Inc.*, 486 A.2d 712, 725-26 (D.C. 1985) ("[p]roduct 'misuse' is defined as use of a product in a manner that could not reasonably be foreseen by the defendant") (citation omitted); Idaho Code § 6-1405(3)(a) (2009) ("'Misuse' occurs when the product user does not act in a manner that would be expected of an ordinary reasonably prudent person"). *See also Schwoerer v. Union Oil Co.*, 17 Cal. Rptr. 2d 227, 232 (Cal. Ct. App. 1993) (manufacturer is not liable in strict liability action where injury resulted from plaintiff's unforeseeable use of the product).

[87]    *See Hallmark Color Labs, Inc. v. Damon Corp.*, 477 N.E.2d 1052, 1054 (Mass. App. Ct. 1985) ("warranty claim may be nullified where the user puts the product to use other than the intended one").

2.      Some states recognize contributory or comparative negligence as defenses in warranty actions.

a.      In some jurisdictions, like New Hampshire, contributory negligence is a defense to liability for breach of warranty.[88]

b.      Some jurisdictions adhere to "pure" comparative fault principles, under which plaintiff's recovery is reduced by the amount of his or her own fault, no matter how great it is.[89]

c.      In still other jurisdictions, including Texas, a plaintiff may recover on a breach of warranty claim unless his or her fault is ***greater than*** that of the defendant.[90]

d.      In California, the defense of contributory negligence or comparative fault is apparently not available in breach of warranty cases.[91]

---

[88]     *See Stephan v. Sears, Roebuck & Co.,* 266 A.2d 855, 858 (N.H. 1970) ("contributory negligence is a defense to an action for breach of warranty"); *Mattos, Inc. v. Hash,* 368 A.2d 993, 999 (Md. 1977) (recognizing that courts are split on whether contributory negligence bars warranty action); *Walsh v. Ford Motor Co.,* 130 F.R.D. 260, 274 (D.D.C. 1990) (recognizing that some states permit contributory negligence as a defense to a breach of implied warranty claim).

[89]     *See Morales v. Am. Honda Motor Co.,* 151 F.3d 500, 517-18 (6th Cir. 1998) (concluding that Kentucky pure comparative fault principles apply to actions based on breach of warranty); *In re Certified Questions,* 331 N.W.2d 456, 462 (Mich. 1982) (applying Michigan's comparative negligence statute to breach of warranty claims); *Fiske v. MacGregor,* 464 A.2d 719, 727 (R.I. 1983) (applying Rhode Island's comparative negligence statute to breach of implied warranty action).

[90]     *See JCW Elecs., Inc. v. Garza,* 257 S.W.3d 701, 707-08, n.7 (Tex. 2007) (determining that breach of warranty claimant may not recover damages if his proportionate fault is greater than fifty percent); Del. Code Ann. tit. 10, § 8132 (2009) (recovery denied if comparative negligence is greater than fifty percent).

[91]     *See Shaffer v. Debbas,* 21 Cal. Rptr. 2d 110, 114 (Cal. Ct. App. 1993) (concluding that comparative negligence is not a defense in an express warranty action); *Vassallo v. Sabatte Land Co.,* 27 Cal. Rptr. 814, 818 (Cal. Ct. App. 1963) (rejecting contributory negligence as a defense to a breach of implied warranty claim). *See also Hensley v. Sherman Car Wash Equip. Co.,* 520 P.2d 146, 148 (Colo. Ct. App. 1974) (distinguishing between assumption of the risk and contributory negligence and resolving that the latter "has no place in actions premised on breach of warranty"); *Gregory v. White Truck & Equipment Co.,* 323 N.E.2d 280, 290 (Ind. Ct. App. 1975) (concluding that while product misuse and assumption of the risk are available defenses in warranty cases, defendant may not assert contributory negligence defense).

## III. State Laws Vary Widely With Respect To Plaintiffs' Unjust Enrichment Claims, Precluding Multi-State Or Nationwide Certification.[92]

A. Is unjust enrichment an independent cause of action or simply an equitable remedy?

1. At least one state, Texas, does not recognize unjust enrichment as an independent cause of action.[93]  In some jurisdictions, it is unclear whether unjust enrichment is considered an independent cause of action.[94]

2. By contrast, other states recognize unjust enrichment as a cause of action.[95]

---

[92]    *See, e.g.*, *In re ConAgra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 697-98 (N.D. Ga. 2008) (denying nationwide certification of unjust enrichment class; "Plaintiffs have failed to carry their burden that there are no material variations in state [unjust enrichment] law"); *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 563 (W.D. Ark. 2005) (internal citations omitted) (denying nationwide class certification on unjust enrichment claims because, *inter alia*, "the actual definition of 'unjust enrichment' varies from state to state.  Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud . . . .  Other states only allow a claim of unjust enrichment when no adequate legal remedy exists . . . .  Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense."); *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 501 (S.D. Ill. 1999) (performing an analysis of unjust enrichment state-law variations and finding a claim of unjust enrichment "is packed with individual issues and would be unmanageable"); *In re Baycol Prods. Litig.*, 218 F.R.D. 197, 214 (D. Minn. 2003) (plaintiffs provided insufficient information for the court to conclude that the laws concerning unjust enrichment are not significantly or materially different, and thus "failed to demonstrate that common issues of law predominate"); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, MDL No. 1703, 2007 WL 4287511, at *9 (N.D. Ill. Dec. 4, 2007) ( "It is clear just from our review of Illinois law that unjust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone amongst the fifty states.").

[93]    *County of El Paso v. Jones*, No. EP-09-CV-00119-KC, 2009 U.S. Dist. LEXIS 113149, at *44 (W.D. Tex. Dec. 4, 2009) ("[a]ccording to Texas state law, unjust enrichment, itself, is not an independent cause of action. Rather, this doctrine belongs to the measure of damages known as quasi-contract or restitution") (internal quotations omitted); *Baisden v. I'm Ready Prods., Inc.*, No. H-08-0451, 2008 U.S. Dist. LEXIS 39949, at *30-31 (S.D. Tex. May 16, 2008) (same); *Oxford v. Williams Cos.*, 137 F. Supp. 2d 756, 762 (E.D. Tex. 2001) ("[u]njust enrichment is not an independent cause of action"); *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 703 (Tex. App. 2008) (same); *Casstevens v. Smith*, 269 S.W.3d 222, 229 (Tex. App. 2008) ("Unjust enrichment, itself, is not an independent cause of action, but rather 'characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay.'") (citation omitted).

[94]    *Compare Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562 at *16-17 (N.D. Cal. Dec. 17, 2009) (a "claim for unjust enrichment cannot stand alone as an independent claim for relief;" therefore the viability of a plaintiff's unjust enrichment "claim will depend upon the viability of the [p]laintiffs' other claims") *and Enreach Tech., Inc. v. Embedded Internet Solutions, Inc.*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005) (granting summary judgment for defendants because "unjust enrichment is not a valid cause of action in California") *and Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 352 (Cal. Ct. App. 2003) (affirming summary judgment because there is "no cause of action for unjust enrichment under California law") *with McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (Cal. Ct. App. 2004) (claim for unjust enrichment is "synonymous" with a claim for restitution – which is a recognized cause of action under California law).

[95]    *See, e.g.*, *Partipilo v. Hallman*, 510 N.E.2d 8, 11 (Ill. App. Ct. 1987) (determining that claim for unjust enrichment is a cause of action); *Nehi Beverage Co. v. Petri*, 537 N.E.2d 78, 84-86 (Ind. Ct. App. 1989) (finding that
*(cont'd)*

B.     <u>Is a claim for unjust enrichment legal or equitable in nature?</u>

    1.     Some states consider unjust enrichment to be an equitable cause of action,[96] while others consider it to be an action at law.[97]

    2.     Still other states appear to employ an *ad hoc* approach, which requires the court to determine on a case-by-case basis whether the action is best categorized as equitable or at law.[98]

    3.     At least one state, Louisiana, has codified the requirements for recovery based on unjust enrichment as an action at law.[99]

C.     <u>Does the existence of an adequate remedy at law defeat recovery for unjust enrichment?</u>

    1.     Many states that treat unjust enrichment as an equitable action require a plaintiff to prove that all legal remedies have been exhausted.[100]

---

*(cont'd from previous page)*

claim for unjust enrichment is a cause of action entitled to a jury trial); *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393-94 (Del. Ch. 1999) (recognizing that plaintiff may assert a claim for unjust enrichment); *Caseau v. Belisle*, No. PC 01-4441, 2005 R.I. Super. LEXIS 144, at *18 (R.I. Super. Ct. Sept. 26, 2005) ("[u]njust enrichment is an independent cause of action").

[96]     *See, e.g.*, *Jackson Nat'l Life Ins. Co.*, 741 A.2d at 393 (Delaware law) (recognizing that unjust enrichment is rooted in principles of "justice or equity or good conscience"); *Scottsdale Ins. Co. v. Underwriters at Lloyd's London*, CV064022710S, 2009 Conn. Super. LEXIS 2411, at *25 (Conn. Super. Ct. Sept. 8, 2009) ("[a] right of recovery under the doctrine of unjust enrichment is essentially equitable"); *Iowa Waste Sys. v. Buchanan County*, 617 N.W.2d 23, 30 (Iowa Ct. App. 2000) ("a claim for unjust enrichment is rooted solely in equitable principals [*sic*]"); *Bowden v. Grindle*, 651 A.2d 347, 351 (Me. 1994) ("Unjust enrichment is an equitable action"); *Caseau*, 2005 R.I. Super. LEXIS 144, at *18-19 (Rhode Island law); *Nilson v. JPMorgan Chase Bank, N.A.*, No. 1:09-cv-00121, 2009 U.S. Dist. LEXIS 119503, at *81 (D. Utah Dec. 23, 2009) (characterizing unjust enrichment cause of action as equitable in nature).

[97]     *See Partipilo*, 510 N.E.2d at 11 (Illinois law) (resolving that unjust enrichment "is the product of a long tradition in law and is an action ***at law***") (emphasis added).

[98]     *See, e.g.*, *Gagne v. Vaccaro*, 835 A.2d 491, 495 (Conn. App. Ct. 2003) (determining that unjust enrichment is not always an "equitable matter" and characterizing claim in case as legal rather than equitable in nature); *Ramunno v. Persimmon Lane Apts.*, No. 80-102-1976, 1976 Del. C.P. LEXIS 11, at *4 (Del. Ct. C.P. 1976) ("While the doctrine of unjust enrichment is essentially equitable in its character, it may nevertheless be maintained as an action at law.").

[99]     *See* La. Civ. Code Ann. art. 2298 (2009) ("A person who has been enriched without cause at the expense of another person is bound to compensate that person.").

[100]     *See, e.g.*, *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1056 (Del. Super. Ct. 2001) (one of the elements of unjust enrichment in Delaware is the "absence of a remedy provided by law"); *Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-55, n.2 (Iowa 2001) (noting that unjust enrichment is not available when there are adequate remedies at law); *Santagate v. Tower*, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005) ("An equitable remedy for unjust enrichment is not available to a party with an adequate remedy at law."); *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) ("[r]elief under the theory of unjust enrichment is not available where there is an adequate legal remedy").

2.     By contrast, in Illinois, which treats unjust enrichment as an action at law, a plaintiff is not required to exhaust all adequate remedies at law before bringing a claim for unjust enrichment.[101]

D.     Does the existence of an express contract preclude an action for unjust enrichment?

1.     Many states, including Georgia, Wisconsin, and South Carolina, do not permit recovery under a theory of unjust enrichment when there is an express contract.[102]

2.     However, some states do permit recovery for unjust enrichment when a contract governs the parties' conduct.[103]

E.     What is the meaning of "unjust"?

1.     Minnesota defines this term to mean "illegally or unlawfully."[104]

2.     Illinois and several other states do not require either fault or illegality.[105]

---

[101]     *See Partipilo*, 510 N.E.2d at 11 (holding that defendant's "defense based upon an adequate remedy at law is unavailable since this [unjust enrichment claim] is an action for a monetary recovery").

[102]     *See, e.g., Pac. W., Inc. v. LandAm. Credit Servs., Inc.*, No. 1:05-CV-0895-JEC, 2007 WL 1970870, at *3 (N.D. Ga. June 29, 2007) (unjust enrichment is only available "when there is no legal contract") (citation omitted); *Beer Capitol Distrib. v. Guinness Bass Import Co.*, 290 F.3d 877, 881 (7th Cir. 2002) (Wisconsin law) ("[U]njust enrichment is an obligation enforced in the absence of any agreement."); *Waterfront Renaissance Assocs. v. City of Phila.*, No. 07-1045, 2008 U.S. Dist. LEXIS 25868, at *37 (E.D. Pa. Mar. 31, 2008) (unjust enrichment has no basis when the parties are subject to a written contract); *Key Corp. Capital, Inc. v. County of Beaufort*, 664 S.E.2d 675, 678 (S.C. 2007) ("[E]quitable relief is generally available where there is no adequate remedy at law. . . ."); *Blue Frog Mobile NV, Inc. v. Navicomm LLC*, No. 1:06-cv-1215-JDT-TAB, 2007 U.S. Dist. LEXIS 83243, at *7 (S.D. Ind. Nov. 8, 2007) (in Indiana, an express contract precludes recovery under a theory of unjust enrichment); *Strategic Alliance Partners, LLC v. Dress Barn, Inc.*, 386 F. Supp. 2d 312, 318 (S.D.N.Y. 2005) ("existence of an express contract would preclude . . . a claim [for unjust enrichment]"); *In re Bay Vista of Va., Inc.*, No. 07-71213-SCS, APN 08-7046-SCS, 2009 Bankr. LEXIS 916, at *54 (Bankr. E.D. Va. Feb. 2, 2009) (in Virginia, "[t]he existence of an express contract between parties precludes a recovery under a theory of unjust enrichment"). *See also Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) (although a plaintiff generally "may plead equitable claims in the alternative, [she] may only do so if one or more of the parties contests the existence of an express contract governing the subject of the dispute").

[103]     *See, e.g., United Coastal Indus. v. Clearheart Constr. Co.*, 802 A.2d 901, 906 (Conn. App. Ct. 2002) ("Although restitution for unjust enrichment often applies to situations in which there is no written contract, it can also apply to situations in which there is a contract"); *Lee v. Foote*, 481 A.2d 484, 485 (D.C. 1984) ("When an express contract has been repudiated or materially breached by the defendant, restitution for the value of the non-breaching party's performance is available as an alternative to an action for damages on the contract").

[104]     *Servicemaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (internal quotations omitted).  Similarly, Arkansas and Connecticut equate unjust with "unlawful."  *See, e.g., Whitley v. Irwin*, 465 S.W.2d 906, 910 (Ark. 1971); *Greenwich Contracting Co. v. Bonwit Constr. Co.*, 239 A.2d 519, 523 (Conn. 1968); *Paoletta v. Anchor Reef Club at Branford, LLC*, No. X10UWY054005853S, 2008 Conn. Super. LEXIS 104, at *17-18 (Conn. Super. Ct. Jan. 11, 2008).

[105]     *Firemen's Annuity & Benefit Fund. v. Mun. Employees*, 579 N.E.2d 1003, 1007 (Ill. App. Ct. 1993); *Pichon v. L.J. Broekemeier, Inc.*, 702 P.2d 884, 887 (Idaho Ct. App. 1985); *Mayer v. Bishop*, 551 N.Y.2d 673, 675 *(cont'd)*

3.    While New Hampshire agrees with Minnesota that "unjust enrichment" follows from some unlawful act,[106] the state apparently also recognizes unjust enrichment when the defendant has "innocently receive[d] a benefit and passively accept[ed] it."[107]

F.    <u>What are the substantive elements of unjust enrichment?</u>

1.    Some states apply ambiguous and subjective standards that give little content to the notion of unjust enrichment.[108]

a.    For example, unjust enrichment is proven under Massachusetts law when "the plaintiff demonstrates that [the] defendant was enriched under circumstances which make retention of the money unjust."[109]

b.    In Indiana, it arises where the plaintiff has demonstrated "that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust."[110]

2.    By contrast, other states have delineated very specific requirements for unjust enrichment.

a.    In South Carolina, a plaintiff must establish the following elements under an unjust enrichment theory:  (1) a benefit conferred by the plaintiff on the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for him to retain it without paying its value.[111]

b.    Wyoming requires four elements for unjust enrichment:  "(1) [v]aluable services were rendered or materials furnished; (2) to the party to be charged; (3) which services and materials were

---

*(cont'd from previous page)*
(N.Y. App. Div. 1990); *4934, Inc. v. District of Columbia Dep't of Employment Servs.*, 605 A.2d 50, 56 (D.C. 1992); *Landeis v. Nelson*, 808 P.2d 216, 218 (Wyo. 1991).

[106]    *Am. Univ. v. Forbes*, 183 A. 860, 862 (N.H. 1936).

[107]    *Petrie-Clemons v. Butterfield*, 441 A.2d 1167, 1172 (N.H. 1982).

[108]    *See* Candace S. Kovacic, *A Proposal to Simplify Quantum Meruit Litigation*, 35 Am. U. L. Rev. 547, 559 (1986) ("there appears to be a grab bag of elements from which the courts draw").

[109]    *Maruho Co. v. Miles, Inc.*, Civ. A. No. 92-10084-Z, 1993 WL 81453, at *6 (D. Mass. Mar. 8, 1993) (citing Massachusetts cases).

[110]    *Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009).

[111]    *Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P.*, No. 26735, 2009 S.C. LEXIS 500, at *23 (S.C. Oct. 12, 2009).

accepted, used and enjoyed by the party; (4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged."[112]

    c.    Arizona, Delaware, Louisiana, and North Dakota articulate the elements in very different terms, requiring the plaintiff to show additional elements, such as an absence of justification on the part of the defendants.[113]

    d.    In Alabama, the plaintiff must show that the "defendant holds money which, in equity and good conscience, belongs to [the] plaintiff or holds money which was improperly paid to [the] defendant because of mistake or fraud."[114]

3.    States vary on whether a plaintiff must prove that a benefit was "accepted and retained" or was merely received or accepted.

    a.    In Wisconsin and some other states, a plaintiff must show that the defendant "accepted and retained" the benefit giving rise to the claim.[115]

    b.    Other states, like Idaho, merely require that the defendant received or accepted the benefit.[116]

    c.    Georgia imposes a requirement that the plaintiff must have intended to receive compensation for the benefit conferred.[117]

4.    Some states differentiate *direct* benefits from *indirect* benefits for unjust enrichment claims.

---

[112]    *Amoco Prod. Co. v. EM Nominee P'ship Co.*, 2 P.3d 534, 541-42 (Wyo. 2000).

[113]    *See Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995); *Jackson Nat'l Life Ins.*, 741 A.2d at 393-94 (Delaware law); *Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1967); *Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891, 894-95 (N.D. 1999).

[114]    *Dickinson v. Cosmos Broad. Co.*, 782 So. 2d 260, 266 (Ala. 2000).

[115]    *See Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 476-77 (7th Cir. 2009) (plaintiff must prove both "acceptance and retention by the defendant of the benefit"); *see, e.g.*, *Alaska v. Mitchell*, 930 P.2d 1284, 1289 (Alaska 1997); *Swindell v. Crowson*, 712 So. 2d 1162, 1163 (Fla. Dist. Ct. App. 1998) (per curiam); *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. Ct. 1993).

[116]    *See, e.g.*, *Aberdeen-Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923 (Idaho 1999); *Anthony Corrado, Inc. v. Menard & Co. Bldg. Contractors*, 589 A.2d 1201, 1201-02 (R.I. 1991); *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966).

[117]    *See Hollifield v. Monte Vista Biblical Gardens*, 553 S.E.2d 662, 670 (Ga. 2001) ("For unjust enrichment to apply either in law or equity, the party conferring the [benefit] must have acted with the expectation that the other will be responsible for the cost."); *see also Engram v. Engram*, 463 S.E.2d 12, 15 (Ga. 1995) (parties must intend that benefit was conferred nongratuitously).

a.      Some states require that a *direct* benefit be conferred on the plaintiff.[118]

b.      At least nine states have eschewed any requirement of a direct benefit.[119]

c.      In still other states, there is conflicting authority as to whether a plaintiff must demonstrate the existence of a direct benefit.[120]

5.      Some states require plaintiffs to prove that recovery on their unjust enrichment claims would not violate public policy or frustrate the law.[121]

G.      <u>What is the relevance of the defendant's knowledge of the benefit?</u>

1.      A number of states, including South Carolina and Wisconsin, require that the plaintiff establish the defendant's knowledge or appreciation of the benefit conferred to prevail.[122]

a.      In Oregon, a plaintiff is required to show that the defendant had some "awareness" of a received benefit.[123]

---

[118]    *See Powers v. Lycoming Engines*, 245 F.R.D. 226, 232 (E.D. Pa. 2007) (in Florida, Idaho, and Ohio, plaintiffs must demonstrate a direct benefit), *rev'd on other grounds*, 328 F. App'x 121 (3d Cir. 2009). *See also In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 286-287 (D. Mass. 2004) (under North Carolina unjust enrichment law, "the benefit must be direct").

[119]    *See Powers*, 245 F.R.D. at 323 ("These states [Illinois, Iowa, Kansas, Maryland, Massachusetts, Michigan, New York, Pennsylvania and Tennessee] have allowed indirect purchasers to establish claims for unjust enrichment so long as they can prove that the defendant benefited at the plaintiff's expense, even if the benefit flowed indirectly from the plaintiff to the defendant.").

[120]    *Compare MacMorris v. Wyeth, Inc.*, No. 2:04-cv-596-FtM-29DNF, 2005 U.S. Dist. LEXIS 46657, at *13 (M.D. Fla. June 27, 2005) ("indirect purchasers have been allowed to bring an unjust enrichment claim against a manufacturer"), *with Tilton v. Playboy Entm't Group, Inc.*, No. 8:05-cv-692-T-30TGW, 2007 U.S. Dist. LEXIS 1393, at *9 (M.D. Fla. Jan. 8, 2007) (noting that an indirect benefit is insufficient to recover for unjust enrichment).

[121]    *See Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 210 S.W.3d 101, 112 (Ark. 2005) (highlighting that plaintiff must prove that restitution "involves no violation or frustration of law or opposition to public policy, either directly or indirectly") (citation omitted).

[122]    *See, e.g., In re Collins*, No. 03-04179-W, 2005 Bankr. LEXIS 2924, at *21 (Bankr. S.C. Apr. 26, 2005) (one of the elements of unjust enrichment in South Carolina is "realization of th[e] benefit by the defendant"); *Niggel Assocs., Inc. v. Polo's of Myrtle Beach*, 374 S.E.2d 507 532-33 (S.C. Ct. App. 1988) (South Carolina law) ("plaintiff must confer the benefit nongratuitously:  that is, it must either be:  (1) at the defendant's request or (2) in circumstances where the plaintiff reasonably relies on the defendant to pay for the benefit and the defendant understands or ought to understand that the plaintiff expects compensation"); *Gebhardt Bros., Inc. v. Brimmel*, 143 N.W.2d 479, 481 (Wis. 1966) ("appreciation or knowledge by defendant of the benefit" is an element of unjust enrichment); *Utah Foam Prods., Inc. v. Polytec, Inc.*, 584 So. 2d 1345, 1350 (Ala. 1991); *Landry v. Landry*, 697 A.2d 843, 845 (Me. 1997); *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons*, 747 A.2d 600, 607 n.7 (Md. 2000); *Servicemaster*, 544 N.W.2d at 306 (Minnesota law); *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1988); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984); *Juttelstad v. Juttelstad*, 587 N.W.2d 447, 451-52 (S.D. 1998); *Edward D. Jones & Co. v. Mishler*, 983 P.2d 1086, 1101 (Or. Ct. App. 1999).

      b.     Georgia appears to go even further, requiring a plaintiff to show that the defendant "knew of the value being bestowed upon him by another and failed to stop the act or to reject the benefit prior to its conferment."[124]

2.     Other states do not impose any state-of-mind requirement to recover on a theory of unjust enrichment.[125]

      a.     New York makes no mention of the defendant's knowledge and only requires a plaintiff to prove: "that (1) the defendant was enriched (2) at plaintiff's expense, and (3) that 'it is against equity and good conscience to permit . . . defendant to retain what is sought to be recovered.'"[126]

      b.     At least one state, Colorado, has directly rejected a knowledge requirement for establishing a claim for unjust enrichment.[127]

H.     <u>Is privity required?</u>

1.     In some states, a plaintiff suing for unjust enrichment must demonstrate privity with the defendant.[128]

2.     By contrast, in other states, privity of contract is not a prerequisite to recovery under a theory of unjust enrichment.[129]

---

*(cont'd from previous page)*

[123]    *See Summer Oaks Ltd. P'ship v. McGinley,* 55 P.3d 1100, 1104 (Or. Ct. App. 2002) (one of the elements of unjust enrichment under Oregon law is "awareness by the recipient that a benefit has been received").

[124]    *Hollifield,* 553 S.E.2d at 670.

[125]    *See In re ConAgra Peanut Butter Prods. Liab. Litig.,* 251 F.R.D. at 697 ("Many . . . states however, do not explicitly require a particular state of mind.").

[126]    *Lake Minnewaska Mountain Houses Inc. v. Rekis,* 259 A.D.2d 797, 798 (N.Y. App. Div. 1999) (quoting *Paramount Film Distrib. Corp. v. New York*, 30 N.Y.2d 415, 421 (1972)). *See also B & M Die Co. v. Ford Motor Co.*, 421 N.W.2d 620, 622 (Mich. Ct. App. 1988) (under Michigan law, plaintiff must prove "(1) receipt of a benefit by the defendant from the plaintiff . . . (2) which benefit it is inequitable that the defendant retain").

[127]    *See DCB Constr. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 119 (Colo. 1998) (en banc) (citing Restatement of Restitution § 1 & cmt. A (1937)) ("Courts . . . frequently analyze 'appreciation' as knowledge or acquiescence. . . . However, the second prong really speaks **only** to the question of whether the materials and/or services received are of value to the defendant.") (emphasis added).

[128]    *See Brick Const. Corp. v. CEI Dev. Corp.*, 710 N.E.2d 1006, 1008 (Mass. Ct. App. 1999) (unjust enrichment claim failed where "there was no privity between the subcontractor and the owner"); *Sperry v. Crompton Corp.*, 810 N.Y.S.2d 498, 499-500 (N.Y. App. Div. 2006) ("[b]ecause the plaintiff was not in privity with the defendants, the plaintiff cannot maintain an action against them to recover damages for unjust enrichment") (citing other New York cases).

[129]    *See Steel Quest, Inc. v. City Mark Constr. Servs., Inc.*, No. C-960994, 1997 Ohio App. LEXIS 4769, at *6 (Ohio Ct. App. 1997) (holding that "unpaid supplier or subcontractor not in privity of contract with a general contractor may pursue a theory of unjust enrichment against the general contractor"); *Muehlbauer v. Gen. Motors*

*(cont'd)*

I.    <u>How do states treat the equitable defense of unclean hands in unjust enrichment actions?</u>

    1.    Many states permit a defendant to assert unclean hands as a defense to a claim for unjust enrichment.[130]

    2.    However, there are substantial variations from state to state regarding the requirements for establishing this defense.[131]

        a.    In Connecticut, this defense requires that the plaintiff engaged in "willful misconduct."[132]

        b.    By contrast, in Idaho, the defense of unclean hands may be asserted if the defendant can show that the plaintiff's conduct has been "inequitable, unfair and dishonest, or fraudulent and deceitful."[133]

        c.    By further contrast, in Nevada, this defense requires a two-part inquiry into:  (1) the egregiousness of misconduct on the part of the plaintiff; and (2) the seriousness of the harm caused.[134]

---

*(cont'd from previous page)*

*Corp.*, 431 F. Supp. 2d 847, 853 (N.D. Ill. 2006) (concluding that under Maine law, unjust enrichment does not require privity) (citing *Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994)).

[130]    *See Clay*, 188 F.R.D. at 501 ("Many states, but not all, permit an equitable defense of unclean hands.").

[131]    *See In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 148 (S.D.N.Y. 2008) ("[S]tates' formulations of the doctrine of unclean hands, which may be a defense to unjust enrichment, differ significantly."); *Clay*, 188 F.R.D. at 501 ("Those states that permit a defense of unclean hands [in unjust enrichment actions] vary significantly in the requirements necessary to establish the defense.").

[132]    *See Polverari v. Peatt*, 614 A.2d 484, 490 (Conn. App. Ct. 1992) (rejecting defense of unclean hands where defendants failed to show that plaintiffs engaged in "willful misconduct"). *See also Retail Developers of Ala., LLC v. E. Gadsden Golf Club, Inc.*, 985 So. 2d 924, 932 (Ala. 2007) (the defense of unclean hands requires "willful misconduct which is morally reprehensible as to known facts") (citation and internal quotation marks omitted).

[133]    *Dennett v. Kuenzli*, 936 P.2d 219, 225 (Idaho Ct. App. 1997) (citation omitted).  *See also Thompson v. Orcutt*, 777 A.2d 670, 676 (Conn. 2001) ("'Unless the plaintiff's conduct is of such a character as to be condemned and pronounced wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply.'") (quoting *Bauer v. Waste Mgt. of Conn., Inc.*, 686 A.2d 481, 486 (Conn. 1996)).

[134]    *See Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 767 (Nev. 2008) (two factors – egregiousness of misconduct and seriousness of harm caused – must be considered when evaluating the defense of unclean hands).