IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, and DENISE PACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,<br><br>Defendant. | Case No: CV-108-030<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EXHIBITS TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION TO STRIKE** |

Plaintiffs Michael Terrill, Robert Brown, Michael Vogler, Palecia Boyd and Denise Pack (collectively "Plaintiffs") hereby object to, and request that the Court strike, certain exhibits to Defendant's Opposition to Plaintiffs' Motion for Class Certification ("Opposition"), along with the portions of the Opposition that rely upon those exhibits. .

## OBJECTIONS

Plaintiffs object and move to strike the following portions of Defendant's Exhibits on the grounds set forth below:

1.      Exhibit 11 (Declaration of Chris Hill): *No personal knowledge and lacks foundation* (FRE 602); *Hearsay* (FRE 802). Plaintiffs object to paragraphs 9-17 in its entirety as the statements are not based on the declarant's personal knowledge. Rather, the declarant indicates that he "ha[s] been advised" of the purported facts stated in those paragraphs. Plaintiffs also object to the assertions in Defendant's Opposition that rely on the aforementioned paragraphs. (Opp. at 9-12, 15, 31, 43 and 50.) "[A]ffidavits or declarations [must] be based on the affiant's or declarant's personal knowledge." *Brooks v. Bellsouth Telecommunications, Inc.*, No. 1:07-CV-3054-ODE, 2009 U.S. Dist. LEXIS 20552, at *20 (N.D. Ga. Feb. 10, 2009)

1

(citations omitted).

2. Exhibit 15 (Declaration of David Fuller): *No personal knowledge and lacks foundation* (FRE 602); *Hearsay* (FRE 802). Plaintiffs object to paragraph 12 in its entirety as the statement is not based on the declarant's personal knowledge. Rather, the declarant indicates that he "ha[s] been advised" of the purported facts stated in that paragraph. Plaintiffs also object to the factual assertions in Defendant's Opposition that rely on the aforementioned paragraph. (Opp. at 41.)

3. Exhibit 1 (*Consumer Reports* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 1 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 6.) Exhibit 1 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof. Courts may take judicial notice where the alleged fact is "'one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questions.'" *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (quoting Fed. R. Evid. 201(b)). As such, it is inappropriate for the Court to take judicial notice of Defendant's factual assertions concerning the performance of front-load washing machines, consumers' awareness of front-load washing machines' mold and mildew problems and whether certain practices prevent mold and mildew from forming in front-load washing machines. Defendant does not merely ask the Court "to take judicial notice of the fact that the media has reported 'X' . . . ." *Shahar*, 120 F.3d at 214 n.5. Defendant is asking the Court "to know 'X.'" *Id.*

4. Exhibit 3 (*Consumer Reports* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 3 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 7.) Exhibit 3 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

5.  Exhibit 4 (*Consumer Reports* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 4 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 7.) Exhibit 4 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

6.  Exhibit 5 (*Consumer Reports* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 5 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 7.) Exhibit 5 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

7.  Exhibit 6 (*Seattle Post-Intelligencer* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 6 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 7-8.) Exhibit 6 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

8.  Exhibit 7 (*Cox News Service* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 7 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 8.) Exhibit 7 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

9.  Exhibit 8 (*Detroit News* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 8 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 8.) Exhibit 8 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

10. Exhibit 9 (*Detroit News* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 9 and the factual assertions in the

Opposition that rely upon this Exhibit. (Opp. at 8.) Exhibit 9 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

11. Exhibit 10 (*Daily Press* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 10 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 8.) Exhibit 10 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

12. Exhibit 16 (*Anniston Star* article): *Inappropriate for judicial notice* (FRE 201); *Hearsay* (FRE 802). Plaintiffs object to Exhibit 16 and the factual assertions in the Opposition that rely upon this Exhibit. (Opp. at 37.) Exhibit 16 is not subject to judicial notice and the factual assertions based on this Exhibit cannot become a part of the record in this case without formal proof.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain Plaintiffs' objections and strike the above-referenced exhibits and the portions of Defendant's Opposition that rely upon them.

Respectfully submitted, this 16th day of February, 2010.

Mark J. Tamblyn (*pro hac vice*)
Ian J. Barlow (*pro hac vice*)
WEXLER WALLACE LLP
455 Capitol Mall, Suite 231
Sacramento, California 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124
Email: mjt@wexlerwallace.com
Email: ijb@wexlerwallace.com

Kenneth A. Wexler (*pro hac vice*)
WEXLER WALLACE LLP

55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
Email: kaw@wexlerwallace.com

Charles M. McCallum (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
McCALLUM, HOAGLUND COOK & IRBY, LLP
905 Montgomery Highway, Suite 202
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205) 824-7768
Email: cmccallum@mhcilaw.com
Email: birby@mhcilaw.com

Lee W. Brigham
BELL & BRIGHAM
457 Greene St.
Augusta, Georgia 30901
Telephone: (706) 722-2014
Facsimile: (706) 722-7552
Email: lee@bellbrigham.com

Attorneys for *Plaintiffs*