IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

2010 MAY 24   PM 3: 40

*L. Ilbsden*

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, )<br>MICHAEL VOGLER, PALECIA BOYD, )<br>and DENISE PACK, on behalf of )<br>themselves and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v.                                        )<br>)<br>ELECTROLUX HOME PRODUCTS, )<br>INC., d/b/a FRIGIDAIRE®, )<br>)<br>Defendant. ) | CV 108-030 |

**O R D E R**

The above-captioned case is before the Court on Defendant's motion to compel

responses to discovery concerning class certification.[1] (Doc. no. 94). Plaintiffs responded

to Defendant's motion, and Defendant filed a reply in support of its motion. (Doc. nos. 101,

107).

**I.      PROCEDURAL HISTORY**

Plaintiff Michael Terrill commenced the above-captioned products liability case on

March 5, 2008, and seeks certification for a class action. (Doc. no. 1). Plaintiff alleged that

---

[1]Defendant also requested an entry of a revised scheduling order. (Doc. no. 94). Notably, however in the June 19, 2009 Order, re-opening the case, the parties were advised that any further extensions would have to be made to the presiding District Judge. (Doc. no. 60). Notably, the minutes to the April 26, 2010 settlement conference indicate that scheduling issues were discussed, and that the case is to proceed forward with the current schedule. (Doc. no. 116).

he and other consumers purchased washing machines that Defendant knew were inherently defective. (Id.). Plaintiff alleged claims for violation of the Georgia Uniform Deceptive Trade Practices Act, breach of express and implied warranties, and unjust enrichment. (Id.). On October 2, 2008, the Honorable Lisa Godbey Wood, Chief United States District Judge, closed the above-captioned case for all purposes of statistical reporting pending the results of mediation. (Doc. no. 58). The parties were unable to achieve resolution during mediation, and at the direction of Judge Wood, the parties' joint motion to re-open the case was granted. (Doc. no. 60).

Accordingly, pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, a revised Scheduling Order was entered; the close of class discovery was set for October 10, 2009, and the last day to file motion for class certification was set for November 9, 2009. (Id.). That Order also provided that any further motions for extension in the case would have to be addressed to Judge Wood.

On November 5, 2009, the parties filed a joint motion for entry of revised scheduling order. (Doc. no. 92). Judge Wood granted the motion and provided that the deadline for filing Plaintiffs' motion for class certification was extended an additional 30 days up to and including December 9, 2009, and that all subsequent deadlines were likewise extended by an additional thirty days. (Doc. no. 93). Importantly, Judge Wood did not extend the deadline for discovery on class certification.

On December 8, 2009, Defendant filed the motion to compel now before the Court and requested entry of a revised scheduling order. Thereafter, on December 18, 2009, Defendant submitted a consent motion for entry of a revised scheduling order. (Doc. no. 99).

2

Judge Wood extended the deadlines to respond to Defendant's motion to compel, to respond to Plaintiff's motion for class certification, and to reply in support of Plaintiff's motion for class certification. (Doc. no. 100). Next, Judge Wood set the case down for a status conference. (Doc. no. 109). The minutes for the status conference provide that the motion for class certification was fully briefed. (Doc. no.111). Shortly thereafter, the case was noticed for a settlement conference. (Doc. no. 114). The minutes to the settlement conference, as noted *supra*, indicate that scheduling issues were discussed, and that the case is to proceed forward with the current schedule. (Doc. no. 116).

## II.   DISCUSSION

As previously stated, Defendant filed its motion to compel discovery concerning class certification on December 8, 2009, well past the October 10, 2009 deadline for class certification discovery. Defendant maintains that the parties apparently had an agreement that they would wait on conducting any discovery (even for class certification) until Judge Wood had ruled on a pending motion to dismiss and motion to strike. (Doc. no. 94, pp. 1-2). Pursuant to the parties' November 5, 2009 joint motion for entry of revised scheduling order (doc. no. 92), on November 6, 2009, Judge Wood re-set the deadline for Plaintiff's motion for class certification for December 9, 2009. On December 8, 2009, one day before the deadline for Plaintiffs to file their motion for class certification, Defendant filed a motion to compel discovery concerning class certification. (Doc. no. 94). Pursuant to Judge Wood's November 6th revised scheduling order, Plaintiffs timely filed their motion for class certification. (Doc. no. 99). Plaintiffs did not respond to Defendant's discovery requests, noting that they were untimely.

3

As the Eleventh Circuit has explained:

> District courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . . ." Fed. R. Civ. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b).

Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (*per curiam*); see also

Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004) ("Deadlines are not

meant to be aspirational. . . . A district court must be able to exercise its managerial power

to maintain control over its docket.").

According to the Advisory Committee Notes to Federal Rule of Civil Procedure 16:

> Rule 16(b) assures that the judge will take some early control over the litigation, even when its character does not warrant holding a scheduling conference. Despite the fact that the process of preparing a scheduling order does not always bring the attorneys and judge together, the fixing of time limits serves
>> to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.

Fed. R. Civ. P. 16(b), 1983 advisory committee's note (citation omitted).

Here, Judge Wood "took control over the case" and set deadlines for, *inter alia*,

discovery of class certification and the filing of the motion for class certification. (Doc. nos.

93, 100). Importantly, although Judge Wood extended the deadline for the filing the motion

for class certification, she did not extend the deadline for class certification discovery beyond

the October 10, 2009 deadline. Furthermore the minutes of the February 2010 status

4

conference provide that the motion for class certification was fully briefed.  (Doc. no. 111).

The Court is aware that Defendant maintains that the parties had an agreement that they would wait on conducting any discovery (even for class certification) until Judge Wood had ruled on the pending motion to dismiss and motion to strike. To the extent Defendant asserts that the "Federal Rules do not force a defendant to forgo discovery merely because it has moved to dismiss a case on the pleadings" (doc. no. 107, p. 3), this argument misses the mark.    The "Federal Rules" did not force Defendant to forgo discovery; indeed, Defendant was afforded until and including October 10, 2009, to conduct discovery on class certification.  The fact that Defendant failed to pursue discovery on class certification was by its own choice.  In other words, Defendant chose to ignore the scheduling deadlines at its own peril.  In sum, as Defendant's motion to compel is untimely and Defendant has failed to show good cause for altering the scheduling deadlines set by Judge Wood, the motion (doc. no. 94) is **DENIED**.

## III.    CONCLUSION

For the reasons stated above, Defendant's motion to compel responses to discovery concerning class certification (doc. no. 94) is **DENIED**.

SO ORDERED this _24th_ day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE