IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, AND DENISE PACK on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®,<br><br>    Defendant. | CASE NO: CV108-030 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY**

Plaintiffs have submitted to the Court the class certification order in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, No. 1:08-WP-65000, 2010 U.S. Dist. LEXIS 69254 (N.D. Ohio July 12, 2010), as supplemental authority in support of class certification. As set forth below, however, the *Whirlpool* court applied a superficial approach to the class certification inquiry that has been rejected by the overwhelming majority of federal courts, including courts in this Circuit. The *Whirlpool* court also failed to conduct a rigorous analysis in assessing whether the predominance requirement was satisfied and erroneously found that individualized affirmative defenses do not preclude certification. For all of these reasons, the Court should reject its approach – and its conclusions.

***First***, and foremost, the *Whirlpool* ruling should not influence this Court's consideration of class certification because the *Whirlpool* court essentially refused to consider any individualized facts in the record, making class certification a foregone conclusion. The court

rationalized its approach by citing a nearly four-decade-old passage from *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974), suggesting that courts should not consider the merits of a suit in deciding class certification. That passage, however, was laid to rest long ago by the overwhelming majority of federal courts, which have recognized that "*Eisen* is best understood to preclude only a merits inquiry ***that is not necessary to determine a Rule 23 requirement***" – and that courts "may consider the substantive elements of the plaintiffs' case in order to envision the form that a trial on those issues would take" when considering class certification. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 317 (3d Cir. 2008) (emphasis added) (citing *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 552 F.3d 6, 24 (1st Cir. 2008) ("It is a settled question that some inquiry into the merits at the class certification stage is not only permissible but appropriate to the extent that the merits overlap the Rule 23 criteria.")); *see also id.* at 316 ("An overlap between a class certification requirement and the merits of a claim is no reason to decline to resolve relevant disputes when necessary to determine whether a class certification requirement is met."); *Regents of the Univ. of Cal. v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372, 380 (5th Cir. 2007) ("we may address arguments that implicate the merits of plaintiffs' cause of action insofar as those arguments also implicate the merits of the class certification decision"); *Nelson v. United States Steel Corp.*, 709 F.2d 675, 679 (11th Cir. 1983) (affirming denial of class certification of discrimination claims and stressing that "evidence relevant to the commonality requirement is often intertwined with the merits"); *Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 274 (4th Cir. 1980) (noting that "the class action and merit inquiries essentially coincide").

Indeed, such an inquiry into the merits is not only permissible – but required. As the U.S. Court of Appeals for the Third Circuit explained in *Hydrogen Peroxide*, "the district court must

make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments." 552 F.3d at 307. This is true even if the class certification inquiry "overlap[s] with the merits" of the causes of action. *Id.*; *see also Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261, 268 (5th Cir. 2007) ("A district court [] must give full and independent weight to each Rule 23 requirement, regardless of whether that requirement overlaps with the merits."). As the U.S. Court of Appeals for the Eleventh Circuit has recognized, a contrary approach would make it impossible to accurately assess whether a case satisfies the requirements of Rule 23. After all, "evidence pertaining to the requirements embodied in Rule 23 is often intertwined with the merits," and it is therefore "impossible to meaningfully address the Rule 23 criteria without at least touching on the 'merits' of the litigation." *Cooper v. S. Co.*, 390 F.3d 695, 712 (11th Cir. 2004).

*Whirlpool* highlights why such merits inquiries are necessary because the court's refusal to consider the "merits" of plaintiffs' claims resulted in two significant errors. As an initial matter, it led the court to conclude that the proposed class was not overbroad – despite the fact that it potentially included "many plaintiffs whose washers have not manifested any mold problems." 2010 U.S. Dist. LEXIS 69254, at *4-5. The court's conclusion that "whether any particular plaintiff has suffered harm is a merits issue not relevant to class certification," *id.* at *5, is contrary to a long line of federal decisions rejecting proposed classes that include individuals who cannot prove they were injured as a result of the defendant's conduct. *See, e.g.*, *Almonor v. Bankatlantic Bancorp, Inc.*, 261 F.R.D. 672, 676 (S.D. Fla. 2009) ("[T]he Court finds that Plaintiff's class definition is overly broad and unworkable [because] [i]t encompasses those who could not have suffered any harm from allegations in the Second Amended Complaint."); *Conigliaro v. Norwegian Cruise Line Ltd.*, No. 05-21584-CIV-ALTONAGA/Turnoff, 2006 U.S.

3

Dist. LEXIS 95576, at *24-25 (S.D. Fla. Aug. 31, 2009) (refusing to certify class consisting of all passengers of a ship that the defendant sailed into a severe storm, including those who did *not* suffer any injury, on overbreadth and other grounds).

The court's refusal to consider the "merits" of the proposed class members' claims also led the court to wrongly conclude that the class representatives satisfied the typicality requirement. According to the court, the proposed representatives were typical because "[t]hey both purchased Whirpool front-loading washers. They both read and followed the instructions in Whirlpool's use and care guide. They both used their washers for domestic purposes. And they both experienced mold problems despite implementing Whirlpool's recommended fixes." *Whirlpool*, 2010 U.S. Dist. LEXIS 69254, at *13. Thus, the court essentially concluded that the proposed representatives were typical of *each other*. However, the court appears not to have considered whether the representatives were typical of the *absent class members* that they were seeking to represent, as required under Rule 23(a)(3). *See Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 677 (S.D. Fla. 2007) ("The focus of typicality is whether the class representative's interest is aligned enough with the proposed class members to stand in their shoes for purposes of the litigation and bind them in a judgment on the merits."). Such an inquiry would have required the court to look at the facts applicable to the proposed class members' claims – including the fact that many proposed class members never experienced any problems with their washing machines and thus have very different claims from those of the proposed representatives. Had the court done so, it would have recognized that, just as in this case, the proposed class members could not fairly "stand in the shoes" of other washing machine purchasers and litigate claims on their behalf.

For these reasons, the *Whirlpool* court's rulings regarding overbreadth and typicality do not undermine defendant's arguments here.  (*See* Def.'s Opp'n at 14-15, 51-53.)

***Second*,** the *Whirlpool* court also failed to engage in the necessary "rigorous analysis" in considering whether common issues predominate under Rule 23(b)(3).  Indeed, it did not conduct a predominance analysis at all.  Instead, the court appears to have intermingled the commonality and predominance requirements by starting with the basic premise that "a single common question is enough" to satisfy the commonality requirement of Rule 23(a)(2), *Whirlpool*, 2010 U.S. Dist. LEXIS 69254, at *9, and then erroneously fusing this easily-satisfied commonality requirement with the far-more stringent requirement of predominance.  In fact, the court conducted the entirety of its predominance analysis *in one sentence* that simply referred to its finding of commonality:  "As explained above, common questions predominate over individual ones." *Id.* at *14.

This confused predominance analysis was obviously erroneous, and it fell miles short of the "significantly greater analytical rigor and precision" required by Rule 23(b)(3).  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1269 (11th Cir. 2009).  The "rigorous analysis" requirement is commanded by Supreme Court precedent, *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (Rule 23(b)(3) requires a "close look"), and is followed by every Circuit, *see, e.g.*, *Vega*, 564 F.3d at 1272-73; *In re New Motor Vehicles Can. Export Antitrust Litig.*, 522 F.3d 6, 17 (1st Cir. 2008); *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 33 n.3 (2d Cir. 2006); *In re Hydrogen Peroxide*, 552 F.3d at 305; *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 367 (4th Cir. 2004); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *Sprague v. GMC*, 133 F.3d 388, 397 (6th Cir. 1998); *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003); *Elizabeth M. v. Montenez*, 458 F.3d

779, 784 (8th Cir. 2006); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996); *J.B. v. Valdez*, 186 F.3d 1280, 1287 (10th Cir. 1999); *Hartman v. Duffey*, 19 F.3d 1459, 1469 (D.C. Cir. 1994).

A true rigorous analysis requires a court to "'examine the cause[s] of action asserted in the complaint on behalf of the putative class'" and determine whether they can be resolved as to all plaintiffs in a single trial. *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000) (citation omitted). "'If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable.'" *In re Hydrogen Peroxide*, 552 F.3d at 311 (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001)).

The *Whirlpool* court's conclusion that the presence of one common issue satisfies the predominance requirement is not sufficiently "rigorous" to satisfy this test. *See, e.g.*, *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (ordering lower court to decertify class because, *inter alia*, "the single common issue . . . whether Motel 6 has a practice or policy of discrimination – is not rendered predominant" in light of "all the other issues that will attend the Jackson plaintiffs' claims"); *Lewis v. Ford Motor Co.*, 263 F.R.D. 252, 268 (W.D. Pa. 2009) ("Commonality measures the sufficiency of the evidence, testing only whether a plaintiff has properly alleged a single common issue, while predominance examines the weight of the evidence, analyzing whether the number of common issues clearly outweighs individual issues.") (quoting *Lester v. Percudani*, No. 3:01-CV-1182, 2003 U.S. Dist. LEXIS 16167, at *22 n.8 (M.D. Pa. Sept. 15, 2003)); *Hamilton v. O'Connor Chevrolet, Inc.*, No. 02 C 1897, 2006 U.S. Dist. LEXIS 44149, at *20-21 (N.D. Ill. June 12, 2006) ("predominance requires much more than the identification of a single common issue – precedent instructs that a class action movant

cannot gerrymander predominance by suggesting that only a single issue be certified for class treatment (in which, by definition, it will 'predominate') when other individualized issues will dominate or be meaningfully material to the resolution of the absent class members' claims"); *Gaffney v. United States*, 834 F. Supp. 1, 6 (D.D.C. 1993) (refusing to certify class because "there is only a single common question" and therefore "common questions of law do not 'predominate'").

Indeed, the U.S. Court of Appeals for the Eleventh Circuit has rejected purported "predominance" analyses that were similar to the one set forth in the *Whirlpool* decision. In *Vega*, for example, the Eleventh Circuit reversed a class certification ruling that, like the ruling in *Whirlpool*, conflated the commonality and predominance requirements. The court explained that "the district court[] intermingle[ed] [] the commonality and predominance inquiries[, which] demonstrate[ed], at best, imprecision in the organization of the class certification order or, at worst, a fundamental misapplication of Rule 23." *Vega*, 564 F.3d at 1269. The court's refusal to conduct any analysis with respect to predominance beyond its barebones commonality discussion therefore departed from the "rigorous analysis" standard.

Again, the trial court's erroneous approach led to an erroneous result. Had the court undertaken a proper predominance analysis, it would have found that the plaintiffs' claims were rife with individualized issues, including whether each washer was defective, whether the alleged defects caused each class member to sustain a loss, whether any class member misused his or her washer, and whether each class member's claim would be timely. *See Whirlpool*, 2010 U.S. Dist. LEXIS 69254, at *12-15 & nn.3-4 (acknowledging the defendant raised these issues).[1] As set

---

[1] The *Whirlpool* court also held that affirmative defenses cannot defeat class certification despite being individualized. 2010 U.S. Dist. LEXIS 69254, at *14-15 & n.4. This holding, too, was error. *See, e.g.*, *Heaven v. Trust Co. Bank*, 118 F.3d 735, 738 (11th Cir. 1997) (affirming lower court's denial of class certification and holding
*(cont'd)*

forth in defendants' class certification briefing, this case involves all of those individualized issues (and many others), precluding class treatment of plaintiffs' claims.  (*See* Def.'s Opp'n at 28-50.)

## **CONCLUSION**

For the foregoing reasons, the Court should reject plaintiffs' supplemental authority as unpersuasive and contrary to existing Eleventh Circuit law and deny plaintiffs' motion for class certification.

Dated:  July 21, 2010

Respectfully submitted,

s/Benjamin H. Brewton
State Bar No. 02530
TUCKER, EVERITT, LONG,
BREWTON & LANIER
P. O. BOX 2426
AUGUSTA, GEORGIA 30309
Telephone: (706) 722-0771
Facsimile: (706) 722-7028
E-mail: bbrewton@thefirm453.com

John H. Beisner
Jessica Davidson Miller
Nina H. Ramos
SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
(202) 371-7000

s/ J. Russell Jackson
J. Russell Jackson *(pro hac vice)*
Peter D. Luneau
SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

---

*(cont'd from previous page)*
that district court properly "determined that individual lessee counterclaim defendants would be compelled to come forward with individual defenses[, which] would require the court to engage in multiple separate factual determinations, a proper factor for consideration under Rule 23(b)(3)(D)."); *Danielson v. DBM, Inc.*, No. 1:05-cv-2091-WSD, 2007 U.S. Dist. LEXIS 18609, at *13 (N.D. Ga. Mar. 15, 2007) (denying class certification of nationwide warranty and other claims because, *inter alia*, "[d]efendants . . . assert several defenses which raise individual issues, such as payment, accord and satisfaction, release, and waiver"); *Rhodes v. Cracker Barrel Old Country Store, Inc.*, No. 4:99-CV-217-HLM, 2002 U.S. Dist. LEXIS 25962, at *191 (N.D. Ga. Dec. 31, 2002) (recommending denial of plaintiffs' motion for class certification where "the specific circumstances for each plaintiff necessitate individualized proof and defenses incommensurate with the type of central determination for which class certification was designed to create efficiency"), *magistrate report and recommendations adopted by*, 213 F.R.D. 619 (N.D. Ga. 2003).

        Facsimile: (212) 735-2000
        Email: russell.jackson@skadden.com


  ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

Case 1:08-cv-00030-LGW-WLB   Document 123   Filed 07/21/10   Page 10 of 11

## **CERTIFICATE OF SERVICE**

I certify that on the 21st day of July, 2010, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

>S/BENJAMIN H. BREWTON
>STATE BAR NO. 002530
>TUCKER, EVERITT, LONG,
>BREWTON & LANIER
>P. O. BOX 2426
>AUGUSTA, GEORGIA 30903
>Telephone: (706) 722-0771
>Facsimile: (706) 722-7028
>E-mail:  bbrewton@thefirm453.com