FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 NOV 19  PM 2: 04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL TERRILL, ROBERT BROWN, )
MICHAEL VOGLER, PALECIA BOYD, )
and DENISE PACK, on behalf of )
themselves and all others similarly situated, )
)
Plaintiffs, )
)
v. ) CV 108-030
)
ELECTROLUX HOME PRODUCTS, )
INC., d/b/a FRIGIDAIRE®, )
)
Defendant. )

## ORDER

Presently before the Court are Plaintiffs' Motion to Revise the Scheduling Order Pending Ruling On Plaintiffs' Renewed Motion for Class Certification (Dkt. No. 128), and Defendant's Motion for Protective Order with Respect to Plaintiffs' Untimely Class Certification Discovery Requests (Dkt. No. 130). The Court held a hearing on the matter on November 18, 2010.[1] As explained in detail below, Plaintiffs' motion is **DENIED**, and Defendant's motion is **GRANTED**.

On September 3, 2010, the Court denied Plaintiffs' Motion for Class Certification, determining that Plaintiffs failed to satisfy the numerosity requirement of Federal Rule of

---

[1] As the Court held the hearing requested by Plaintiffs in their Request for Status Conference and/or Hearing on Motion to Revise the Scheduling Order Pending Ruling on Plaintiffs' Renewed Motion for Class Certification (Dkt. No. 129), the Clerk is **DIRECTED** to **TERMINATE** that motion from the motions report.

Civil Procedure 23(a). (Dkt. No. 124, pp. 47-48.) According to the terms of the June 19, 2009 Scheduling Order entered in this case, the ruling on the Motion for Class Certification triggered the remaining deadlines in this case, starting with furnishing expert witness reports, continuing on through the close of merits discovery and filing civil motions, and concluding with the deadline for filing a pre-trial order. (Dkt. No. 60.) Plaintiffs, however, have filed their current motion based on the assumption that the Court will revisit the class certification issue upon the filing of a "renewed" motion for class certification that would presumably attempt to address the numerosity deficiency identified by the Court in its September 3rd Order. Defendant has followed Plaintiffs' lead by asking that it not be required to respond to Plaintiffs' "class certification" discovery that was served on October 1, 2010. Notably, however, Plaintiffs have not requested, let alone been granted, permission to file a renewed motion for class certification.

Under the terms of the governing Scheduling Order, the deadline for filing a class certification motion has long since passed. The issue currently before the Court is simply whether the Scheduling Order should be revised "to adjust pre-trial deadlines in accordance with the Court's ruling on Plaintiffs' renewed motion for class certification." (Dkt. No. 128, p. 3.) No such motion has been authorized or filed. Accordingly, there is no need to adjust deadlines based on an anticipated ruling on a motion that has not been filed, and Plaintiffs' motion is **DENIED**. As the issue of class certification is currently a closed matter, Defendant is correct that it should not have to respond to "class certification" discovery, and therefore its motion requesting to be protected from answering such discovery is **GRANTED**. To be clear, the Court is not making any ruling on whether Plaintiffs should

or should not be allowed to file a renewed motion for class certification. No such motion has been filed making such a request. Rather, the Court is simply ruling that based on the current state of the record, there is no need to revise case deadlines based on an anticipated ruling on a motion that has not been filed.

However, the parties are currently within the time frame allowed for merits discovery. Plaintiffs have argued that the disputed discovery is "proper and timely even from a merits standpoint" because the number of warranty claims regarding mold and mildew issues is relevant to individual claims which remain in the case. (Dkt. No. 132, p. 4.) Plaintiffs then provide an example as to how they believe an individual's claim might rely on a discovery request for information on the number of washing machines with the same model number that were sold in the individual's state of residence. (Id.) Thus, it may well be that the discovery to which Defendant has objected as "class certification" discovery may actually be appropriate merits discovery which Defendant should have to answer. The problem with this alternative line of argument is that Plaintiffs have not properly raised such a claim in compliance with Loc. R. 26.5.

In an effort to help litigants focus their efforts on resolving their issues without Court intervention, or, when it is necessary to involve the Court, to clearly and succinctly identify the issues needing the Court's attention, the Southern District of Georgia has a Local Rule which specifically addresses the form of motions to compel. Loc. R. 26.5 states:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

    (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

    (b) include the specific ground for the motion or objection; and

    (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

    Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

  Here, Plaintiffs have not made their arguments in accordance with the Local Rules as to whether Defendant should be compelled to respond to the propounded discovery as appropriate merits inquiries, and Defendant has not had the opportunity to respond to any such arguments. Accordingly, if the parties cannot reach an agreement, after a good faith effort to resolve any dispute as to whether there is outstanding merits discovery that has not been answered, a motion that complies with Loc. R. 26.5 should be filed. Any such motion with respect to the outstanding discovery that was attached to, and/or addressed in, the motions and briefing ruled upon in this Order must be filed no later than ten (10) days from the undersigned date.

  In sum, Plaintiffs' Motion to Revise the Scheduling Order Pending Ruling On Plaintiffs' Renewed Motion for Class Certification is **DENIED** (Dkt. No. 128), and Defendant's Motion for Protective Order with Respect to Plaintiffs' Untimely Class Certification Discovery Requests is **GRANTED** insofar as the Court has determined that "class certification" discovery stands closed and that Defendant should not be required at this

4

point to answer discovery solely related to class certification issues (Dkt. No. 130). However, as described above, any discovery motion challenging whether the disputed discovery is appropriate merits discovery must be filed within 10 days of the date of this Order. Finally, the Court will add thirty (30) days to the deadlines in this case, starting with the Last Day to Furnish Expert Witness Report by Plaintiffs, to account for any delay occasioned by the time attendant to allowing the parties to brief and provide oral argument on the motions ruled upon in this Order.

SO ORDERED this 19 day of November, 2010, at Augusta, Georgia.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA