IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, and DENISE PACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,<br><br>Defendant. | Case No: CV-108-030 |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**I.    INTRODUCTION**

Plaintiffs Robert Brown, Michael Vogler and Palecia Boyd ("Plaintiffs") respectfully move the Court for leave pursuant to Rule 15(a) and Rule 23(c)(1)(C) to file a Renewed Motion for Class Certification ("Renewed Motion") to address state-based numerosity. In addition to providing evidence in support of state-based numerosity, Plaintiffs will present a significantly streamlined class certification motion consistent with the Court's ruling on choice of law issues and Plaintiffs' remaining claims.

Plaintiffs have been able to compile evidence that establishes state-based numerosity and responds to the Court's finding that it could not draw an inference of numerosity without sufficient evidence as to the number of machines sold in Texas, Georgia or California. (September 3, 2010 Order at 48. [Dkt. No. 124].) This evidence was extracted from documents that were produced by Defendant Electrolux Home Products, Inc.'s d/b/a Frigidaire ("Frigidaire" or "Defendant") after the close of class certification discovery, after Plaintiffs filed their motion for class certification, and the day before Frigidaire filed its opposition to the motion. The

1

evidence consists of certain email exchanges between Frigidaire and consumers residing in various states who experienced mold and mildew problems with their Frigidaire washing machines. The evidence identifies at least thirty-six (36) consumers with the washing machines at issue in this case who reside in Georgia, twenty-five (25) such consumers who reside in Texas and twenty-eight (28) such consumers who reside in California. These email exchanges are only a sampling of such correspondence between Frigidaire and consumers and do not constitute the entire universe of washing machines owned and operated by members of the proposed state-based subclasses. What is significant about this evidence, while it alone supports numerosity for all three states, is that it does not reflect the entirety of sales of affected washing machines in each state, but an extremely small sub-set. These numbers reflect a sampling of individuals who actually emailed Frigidaire directly, who possess the exact model numbers identified in the service flash, and who specifically discuss mold and mildew issues.

Plaintiffs have been vigilant in their efforts to provide the Court with evidence of state-based numerosity since the Court's September 3, 2010 Order. In addition to analyzing the above documents, produced at the time when Frigidaire had already admitted that joinder was impractical and had no opposition to numerosity, Plaintiffs promptly served limited discovery requests on Frigidaire targeted at the issue of state-based numerosity. The parties then litigated the issue of whether the case schedule should be revised to account for the anticipated filing of the Renewed Motion, as well as whether Frigidaire was required to respond to Plaintiffs' limited discovery requests, culminating in the Court's order of November 19, 2010, denying Plaintiffs' motion to revise the scheduling order because Plaintiffs had not yet sought or obtained leave to file their Renewed Motion and granting Defendant's motion for a protective order.

Plaintiffs now respectfully seek leave to present a renewed motion for class certification that provides the Court with specific evidence relating to state-based numerosity. The proposed motion and supporting documents are attached hereto as Exhibits A-C, with the exception of certain documents that have been designated as "confidential" by Defendant and for which Plaintiffs are filing a motion for leave to file under seal.

II.  **ARGUMENT**

Federal Rules of Civil Procedure 15 and 23 give this Court broad discretion to grant Plaintiffs leave to file a renewed motion for class certification. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 Moore Federal Practice §§ 15.08, 15.10 (2d ed. 1948)). Whether to grant leave to amend is within the sound discretion of the District Court. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "Because of the policy which favors liberal allowance to amend, a 'substantial reason' must exist for the Court to deny the motion." *Boyce v. Augusta-Richmond County*, 111 F. Supp. 2d 1363, 1374 (S.D. Ga. 2000) (quoting *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)). Such "substantial reasons" include factors such as "'undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of the amendment.'" *Boyce*, 111 F. Supp. 2d at 1374 (quoting *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 686 (N.D. Ga. 1997)); *see also Foman*, 371 U.S. at 182.

In addition, Rule 23(c)(1)(C) expressly states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Rule 23(c)(1)(C). The Eleventh Circuit has held that Rule 23(c)(1)(C) empowers district courts to change their position on class certification, particularly where "the district court's order denying class certification made no indication of either the finality or the preclusive effect of its ruling . . . ." *In re: Ford Motor Co.*, 471 F.3d 1233, 1254 (11th Cir. 2006). "Importantly, Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders 'at *any* time prior to a decision on the merits.'" *Id.* (citing *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) (emphasis in original)).

A.  **Plaintiffs' Renewed Motion Is Not The Result Of Undue Delay**

Plaintiffs are seeking leave to file their Renewed Motion only weeks after this Court's November 19, 2010 Order finding that Frigidaire was not obligated to respond to Plaintiffs' discovery requests concerning numerosity. This does not come close to what the Eleventh

3

Circuit and other Georgia courts have deemed to be an untimely motion for leave under Rule 15. *See, e.g., Jones v. Childers*, 18 F.3d 899, 909 (11th Cir. 1994) (denying defendants' motion to amend as untimely where defendants attempted to amend their answer four years after the filing of their original answer, after the close of discovery and after the trial was set); *see also Medserv Corp. v. Nemnom*, No. 1:95-CV-0462-WBH, 1996 U.S. Dist. LEXIS 21705, at **1-2 (N.D. Ga. Dec. 17, 1996) (nineteen month delay in moving to amend constituted undue delay).

Plaintiffs did not move for leave earlier in the litigation due to Plaintiffs' extensive efforts to respond thoroughly to the Court's rulings on state-based numerosity in its September 3, 2010 Order. To that end, Plaintiffs conducted extensive research on the sales of Frigidaire washing machines in Texas, Georgia and California and served pointed discovery requests to Frigidaire on the number of washing machines sold, registered and distributed to those states. Plaintiffs served its discovery requests on October 1, 2010 and, throughout mid- and late-October, the parties fully briefed whether the case schedule should be revised based on Plaintiffs' anticipated Renewed Motion and Frigidaire's responses to Plaintiffs' limited discovery requests. Plaintiffs promptly pursued this motion for leave upon the Court's determination that it would be improper to revise the schedule where Plaintiffs' motion for leave and Renewed Motion had not yet been filed and the Renewed Motion would not include the evidence sought through their discovery requests.

Furthermore, Plaintiffs did not incorporate the proposed evidence of state-based numerosity in their initial class certification motion because these documents – attached as Exhibits F-H to the Declaration of Mark J. Tamblyn in Support of Plaintiffs' Renewed Motion and Memorandum of Law in Support of Renewed Motion for Class Certification ("Tamblyn Decl.") – were unavailable to Plaintiffs at that time. Frigidaire did not provide these documents to Plaintiffs until the day before it filed its opposition to Plaintiffs' class certification motion and *over three months* after class certification discovery had already closed. Indeed, counsel for Frigidaire conceded that they "thought [the documents] had been produced, and when [they]

4

were looking to rely on [the documents] on [*sic*] [their] papers, couldn't find the Bates stamped copies . . . ." (Transcript from November 18, 2010 hearing ("Transcript") at 9:10-13.)

Although Plaintiffs served several discovery requests during the class certification discovery period relating to numerosity, Plaintiffs did not seek further state-specific information to include in their initial class certification motion because Frigidaire admitted in formal discovery that joinder of all putative Class members "would be impractical." (Tamblyn Decl. Ex. D, Admission No. 1). In addition, based on their discovery requests, Plaintiffs determined that Frigidaire sold over 1 million washing machines between March 2004 and March 2008 and Frigidaire represented that it sold approximately 585,000 washing machines with convoluted bellows. (*Id.*; Defendant's Opposition to Plaintiffs' Motion for Class Certification at 9 [Dkt. No. 106]). Plaintiffs believed that the above admission and information were sufficient to satisfy numerosity and therefore focused their efforts on those Rule 23 elements that Frigidaire did contest.

### B. The Proposed Renewed Motion Is Not Futile Because Plaintiffs' New Evidence Establishes State-Based Numerosity

Plaintiffs' proposed Renewed Motion is not futile because Plaintiffs' evidence of washing machine sales and consumer complaints in Texas, Georgia and California demonstrates that the state-based classes for which certification is sought are so numerous that joinder of all class members is impracticable. *See, e.g., Thomas v. Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (leave to amend was improperly denied where the proposed amendments would have "remedied the pleading problems found by the district court").

Frigidaire confidentially produced email exchanges between itself and consumers residing in various states specifically concerning washing machines' mold and mildew problems. These emails, based on search criteria of Frigidaire's choosing, indicate the consumer's state of residence and the model number of the consumer's machine. It is critical to understand that, for purposes of numerosity, these communications represent only a *sample* of *emailed* inquiries from consumers; they do not represent the totality of washing machine sales in Texas, Georgia and

California nor capture customer inquiries made through other media. It is also unknown what search criteria Frigidaire used to produce such emails. For example, Frigidaire may have conducted a search for emailed consumer inquiries without including search terms such as "biofilm" – Frigidaire's own term for referencing mold and mildew formation in its washing machines' convoluted bellows, as indicated in its Service Flash.

Based on Plaintiffs' analysis of these communications, Plaintiffs have identified at least thirty-six (36) putative class members who reside in Georgia, twenty-five (25) class members who reside in Texas and twenty-eight (28) class members who reside in California. The Eleventh Circuit has recognized that while the exact size of the putative class need not be specified, "generally less than twenty-one is inadequate, more than forty adequate; with numbers between varying according to other factors." *Cox v. Am. Cast Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (quoting 3B MOORE's FEDERAL PRACTICE § 23.05 (1978)); *see also Camafel Bldg. Inspections, Inc. v. BellSouth Adver. & Publ'g Corp.*, Case No. 1:06-CV-1501-JEC, 2008 U.S. Dist. LEXIS 18192, at *23 (N.D. Ga. Mar. 7, 2008). Other courts have also held that the numerosity requirement has been presumptively satisfied when the class comprises forty (40) or more members. *See, e.g., Consol. Rail. Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that 40 or more prospective class members raises a presumption of numerosity); *Davis v. Northside Realty Assocs., Inc.*, 95 F.R.D. 39, 43 (N.D. Ga. 1982) (noting that if a class has more than 40 people in it then numerosity is satisfied; less than 25 people in it, numerosity is lacking).

The above sampling of consumer inquiries, comments and complaints is particularly significant in light of Frigidaire's prior representations in pleadings that consumer complaints represent a small percentage of sales. According to Frigidaire, "[o]nly a small percentage of putative class members ever complained to the Company . . . And those individuals who did experience problems with their washing machines took different approaches to reporting those problems to Electrolux . . . ." (Def.'s Opp. to Pls.' Mot. for Class Certification at 1 [Dkt. No. 106].) Based on this evidence, it is likely that scores of consumers in these states who

6

experienced such mold and mildew problems likely did not formally complain or take the time to contact a Frigidaire representative. Indeed, Frigidaire's position is that the mold and mildew problems experienced by consumers are due to consumers' failure to properly care for their washing machines. It follows that consumers who are blamed and held responsible for their washing machine's defects would be unlikely to contact Frigidaire to resolve their washing machine's mold and mildew problems. The above evidence is also compelling for establishing state-based numerosity given the fact that Frigidaire "estimates that it sold approximately 585,000 machines that included convoluted bellows during the proposed-class period" and where Texas and California are the "two largest states in the country . . . ." (September 3, 2010 Order at 47-48), with Georgia not far behind.

Plaintiffs' proposed Renewed Motion provides the Court with evidence that supports an inference of numerosity where none existed before. As a result, the proposed Renewed Motion is not futile and should be allowed.

### C. Frigidaire Will Suffer No Prejudice Were Plaintiffs Permitted To File Their Renewed Motion

Frigidaire will suffer no prejudice as a result of the minimal changes to Plaintiffs' initial class certification motion. The only additional argument that Frigidaire will have to address is the argument related to state-based numerosity. Plaintiffs have not added any additional facts, evidence or arguments in support of any of the other Rule 23 factors. In fact, Plaintiffs have substantially simplified these arguments based on the Court's September 3, 2010 Order, which determined that Georgia law does not apply on a nationwide basis and reduced the remaining claims at issue in the case.

Based on this streamlined Renewed Motion, aside from issues pertaining to state-based numerosity, Frigidaire will not have to make any arguments opposing class certification that it has not already made. The Court denied class certification based on the absence of evidence relating to state-based numerosity and did not analyze any of the other Rule 23 factors. Furthermore, as class discovery is closed, Plaintiffs will not and cannot seek or introduce any

further evidence in support of their Renewed Motion. As a result, few additional resources will have to be expended in responding to Plaintiffs' Renewed Motion. *See, e.g., Boyce*, 111 F. Supp. 2d at 1375-76 (defendant was not prejudiced because it had not expended time and resources that it would not otherwise have had to expend and could use the same materials to defend against claims that the Court had not yet addressed); *see also McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (reversing the district court and holding that the defendant was not significantly prejudiced where plaintiff's proposed amendments "did not allege any new facts or grounds for relief, and did not necessitate additional discovery or reformulation of the [defendant's] legal strategy.")

For the aforementioned reasons, Frigidaire will not be prejudiced by Plaintiffs' Renewed Motion.

### D.     There Is No Bad Faith Or Dilatory Motive On The Part Of Plaintiffs

Plaintiffs are seeking leave to file their Renewed Motion to present the Court with evidence not previously before it concerning state-based numerosity. Plaintiffs are not submitting their proposed Renewed Motion in bad faith, but, rather, as a result of Plaintiffs' good faith efforts to address the class certification concerns described in the Court's September 3, 2010 Order.

### E.     The Court May Alter Its September 3, 2010 Order Regarding Class Certification

The Court has the flexibility to alter or amend its class certification decision under Rule 23(c)(1)(C) at any time prior to final decision on the merits and where the court's order denying class certification did not indicate that its ruling was final or had preclusive effect. *See, e.g., In re: Ford Motor Co.*, 471 F.3d at 1254 (holding that Rule 23(c)(1) allows courts to amend class certification orders and noting that the district court did not indicate that its ruling was final, but "acknowledged that facts not previously brought to its attention might warrant a retreat from its earlier decision denying certification."). Indeed, the Court's September 3, 2010 Order did not

8

indicate that class certification was denied with prejudice and only analyzed one of the four elements under Rule 23(a).

The Eleventh Circuit and other courts have recognized that district courts are empowered under Rule 23(c)(1)(C) to revisit issues pertaining to numerosity after making an initial decision regarding class certification. *See, e.g., Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983) (allowing the plaintiff to provide specific evidence relating to numerosity after class certification was denied and stating that "where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1)") (citation omitted); *see also Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 337 n.21 (N.D. Ill. 1995) ("The Court is aware that numerosity problems could arise . . . Rule 23(c)(1) and (c)(4) provide for these contingencies, and the Court will exercise its power under these provisions if necessary."); *McCarthy v. Beal*, No. 76-341 Civil, 1976 U.S. Dist. LEXIS 15472, at *5 (M.D. Pa. April 22, 1976) (denying class certification based in part on numerosity "with the caveat that, in accordance with Rule 23(c)(1), the motion for certification may be renewed at any time before a decision on the merits.").

As a result, in addition to the absence of any substantial reason for denying leave to amend under Rule 15, this Court may also revisit and modify its rulings concerning state-based numerosity under Rule 23(c)(1)(C).

### III.  CONCLUSION

For the reasons described above, this Court should grant Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification.

Dated: December 13, 2010              Respectfully submitted,

/s/ Lee W. Brigham
Lee W. Brigham
Georgia Bar No. 081698
BELL & BRIGHAM
457 Greene Street
Augusta, Georgia 30903
Telephone: (706) 722-2014
Facsimile: (706) 722-7552

Mark J. Tamblyn (*pro hac vice*)
WEXLER WALLACE LLP
Ian J. Barlow (*pro hac vice*)
455 Capitol Mall, Suite 231
Sacramento, California 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124

Kenneth A. Wexler (*pro hac vice*)
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

R. Brent Irby (*pro hac vice*)
Charles A. McCallum, III (*pro hac vice*)
MCCALLUM, HOAGLUND, COOK & IRBY, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205) 824-7768

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2010, I electronically filed **PLAINTIFFS' MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin H. Brewton
TUCKER, EVERITT, LONG, BREWTON & LANIER
Post Office Box 2426
Augusta, Georgia 30903
Telephone: (706) 722-0771

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000

J. Russell Jackson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

                                              s/ Lee W. Brigham
                                              Lee W. Brigham (State Bar No. 081698)