**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
　　　　　　　　　　　　　　　　　　　)
MICHAEL TERRILL, ROBERT BROWN,　　)
MICHAEL VOGLER, PALECIA BOYD,　　　)
AND DENISE PACK on behalf of　　　　　)
themselves and all others similarly situated,　)
　　　　　　　　　　　　　　　　　　　)　CASE NO:  CV108-030
　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
ELECTROLUX HOME PRODUCTS, INC.　　)
d/b/a FRIGIDAIRE®,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　)
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION AND CONDITIONAL CROSS-MOTION FOR ADDITIONAL CLASS DISCOVERY

Plaintiffs' request that the Court allow them a second bite at the class-certification apple should be denied because the "new" numerosity evidence plaintiffs claim to have found was in their possession long before this Court ruled on their motion for class certification.  Moreover, even if this evidence could be considered "new" in light of the timing of its production, plaintiffs still lack good cause to reopen class certification because doing so would not change the outcome of their motion; as Electrolux explained in its class-certification briefing, plaintiffs' proposed class is impermissibly overbroad – and it fails the typicality, predominance and superiority requirements for class certification.  For all of these reasons, plaintiffs' motion should be denied.

Alternatively, if the Court is inclined to grant plaintiffs' motion and revisit the issue of class certification based on allegedly "new" evidence, the Court should allow Electrolux an equal

opportunity to present new arguments in opposition to class certification.  In order to do so,

Electrolux should be permitted to conduct the named plaintiff discovery it sought more than a

year ago – including depositions of the named plaintiffs.

## ARGUMENT

## I.   PLAINTIFFS' REQUEST TO "RENEW" THEIR MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED.

Plaintiffs argue that they should be afforded a do-over on class certification because –

now that class certification has been fully briefed and decided adversely to them – plaintiffs at

last "have been able to compile evidence that establishes state-based numerosity."  (Pls.' Mot. at

1, ECF No. 141.)  But plaintiffs cannot show good cause for reconsideration, both because they

had the evidence they claim they needed to prove numerosity before this Court decided their

motion for class certification and because proof of numerosity would not make their proposed

class certifiable.

Plaintiffs' request is brought pursuant to Rule 23(c)(1)(C),[1] which provides that an order

that "grants or denies class certification may be altered or amended before final judgment."  Fed.

R. Civ. P. 23(c)(1)(C).  But while "class certification orders are generally provisional, ordinarily

they will not be reconsidered absent some change in facts."  *Stern v. Cingular Wireless Corp.*,

No. CV 05-8842 CAS (CTx), 2009 WL 481657, at *4 (C.D. Cal. Feb. 23, 2009).  Indeed, the

---

[1]     Plaintiffs also invoke Federal Rule of Civil Procedure 15 (Pls.' Mot. at 3), but that rule
expressly relates to amendments of "pleadings" – not class certification motions or orders.  *See*
Fed. R. Civ. P. 15 (entitled "Amended and Supplemental Pleadings"); *see also* 6 Charles Alan
Wright et al., *Federal Practice & Procedure* § 1475 (3d ed. 2010) ("[M]otions are not
'pleadings' and the amendment of a motion will not be permitted under subdivision (a).");  *Mogel
v. UNUM Life Ins. Co. of Am.*, 677 F. Supp. 2d 362, 365 (D. Mass. 2009) (noting that "the liberal
amendment policies of Rule 15(a) seem somewhat out of place" in the context of a class-
certification motion).  In any event, even if Rule 15 were applicable, the same considerations of
good cause and prejudice would govern resolution of the motion, as plaintiffs acknowledge.  (*See*
Pls.' Mot. at 3.)

presumption against reconsideration is substantial; "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Jones v. Jeld-Wen, Inc.*, No. 07-22328-CIV, 2008 WL 2906715, at *1 (S.D. Fla. Jul. 24, 2008) (internal quotation marks and citations omitted).[2]  In particular, although Rule 23 "does not provide a standard that the court must apply when ruling upon a motion to amend a prior class certification order," "at least some showing of good cause and lack of prejudice and undue delay should be made before amendment is allowed." *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc.*, No. 05-CV-1199-IEG (CAB), 2010 WL 582134, at *7 (S.D. Cal. Feb. 11, 2010).

A showing of "good cause" requires, "'at a minimum, . . . some newly discovered facts or law in support of'" reconsideration. *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 115 (S.D.N.Y. 1993) (quoting *Kramer v. Scientific Control Corp.*, 67 F.R.D. 98, 99 (E.D. Pa. 1975)); *see also* Fed. R. Civ. P. 23 advisory committee notes (a class certification determination may be altered or amended only if "upon fuller development of the facts, the original determination appears unsound"); *accord* 3 Newberg on Class Actions § 7.47 (4th ed. 2010) ("In the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues . . . in the guise of motions to reconsider the class ruling.").  Moreover, newly discovered facts can only support reconsideration if they would affect the outcome of the order. *Howard v. McCray*, No. 606CV062, 2008 U.S. Dist. LEXIS 44194, at *5 (S.D. Ga. June 4, 2008) (proponent of rehearing must show "not only that the Court

---

[2]     As the U.S. Court of Appeals for the Eleventh Circuit has noted, "motions for reconsideration of a denial of class certification are granted in less than 3% of cases in which certification is denied." *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1381 n.12 (11th Cir. 1998) (citing Thomas E. Willging et al., *An Empirical Analysis of Rule 23 to Address the Rulemaking Challenges*, 71 N.Y.U. L. Rev. 74, 113-14 (1996)).

erred but that he thereby suffered . . . outcome-altering prejudice").  Neither of these requirements is satisfied in this case.

    ***First***, plaintiffs have not identified new evidence.  "[N]ewly discovered evidence" is evidence that "could not have been discovered" with diligent effort prior to the entry of the order as to which the movant seeks reconsideration.  Fed. R. Civ. P. 60(b)(2); *see also Turner v. Sec'y of Air Force*, 944 F.2d 804, 806 (11th Cir. 1991) (applying Rule 60(b)(2) in a case where party sought reconsideration of an order); *Carey v. Bellsouth Short Term Disability Plan*, No. 1:06-cv-2589-WSD, 2008 U.S. Dist. LEXIS 15490, at *4-5 (N.D. Ga. Feb. 29, 2008) (denying motion for reconsideration of order denying motion for summary judgment because movant did not show that its "newly discovered evidence" could not have been discovered through diligence); *Harcourt Brace Jovanovich*, 838 F. Supp. at 115 ("The grounds offered for amendment must not be ones that have been given previously, or which could have been argued earlier but were not."); *Zapata v. IBP, Inc.*, 175 F.R.D. 578, 580 (D. Kan. 1997) (A "party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.").  Evidence is not "newly discovered" if it is available to the movant before the challenged order is issued – even if it is first discovered just one day prior to the entry of the order. *Bd. of Trs. of the Int'l Longshoremen's Ass'n v. Eller Maritime Servs., LLC*, No. 08-22320-CIV, 2009 U.S. Dist. LEXIS 100574, at *5-7 (S.D. Fla. Oct. 28, 2009).

    In *Eller*, for example, the court granted the plaintiffs' motion for partial summary judgment. *Id.* at *3.  The defendant sought rehearing, citing what it argued was newly discovered evidence in support. *Id.*  The evidence was a deposition taken on September 10, 2009 – "the day before [the court] ruled on Plaintiffs' Motion for partial summary judgment." *Id.* at *5-6.  The defendant argued that the deposition should count as "newly discovered" evidence

because "it had no way of knowing that on the following day [the court] was going to rule on Plaintiffs' motion, and therefore it had no cause to place [the] deposition before the Court for consideration." *Id.* at *6. The court disagreed. Because the motion "was fully briefed as of April 29, 2009," the defendant "had no reason ***not*** to expect a ruling on the motion at any time after that date." *Id.* (emphasis added). Indeed, the court explained, "it is difficult to comprehend how evidence that [the defendant] had before the motion was ruled on can be construed as newly discovered." *Id.* Rather, the deposition constituted "past discovered evidence which [the defendant] failed to present until after [the court] ruled in Plaintiffs' favor." *Id.* In short, the court concluded that if the defendant "believed that this evidence was pivotal to its case it should have brought it to the Court's attention immediately." *Id.*

The same is true here. Indeed, while plaintiffs complain that the evidence they now proffer was produced "after the close of class certification discovery [and] after Plaintiffs filed their motion for class certification," they expressly concede that the evidence was available to them by "the day before Frigidaire filed its opposition to the motion" (Pls.' Mot. at 1) – i.e., before plaintiffs even filed their reply brief, and long before the Court's order denying class certification. In other words, by the force of plaintiffs' own admissions, the evidence they proffer in support of reconsideration is not "newly discovered"; to the contrary, it is "past discovered evidence" that they "failed to present until after [the court] ruled in [Electrolux's] favor." *Eller*, 2009 U.S. Dist. LEXIS 100574, at *6. For this reason alone, the motion should be denied.

***Second***, plaintiffs cannot demonstrate good cause for reconsideration because they have not shown (and could not show) that reconsideration would change the outcome of the class-certification decision. As set forth above, new evidence cannot justify reconsideration unless it

would be outcome-determinative.  *See, e.g.*, *Howard*, 2008 U.S. Dist. LEXIS 44194, at \*5;

*United States v. Shelnutt*, No. 4:09-CR-14, 2010 U.S. Dist. LEXIS 25986, at \*2 (M.D. Ga. Mar.

19, 2010) (denying motion to reconsider because the evidence proffered in support of the motion

"would not change the Court's conclusion").  Plaintiffs here cannot make such a showing.  Even

assuming plaintiffs could establish numerosity with their "newly discovered" evidence, their

motion for certification would still fail for all of the reasons set forth in Electrolux's class-

certification briefing.  Among other things, their proposed class definition is fatally overbroad,

their claims turn on highly individualized facts, the named plaintiffs are not typical of the

proposed absent class members and their proposed class would fail Rule 23's superiority

requirement because the class trial they propose would be wholly unmanageable.  (*See generally*

Def.'s Opp'n To Pls.' Mot. For Class Cert. at 14-51, ECF No. 106.)  For this reason, too,

plaintiffs' motion should be denied.

## II.      **ALTERNATIVELY, THE COURT SHOULD REOPEN CLASS-CERTIFICATION DISCOVERY AND ALLOW ELECTROLUX THE OPPORTUNITY TO DEPOSE THE NAMED PLAINTIFFS.**

If the Court decides that plaintiffs are entitled to reargue class certification, the Court

should reopen class-certification discovery and allow Electrolux to conduct the named plaintiff

discovery it was denied when initially briefing the issue of class certification.  Plaintiffs are

asking the Court to allow them a "do-over" on class certification so that they can present

arguments they failed to make the first time around.  If they are allowed to do so, Electrolux

should also be given the chance to pursue named plaintiff discovery it did not have the

opportunity to obtain when class certification was first briefed.  Specifically, Electrolux should

be allowed to re-propound the written discovery requests that Magistrate Judge Barfield

previously deemed untimely and to depose the named plaintiffs.

As set forth in detail in Electrolux's initial motion to compel class-certification discovery (*see* Def.'s Mot. To Compel Resps. To Disc. And For Entry Of A Revised Scheduling Order, ECF No. 94), the parties agreed in November 2009 to postpone class-certification discovery until the Court resolved Electrolux's then-pending motions to dismiss and to strike plaintiffs' class claims. (*Id*. at 2.) Only when they decided to file their class-certification brief without discovery did plaintiffs suddenly change their tune and refuse to provide Electrolux with the depositions that both parties had contemplated would occur before Electrolux filed its opposition. Instead, plaintiffs objected to the discovery on the ground that it was untimely (*id*. at 2-3), and the Court refused to compel plaintiffs to respond to the discovery because the class-certification discovery deadline had passed (*see* Order at 4-5, ECF No. 119). As a result, Electrolux was forced to prepare and submit an opposition to plaintiffs' motion for class certification without the benefit of named plaintiff discovery.

It is well recognized that named plaintiff discovery is an important component of the class-certification inquiry, and courts often rely heavily on such discovery in considering class-certification proposals. In fact, numerous courts have denied class-certification motions based on discovery responses or deposition testimony from named plaintiffs demonstrating that Rule 23's typicality and adequacy requirements were not satisfied. *See, e.g.*, *Ritti v. U-Haul Int'l, Inc.*, No. 05-4182, 2006 U.S. Dist. LEXIS 23393, at *18 (E.D. Pa. Apr. 26, 2006) (denying certification where named plaintiff's "deposition testimony . . . underscore[d] the atypicality of his claim"); *In re Safeguard Scientifics*, 216 F.R.D. 577 (E.D. Pa. 2003) (denying certification in part because one named plaintiff's deposition testimony demonstrated that his claims involved unique circumstances); *Darvin v. Int'l Harvester Co.*, 610 F. Supp. 255, 257 (S.D.N.Y. 1985) (denying certification in part because of plaintiff's conflicting deposition testimony; "[t]his type

of inconsistent testimony could create serious problems with respect to plaintiff's credibility and could become the focus of cross examination and unique defenses at trial, to the detriment of the class"); *Margaret Hall Found., Inc., et al., v. Atl. Fin. Mgmt., Inc.*, No. 82-2534-T, 1987 U.S. Dist. LEXIS 7528, at *12 (D. Mass. July 30, 1987) (denying certification where plaintiff and her husband provided conflicting deposition testimony about a subject matter "that could be extremely important in this case" and noting that this "inconsistenc[y], standing alone, provide[s] a sufficient basis for denial" of class certification) (internal quotation marks and citation omitted).

There is reason to believe that discovery here could reveal similar concerns.  For example, one of the named plaintiffs – Mr. Brown – alleges that Electrolux "offered to pay for the part and labor for a replacement bellows or . . . a rebate on the purchase of a comparable Frigidaire washer."  (Am. Compl. ¶ 14, ECF No. 61-3.)  But plaintiffs have not indicated whether Mr. Brown allowed Electrolux to service his machine, or accepted the rebate offer on a comparable washer.  Indeed, plaintiffs have offered no evidence that Mr. Brown ever responded to Electrolux at all.  Nor have they stated whether Mr. Brown still uses his washer.  Electrolux is entitled to more complete information about Mr. Brown's claims (and those of the other named plaintiffs) so that it may augment its arguments in opposition to class certification.

In sum, if plaintiffs are permitted to reopen class certification to make new arguments related to the numerosity requirement, Electrolux must also be allowed to conduct the named plaintiff discovery necessary to fully and fairly argue that plaintiffs have not satisfied the other required elements for class certification.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion, or, in the alternative, allow Electrolux to conduct named plaintiff discovery before the Court considers a renewed motion for class certification.

Dated:  January 7, 2011

Respectfully submitted,

s/ J. Russell Jackson

Benjamin H. Brewton
State Bar No. 002530
Tucker, Everitt, Long, Brewton & Lanier
P.O. Box 2426
Augusta, GA  30903
Telephone:  (706) 722-0771
Email:  bbrewton@thefirm453.com

John H. Beisner (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760
Email:  john.beisner@skadden.com

J. Russell Jackson (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York  10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
Email:  russell.jackson@skadden.com

Attorneys for Defendant
Electrolux Home Products, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )
)
MICHAEL TERRILL, ROBERT BROWN,                    )
MICHAEL VOGLER, PALECIA BOYD,                     )
AND DENISE PACK on behalf of                      )
themselves and all others similarly situated,     )
)    CASE NO:  CV108-030
     Plaintiffs,                                )
)
)
)
ELECTROLUX HOME PRODUCTS, INC.                    )
d/b/a FRIGIDAIRE®,                                )
)
     Defendant.                                 )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

**ORDER**

Plaintiffs' Motion For Leave To File A Renewed Motion For Class Certification having

come before the Court and the Court having duly considered same,

**IT IS HEREBY ORDERED** that the plaintiffs' motion is **DENIED**.

This ___ day of _____, 2011.

_____
Honorable Lisa Godbey Wood, Chief Judge
United States District Court
Southern District of Georgia

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lee W. Brigham
BELL & BRIGHAM
457 Greene St.
Augusta, Georgia  30901
Telephone:  (706) 722-2014
Facsimile:  (706) 722-7552
Email:  lee@bellbrigham.com

Mark J. Tamblyn (*pro hac vice*)
Ian J. Barlow (*pro hac vice*)
WEXLER WALLACE LLP
455 Capitol Mall, Suite 231
Sacramento, California  95814
Telephone:  (916) 492-1100
Facsimile:  (916) 492-1124
Email:  mjt@wexlerwallace.com
Email:  ijb@wexlerwallace.com

Kenneth A. Wexler (*pro hac vice*)
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022
Email:  kaw@wexlerwallace.com

Charles M. McCallum (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
McCALLUM, HOAGLUND COOK &
        IRBY, LLP
905 Montgomery Highway, Suite 202
Vestavia Hills, Alabama  35216
Telephone:  (205) 824-7767
Facsimile:  (205) 824-7768
Email:  cmccallum@mhcilaw.com
Email:  birby@mhcilaw.com

Attorneys for *Plaintiffs*

/s/  John H. Beisner

John H. Beisner (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:  (202) 371-7000
Facsimile:  (202) 393-5760
Email:  john.beisner@skadden.com