**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, and DENISE PACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,<br><br>Defendant. | Case No: CV-108-030 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION**

## I. INTRODUCTION

Electrolux Home Products, Inc., d/b/a Frigidaire ("Frigidaire") attempts to substitute a standard for Plaintiffs Robert Brown's, Michael Vogler's and Palecia Boyd's ("Plaintiffs") Motion for Leave ("Motion") that would render this Court's broad Rule 23 powers meaningless. Frigidaire invokes a standard typically reserved for appealing from *final* orders and judgments and mischaracterizes Plaintiffs' Motion. To be clear, Plaintiffs are not seeking to vacate, amend or reconsider the Court's September 3, 2010 Order denying class certification. Rather, Plaintiffs are seeking *leave to file* a renewed motion for class certification to present evidence that directly addresses the Court's concerns regarding state-based numerosity, which was not produced by Frigidaire until after class discovery had closed and after Plaintiffs had moved for class certification. Plaintiffs' request for leave should be granted because it will facilitate resolution of this dispute on the merits and will not prejudice Frigidaire, and because denial of the request would prejudice absent class members by denying them their day in court.

## II. ARGUMENT

### A. Courts Have Broad Discretion To Revisit Class Certification

District courts have broad authority to revisit class certification decisions, where the court "made no indication of either the finality or the preclusive effect of its ruling . . . . ." *In re: Ford Motor Co.*, 471 F.3d 1233, 1254 (11th Cir. 2006). "[A] district court's order denying or granting class status is inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978). Rule 23(c)(1)(C) provides district courts with the "flexibility to change its position" on class certification at any point prior to reaching a decision on the merits. *In re: Ford Motor Co.*, 471 F.3d at 1254 (quoting *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000).

While Frigidaire attempts to limit this Court's wide discretion to reexamine and manage class certification issues, courts have routinely granted leave to file renewed or amended class certification motions to address deficiencies identified by the court. Such leave has been granted *without regard to whether a renewed motion was brought based on "newly discovered evidence."*[1] *See, e.g.*, *Hawkins v. Fulton County*, 95 F.R.D. 88, 91 (N.D. Ga. 1982) (permitting plaintiffs to renew certification motion to address numerosity and typicality where the "basis of the Court's denial [of the initial motion] was simply the failure of Plaintiffs to provide information on those issues."); *Nemeroff v. Abelson*, No. 77 Civ. 1472 (RLC), 1978 U.S. Dist. LEXIS 19894, at *14 (S.D.N.Y. Jan. 27, 1978) ("[W]e will await a proper showing of numerosity by plaintiff, since plaintiff's failure to make such a showing will render these other issues academic. Accordingly, plaintiff's motion for class certification is denied with leave to renew upon a proper showing of numerosity."); *Ganesh v. Computer Learning Ctrs., Inc.*, 183 F.R.D. 487, 491-92 (E.D. Va. 1998) (granting leave to amend certification motion to include a revised class definition where the proposed definition failed to satisfy predominance); *Ramos v. Sky Chefs, Inc.*, No. CV 84-0683, 1984 U.S. Dist. LEXIS 14858, at *3 (E.D.N.Y. July 18, 1984) (granting leave to renew class certification motion because plaintiffs' counsel articulated a

---

[1] (Defendant's Opposition to Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification and Conditional Cross-Motion for Additional Class Discovery ("Opposition") at 3-5.)

"theory and grounds that, perhaps, would make class certification appropriate."); *Reich v. ABC/York-Estes Corp.*, No. 91 C 6265, 1997 U.S. Dist. LEXIS 8311, at **24-25 (N.D. Ill. June 6, 1997) (permitting renewed motion to address typicality and adequacy where class certification was denied without prejudice); *Converse v. Ameritech Corp.*, No. 5:95-CV-141, 1996 U.S. Dist. LEXIS 22172, at *2 (W.D. Mich. Oct. 8, 1996) (plaintiffs were not required to seek leave to renew their motion for class certification "because the [initial] motion for class certification was denied without prejudice.")[2]

In this case, the Court's September 3, 2010 Order did not indicate that class certification was denied with prejudice. Further, the Court denied class certification based on a discrete, and easily curable defect relating to state-based numerosity. Plaintiffs are now prepared to file a renewed class certification motion that includes state-based information that directly addresses this issue.

**B. Fed. R. Civ. P. 60 Does Not Apply Because Plaintiffs Do Not Seek To Vacate Or Reconsider The September 3, 2010 Order.**

Frigidaire seeks to force a square peg through a round hole by arguing that Plaintiffs' motion for leave to file a renewed motion for class certification must satisfy the requirements of Fed. R. Civ. P. 60. Frigidaire's argument is flawed because Plaintiffs do not seek to attack, vacate, reverse, amend, reconsider or disturb the Court's September 3, 2010 in any way. Instead, Plaintiffs seek permission to file a renewed class certification motion to present evidence to address the Court's concerns regarding state-based numerosity.

Frigidaire's position ignores cases cited by Plaintiffs, including binding Eleventh Circuit authority, that recognize that courts may revisit the issue of *numerosity* after making an initial decision regarding class certification. (Mot. at 9 (*citing Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925 (11th Cir. 1983), *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322 (N.D.

---

[2] Plaintiffs are specifically seeking leave based on the Court's November 19, 2010 Order, which denied Plaintiffs' motion to revise the scheduling order because Plaintiffs had not yet requested or obtained "*permission* to file a renewed motion for class certification." (Nov. 19, 2010 Order at 2 (emphasis added) [Dkt. No. 136].)

Ill. 1995), and *McCarthy v. Beal*, No. 76-341, 1976 U.S. Dist. LEXIS 15472 (M.D. Pa. Apr. 22, 1976)). Further, even one of the cases on which Frigidaire relies recognizes that requests for leave to file a supplemental motion are distinct from motions to amend and are not governed by Fed. R. Civ. P. 60, but rather by standards similar to Fed. R. Civ. P. 15. *See Amalgamated Transit Union Local v. Laidlaw Transit Servs.*, No. 05-CV-1199-IEG (CAB), 2010 U.S. Dist. LEXIS 12086, at **7, 23-26 (S.D. Cal. Feb. 11, 2010) ("*Laidlaw*") ("Having concluded that no prejudice would result to First Transit from allowing Plaintiffs to *file* their supplemental motion, the Court granted the Ex Parte Application.") (emphasis in the original).

Decisional law within the Eleventh Circuit and this district have held that Rule 60(b) is inapplicable to interlocutory orders. *See, e.g.*, *Bon Air Hotel, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (defendant's summary judgment motion was "only an interlocutory order and thus not subject to being vacated under [Rule 60(b)]. However because the order was interlocutory, 'the court at any time before final decree [could] modify or rescind it.'") (*quoting John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922));[3] *Lemon v. Bank Lines, Ltd.*, No. CV 476-33, 1977 U.S. Dist. LEXIS 16889, at *2 (S.D. Ga. Mar. 15, 1977) (same).

Further, courts have recognized that Rule 60's requirements do not apply in the context of class certification. *See, e.g.*, *Anderson v. Douglas & Lomason Co.*, 122 F.R.D. 502, 503-04 (N.D. Miss. 1988). In *Anderson*, the plaintiffs moved for reconsideration of an order denying in part their motion for class certification. *Id.* at 503. The defendant argued that the motion for reconsideration should be denied because the "plaintiffs have not met any of the Rule 60(b) criteria." *Id.* at 504. The court rejected the defendant's argument, observing that the plaintiffs' class certification motion "under Rule 23 *is a different sort of creature*. Rule 23(c)(1) clearly provides that an order certifying or refusing to certify a class remains open to amendment or modification throughout the course of the trial." *Id.* (emphasis added).

---

[3] The Eleventh Circuit has "adopted as binding precedent Fifth Circuit decisions rendered prior to October 1981." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 160 n.4 (*citing Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981)).

Many of the cases on which Frigidaire relies are inapposite because they involve motions to reconsider or vacate orders that have nothing to do with class certification and are based solely on Rule 60. *See, e.g.*, *Turner v. Sec'y of Air Force*, 944 F.2d 804 (11th Cir. 1991) (reconsideration of a post-judgment attorney fee order); *Howard v. McCray*, NO. 606CV062, 2008 U.S. Dist. LEXIS 44194 (S.D. Ga. June 4, 2008) (reconsideration of qualified immunity defense involving prison employees who failed to flush an inmate's toilet every two hours); *Carey v. Bellsouth Short Term Disability Plan*, No. 1:06-cv-2589-WSD, 2008 U.S. Dist. LEXIS 15490 (N.D. Ga. Feb. 29, 2008) (reconsideration of a summary judgment order in a non-class case); *Bd. of Trs. of the Int'l Longshoremen's Ass'n v. Eller Maritime Servs.*, No. 08-22320, 2009 U.S. Dist. LEXIS 100574 (S.D. Fla. Oct. 28, 2009) (same). These cases are not instructive. It is well-established that courts have broad discretion to reconsider class certification orders. *See, e.g.*, 3 Newberg on Class Actions § 747 (4th ed. 2010) ("The ability of a court to reconsider its initial rulings . . . is a vital ingredient in the flexibility of courts to realize the full potential benefits flowing from the judicious use of the class action device."). Accordingly, even if Plaintiffs' request for leave could be construed to be a motion for reconsideration, it would be well within the Court's discretion to grant the request.

Frigidaire also relies on cases in which reconsideration was denied because the plaintiffs failed to establish the existence of new "factual developments" or simply rehashed old arguments, or where information was available when class certification proceedings were initiated and where such evidence was not presented due to lack of diligence or inattentiveness. (Opp. at 2-5.) Such is not the case here. Plaintiffs' request for leave to file a renewed motion for class certification is based on new evidence that was not available to Plaintiffs when they initially moved for class certification. In fact, Frigidaire did not produce the customer complaints from which the evidence in question is derived until *over a month after* Plaintiffs moved for class certification and *over three months after* class certification discovery had already closed. (See Mot. at 4-5 (quoting Transcript from November 18, 2010 hearing at 9:10-13).

Nor was the delay in obtaining the evidence in question unreasonable or the product of lack of diligence on the part of Plaintiffs. To the contrary, Frigidaire admitted that joinder was impracticable, and Plaintiffs believed that the numerosity requirement was satisfied based upon other information provided by Frigidaire which indicated that it had sold over 1 million washing machines between March 2004 and March 2008 and that approximately 585,000 of those machines were equipped with the convoluted bellows at issue in this case.

Significantly, the new evidence directly addresses the Court's concerns regarding state-based numerosity. Specifically, the evidence, which is derived from only a sampling of documents chosen by Frigidaire based on unknown search criteria, reveals that there exist at least thirty-six (36) putative class members who reside in Georgia, at least twenty-five (25) putative class members who reside in Texas and at least twenty-eight (28) putative class members who reside in California. As discussed in Plaintiffs' motion, such evidence is sufficient to establish numerosity for each of the state-based classes for which Plaintiffs now seek class certification.

Frigidaire argues that Plaintiffs' motion for leave should be denied because, allegedly, even if the new evidence is sufficient to establish state-based numerosity, such evidence would not change the outcome of the class certification decision because Plaintiffs' "motion for certification would still fail for all the reasons set forth in [Frigidaire's] class-certification briefing." (Opp. at 5-6.) Plaintiffs respectfully disagree with Frigidaire on that issue. But, more important, that is an argument for another day. Frigidaire's position also begs the question: If Frigidaire is as confident of its arguments relating to the remaining elements of Rule 23 as it professes, then why does it seek to avoid having the Court evaluate those arguments on the merits?

### C. The Grant Of Plaintiffs' Motion Will Not Prejudice Frigidaire But Denial Of The Motion Would Prejudice Absent Class Members.

Lack of prejudice is "one of the key factors" for determining whether a class certification order should be reconsidered. *Laidlaw*, 2010 U.S. Dist. LEXIS 12086, at * 22 (*citing Kilgo v. Bowman*, 789 F.2d 859, 877-78 (11th Cir. 1986). It is also one of the factors that Plaintiffs

analyze in support of their motion for leave. (Mot. at 7-8.) However, Frigidaire fails to demonstrate, or even address remotely, how it would be prejudiced by Plaintiffs' renewed class certification motion. Plaintiffs' proposed renewed motion presents only a small quantum of new evidence concerning state-based numerosity. In all other respects, the proposed motion is substantially similar to Plaintiffs' initial motion and is, in fact, streamlined to reflect the Court's September 3, 2010 Order on choice of law issues and Plaintiffs' remaining claims. As such, few, if any, additional resources will be required to respond to the renewed motion.

Further, while the grant of Plaintiffs' request for leave will not prejudice Frigidaire, the denial of the request would be extremely prejudicial to thousands of absent class members because it would effectively deprive them of their day in court.

## III. CONCLUSION

Frigidaire's strategy is evident: parlay the Court's identification of an issue concerning numerosity into a full-blown denial of certification that may forever foreclose pursuit of these class claims against it. A deconstruction of its arguments, however, reveals little support for such opportunism. For the reasons described above, this Court should grant Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification.

Dated: January 21, 2011

Respectfully submitted,

/s/ Mark J. Tamblyn
Mark J. Tamblyn (*pro hac vice*)
Ian J. Barlow (*pro hac vice*)
WEXLER WALLACE LLP
455 Capitol Mall, Suite 231
Sacramento, California 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124

Lee W. Brigham
Georgia Bar No. 081698
BELL & BRIGHAM
457 Greene Street
Augusta, Georgia 30903
Telephone: (706) 722-2014
Facsimile: (706) 722-7552

Kenneth A. Wexler (*pro hac vice*)
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

R. Brent Irby (*pro hac vice*)
Charles A. McCallum, III (*pro hac vice*)
MCCALLUM, HOAGLUND, COOK & IRBY, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205) 824-7768

Attorneys for *Plaintiffs, Individually and on Behalf of All Others Similarly Situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2011, I electronically filed **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin H. Brewton
TUCKER, EVERITT, LONG, BREWTON & LANIER
Post Office Box 2426
Augusta, Georgia 30903
Telephone: (706) 722-0771

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000

J. Russell Jackson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

/s/ Mark J. Tamblyn