# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

| | |
|---|---|
| MICHAEL TERRILL, ROBERT BROWN, MICHAEL VOGLER, PALECIA BOYD, and DENISE PACK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®,<br><br>Defendant. | CV 108-030 |

## ORDER

Presently before the Court is Robert Brown's, Michael Vogler's, and Palecia Boyd's ("Plaintiffs'") Motion for Leave to File a Renewed Motion for Class Certification, and Defendant's Conditional Cross-Motion for Additional Class Discovery. For the reasons set forth below, both motions are **GRANTED**.

**BACKGROUND**

A detailed account of the facts giving rise to this action is set forth in the Court's Order of September 3, 2010. See Sept. 3, 2010 Order 1-6, ECF No. 124. In that Order, the Court denied Plaintiffs' Motion for Class Certification because

1

Plaintiffs failed to satisfy the numerosity requirement. Id. at 47. Specifically, the Court found that Plaintiffs had not presented any state-specific evidence regarding the number of purchasers of Defendants' machines in Texas, Georgia, or California. Id. at 47-48.

On December 14, 2010, Plaintiffs moved for leave to file a renewed motion for class certification, asserting that they had "been able to compile evidence that establishes state-based numerosity [in response] to the Court's finding that it could not draw an inference of numerosity without sufficient evidence as to the number of machines sold in Texas, Georgia, and California." Mot. Leave 1, ECF No. 141. Plaintiffs claim that this new evidence comes from documents produced by Defendant "after the close of class certification discovery, after Plaintiffs filed their motion for class certification, and the day before [Defendant] filed its opposition to the motion." Id. This evidence "consists of email exchanges between Frigidaire and consumers residing in various states who experienced mold and mildew problems with their Frigidaire washing machines." Id. at 2. From this evidence, Plaintiffs have now identified at least thirty-six consumers in Georgia, twenty-five in Texas, and twenty-eight in California. Id. Further, Plaintiffs note, "[t]hese email exchanges are only a sampling of such correspondence between Frigidaire and consumers." Id.

2

Defendant opposes Plaintiffs' motion, characterizing it as an attempt to take "a second bite at the class-certification apple." Def.'s Opp. 1, ECF No. 146. Defendant contends that the Court should deny Plaintiff's motion "because the 'new' numerosity evidence plaintiffs claim to have found was in their possession long before this Court ruled on their motion for class certification." "[E]ven if this evidence could be considered 'new,' " Defendant argues, "plaintiffs still lack good cause to reopen class certification because doing so would not change the outcome of their motion [because] plaintiffs' proposed class is impermissibly overbroad — and it fails the typicality, predominance and superiority requirement for class certification." Id. Alternatively, Defendant requests that if the Court grants Plaintiffs' motion, the Court also grants Defendant "an equal opportunity to present new arguments in opposition to class certification," and specifically requests that it be permitted to conduct named plaintiff discovery. Id. at 2.

**DISCUSSION**

I. **Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification**

As a threshold matter, the Court notes that Plaintiffs' motion is brought properly pursuant to Federal Rule of Civil

3

Procedure 23(c)(1)(C), not Rule 60(b). It is well-established that Rule 60(b) provides for relief from only a *final* judgment, order, or proceeding. The Court's September 3, 2010 Order denying class certification, however, is not a final order. See Fed. R. Civ. P. 60(b) (referring only to "final judgment, order, or proceeding"); Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1303 (11th Cir. 2008) (referring to order denying class certification as interlocutory); De Leon-Granados v. Eller and Sons Trees, Inc., 497 F.3d 1214, 1216 (11th Cir. 2007) (referring to appeal of district court's grant of class certification as interlocutory); Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir.[1] 1970) (noting that an interlocutory order is not subject to being vacated under Rule 60(b)).

Instead, Plaintiffs bring the instant motion under Rule 23(c)(1)(C), which provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). Under Rule 23(c)(1)(C), district courts have broad discretion to revisit the issue of class certification at any time before entering final judgment. Culpepper v. Irwin Mortg. Corp., 491 F.3d 1260, 1275 (11th Cir. 2007); see also In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1254 (11th Cir. 2006) ("Importantly,

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Rule 23(c)(1)(C) specifically empowers district courts to alter or amend class certification orders 'at *any* time prior to a decision on the merits.' " (quoting Prado-Steiman v. Bush, 221 F.3d 1266, 1273 (11th Cir. 2000))).[2] Cf. Smith v. Ga. Energy USA, LLC, 259 F.R.D. 684, 697 (S.D. Ga. 2009) (Alaimo, J.) ("Certification of this class is provisional, and the Court may create additional subclasses, or decertify the class, at any time before final judgment, if subsequent developments so require." (citing Fed. R. Civ. P. 23(c)(1)(C)). Accordingly, the authority Defendant cites relating to Rule 60(b) and motions for reconsideration is not binding on the issue of Plaintiff's instant 23(c)(1)(C) motion.[3]

As noted, the Court has broad discretion at this point in the litigation to alter or amend its September 3, 2010 denial of class certification. See Fed. R. Civ. P. Rule 23(c)(1)(C). The Eleventh Circuit has not established an exact standard for determining when to allow parties to revisit the issue of class

---

[2] In Bayshore, as in the present case, "[t]he district court's order denying class certification made no indication of either the finality or the preclusive effect of its ruling, [Defendant] has pointed to no such indication in the record, and our own review of the record has uncovered none." 471 F.3d at 1254.

[3] See also Anderson v. Douglas & Lomason Co., 122 F.R.D. 502, 504 (N.D. Miss. 1988) ("Motions for reconsideration of orders making final disposition of a previous motion are generally treated by this court as Rule 59 or 60 motions. However, the motion to certify a class under Rule 23 is a different sort of creature."); id. (" 'Under Rule 23, the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts.' " (Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983))).

certification after an initial denial thereof. District courts within the Circuit, however, have suggested that revisiting the class certification issue would be appropriate "if subsequent developments so require," upon a showing of "new evidence or some other appropriate ground," or a demonstration of "changed circumstances." See Smith, 259 F.R.D. at 697 ("Certification of this class is provisional, and the Court may create additional subclasses, or decertify the class, at any time before final judgment, if subsequent developments so require."); Cooper v. Pacific Life Ins. Co., 229 F.R.D. 245, 266 (S.D. Ga. 2005) (Alaimo, J.) (same); Clausnitzer v. Fed. Express Corp., 621 F. Supp. 2d 1266, 1269 (S.D. Fla. 2008) (" '[The plaintiffs] could conceivably renew the class certification request based on new evidence or some other appropriate ground.' " (quoting Genenbacher v. CenturyTelFiber Co. II, LLC, 500 F. Supp. 2d 1014, 1017 (C.D. Ill. 2007))); Washington v. Vogel, 158 F.R.D. 689, 692-93 (M.D. Fla. 1994) (" 'In the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of [the] class, in the guise of motions to reconsider the class ruling.' " (quoting 2 H. Newberg and A. Conte, *Newberg on Class Actions* (3d ed. 1992) § 7.47 at 7-146)).

6

In <u>Vogel</u>, for example, the district court found that absolutely nothing had changed, and therefore declined to reconsider its prior denial of class certification. 158 F.R.D. at 693. Here, by contrast, something has changed — Plaintiffs have offered new evidence to the Court, belatedly obtained because Defendant did not produce the evidence until after the close of class certification discovery and after Plaintiffs had filed their original motion for class certification. <u>See</u> Mot. Leave 1. Significantly, Plaintiff seeks to offer this new evidence to rebut the very basis of the Court's September 3, 2010 denial of class certification — a lack of state-specific evidence of numerosity. Not only is allowing Plaintiffs to revisit the issue well within the Court's discretion under Rule 23(c)(1)(C), but Defendant has failed to offer authority to persuade the Court otherwise.[4] Accordingly, Plaintiffs' Motion for Leave is **GRANTED**.

## II. Defendant's Conditional Cross-Motion for Additional Class Discovery

---

[4] As noted, Defendant urges standards from cases that address motions under Rule 60(b) or other rules, and do not address Rule 23(c)(1)(C). <u>See, e.g., Jones v. Jeld-Wen, Inc.</u>, No. 07-22328, 2008 WL 2906715 (S.D. Fla. July 24, 2008); <u>Howard v. McCray</u>, No. 6:06CV062, 2008 WL 2316718 (S.D. Ga. June 4, 2008). Defendant also argues that Plaintiffs have not identified truly "new evidence," but cites in support Rule 60(b)(2) and cases addressing motions for reconsideration. <u>See, e.g., Turner v. Sec. of Air Force</u>, 944 F.2d 804, 806 (11th Cir. 1991); <u>Bd. of Trustees of Int'l Longshoremen's Ass'n v. Eller Maritime Servs., LLC</u>, No. 08-22320-CIV, 2009 WL 3584264 (S.D. Fla. Oct. 28, 2009); <u>Carey v. Bellsouth Short Term Disability Plan</u>, No. 1:06-cv-2589, 2008 WL 595938 (N.D. Ga. Feb. 29, 2008). Defendant also cites some cases from district courts outside the Eleventh Circuit, none of which are binding on this Court.

7

Defendant has asked the Court, if it grants Plaintiff's Motion for Leave, to reopen class certification discovery. Defs.' Opp. 6. Specifically, Defendant desires permission "to re-propound the written discovery requests that Magistrate Judge Barfield previously deemed untimely and to depose the named plaintiffs. Id.[5] Magistrate Judge Barfield denied Defendant's motion to compel class-certification discovery (filed on December 8, 2009, one day before the deadline for Plaintiffs to file their motion for class certification), noting that "Defendant was afforded until and including October 10, 2009, to conduct discovery on class certification. The fact that Defendant failed to pursue discovery on class certification was by its own choice. In other words, Defendant chose to ignore the scheduling deadlines at its own peril." May 24, 2010 Order 3, 5, ECF No. 119.

Nevertheless, because the Court grants Plaintiffs' present motion, allowing Defendant to conduct class certification discovery of the named plaintiffs is appropriate and serves the

---

[5] Defendant claims that the parties had agreed in November 2009 to postpone class-certification discovery until the Court resolved Electrolux's then-pending motions to dismiss and to strike plaintiffs' class claims. Only when [Plaintiffs] decided to file their class-certification brief without discovery did plaintiffs suddenly change their tune and refuse to provide Electrolux with the depositions that both parties had contemplated would occur before Electrolux filed its opposition. Instead, plaintiffs objected to the discovery on the ground that it was untimely, and the Court refused to compel plaintiffs to respond to the discovery because the class-certification discovery deadline had passed. As a result, Electrolux was forced to prepare and submit an opposition to plaintiffs' motion for class certification without the benefit of named plaintiff discovery. Def.'s Opp. at 7 (citations omitted).

interest of fairness. Therefore, the parties will have until and through June 1, 2011 to conduct class certification discovery so that they may thoroughly and conclusively brief Plaintiffs' Renewed Motion for Class Certification.

**CONCLUSION**

Plaintiffs' Motion for Leave to File a Renewed Motion for Class Certification is hereby **GRANTED**. Defendant's Conditional Cross-Motion for Additional Class Discovery is **GRANTED**. The parties shall have until and through June 1, 2011 to conduct class certification discovery.

**SO ORDERED**, this 24th day of March, 2011.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA