# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT of GEORGIA

Scott L. Poff  
Clerk of Court

OFFICE of the CLERK  
P.O. Box 1130  
AUGUSTA, GEORGIA 30903

(706)849-4400

## MEMO TO DENOTE FILING DEFICIENCY AS TO FORM

Date: 12/08/2011

To: Mark J. Tamblyn and Ian J. Barlow

Case: CV1:08-30

Your pleading, #169 Notice of Withdrawal of Counsel

has been filed; however, it is deficient in the area(s) checked below:  [x] Corrective Actions Required or [ ] No actions required (Informative Only)

(NOTE: "L.R." refers to the Local Rules, Southern District of Georgia)

- [ ] 1. No certification as to parties has been filed. (L.R. 3.2). The L.R. 3.2 Certificate is the only mechanism to identify potential judicial conflicts.
- [ ] 2. Pleading is illegible or otherwise not in compliance with L.R. 10.1.
- [ ] 3. Original and one copy of the complaint should be submitted together with one copy for each defendant served. (L.R. 4.1)
- [ ] 4. Original and one copy of all pleadings required. (L.R. 4.2)
- [ ] 5. Pleading is not signed. (L.R. 11.1)
- [ ] 6. No certificate of service or explanation why service is not required was submitted. (L.R. 5.1 and FRCP)
- [ ] 7. Motion is not in compliance with Local Rules.
    - [ ] a. No memorandum of law citing supporting authorities was submitted (L.R. 7.1)
    - [ ] b. No statement of opposition of non-opposition as submitted.
    - [ ] c. Separate proposed order was not attached (L.R. 7.1)
    - [ ] d. No good faith certificate was submitted. (L.R. 26.7)
- [ ] 8. Document was not filed electronically using CM/ECF (See Administrative Procedures)
- [ ] 9. Motions Document contained request for multiple relief but was not selected during electronic filing. (L R Policy)
- [x] 10. Must be filed as a motion. Please see attachments.

After 14 days a notice of noncompliance with the Local Rules will be submitted to a judicial officer for possible sanctions, to include dismissal.

For more information - Please contact your nearest clerk's office.

findings and recommendations issued under this Rule ~~within ten (10) days after being served with a copy of the Magistrate Judge's report.~~as provided by Fed. R. Civ. P. 72(b). Any objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection. ~~The assigned District Judge shall make a de novo determination upon the record, or after additional evidence, of those portions of the Magistrate Judge's disposition to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge may also receive further evidence, recall witnesses, or recommit the matter to the Magistrate Judge with instructions.~~

LR 83.5 Disbarment and Discipline.

(g) Where in a matter pending before an Article I Judge it appears that any attorney appearing in case or proceeding, or representing a party in interest in such case or proceeding, has violated any of the rules referred to in subparagraph (d), the Article I Judge may initiate a proceeding in conformity with subparagraphs (a) and (d) through (f) of this Rule, may terminate the proceeding at any stage when the question raised is unsupported or unsubstantiated, and, if the proceeding is not terminated, shall at the conclusion of the proceeding submit to the Chief Judge of this Court proposed findings of fact and, where appropriate, a recommendation for the discipline of the offending member.

The Article I Judge shall file his proposed findings and recommendations with the Court under seal and a copy thereof shall forthwith be mailed by the Clerk to the subject of the disciplinary action, who shall have ~~ten~~fourteen days after service to file written objections to the proposed findings and recommendations.

LR 83.7 Withdrawal as Attorney of Record.

Attorneys representing parties in any case, desiring to have their names stricken of record, shall so request one of the District Judges of this Court, in writing and in duplicate, through the Clerk of this Court, and shall disclose that such attorney has given due notice to his client of his intention to withdraw from the case, and shall specify the manner of such notice to the client, attaching copy of the notice. Such notice to the client shall be given at least ~~ten (10)~~fourteen (14) days prior to the request to the Court. Upon the filing of the request with the Clerk, a copy thereof shall forthwith be mailed to the client and within ~~ten (10)~~fourteen (14) days thereafter, such request shall be presented by the Clerk to the District Judge for his action thereon. Ordinarily, counsel will not be allowed to withdraw after pretrial if such withdrawal will delay the trial of the case, in which event the attorney shall continue as responsible for the handling of the case.

    a.    If the original document requires the signature of a non-attorney, the filing party or the Clerk's Office shall scan the original document, then electronically file it on ECF.

    b.    The electronically-filed document as maintained by the Court shall constitute the official court record. *See* section II(A)(1)(f) of these Administrative Procedures.

    c.    A non-filing signatory or party who disputes the authenticity of an electronically-filed document with a non-attorney signature or the authenticity of the signature on that document must file an objection to the document within ten days of receiving the Notice of Electronic Filing.

### D. FEES PAYABLE TO THE CLERK

Any fee required for filing a pleading or paper in District Court is payable to the Clerk of the Court by cash, check, U.S. Postal money order, cashier's check, or certain credit/debit cards approved by the Court. Checks, money orders and cashier checks are to be made payable to "Clerk, United States Courts". A law firm check will be accepted for payment by attorneys. The Clerk's Office will note the receipt of fees on the docket. The Court will not maintain electronic billing or debit accounts for attorneys or law firms.

### E. ORDERS

1. The assigned judge or the Clerk's Office shall electronically file all orders. Any order entered electronically has the same force and effect as if the judge had affixed his/her signature to a paper copy of the order and it had been entered on the docket conventionally.

2. A party submitting a proposed order with an electronic filing shall include the proposed order as a separate PDF attachment to the filing. *See* LR 7. The proposed order shall also be e-mailed as a Word Perfect or MS Word document to the e-mail address specified below which corresponds to the court division where the case is pending. The subject line of the e-mail shall reflect the case number, the docket entry number of the motion to which the proposed order pertains, and a brief description of the motion.

| Division No. | Division Name | E-Mail Address |
| --- | --- | --- |
| 1 | Augusta | proposedorders_aug@gas.uscourts.gov |
| 2 | Brunswick | proposedorders_bwk@gas.uscourts.gov |
| 3 | Dublin | proposedorders_dub@gas.uscourts.gov |
| 4 | Savannah | proposedorders_sav@gas.uscourts.gov |
| 5 | Waycross | proposedorders_wyx@gas.uscourts.gov |
| 6 | Statesboro | proposedorders_sta@gas.uscourts.gov |