# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO: CV108-030 |
| v. ) ) | |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, ) ) ) | |
| Defendant. ) ) | |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Electrolux Home Products, Inc. ("Electrolux") respectfully submits the attached decisions in *In re Ford Motor Co. E-350 Van Products Liability Litigation*, No. 03-4558, 2012 U.S. Dist. LEXIS 13887 (D.N.J. Feb. 6, 2012), and *Mazza v. American Honda Motor Co.*, No. 09-55376, 2012 U.S. App. LEXIS 626 (9th Cir. Jan. 12, 2012), as supplemental authorities in support of its opposition to plaintiffs' renewed motion for class certification ("Opposition").

Plaintiffs in this case assert consumer-fraud claims under the Texas Deceptive Trade Practices Act ("TDTPA") and California's Unfair Competition Law ("UCL"). As set forth in Electrolux's Opposition, these statutes require proof of causation and/or reliance, which plaintiffs cannot satisfy on a classwide basis. The recent rulings in *Mazza* and *In re Ford-E-350 Van* provide additional support for Electrolux's arguments.

In *Mazza*, the United States Court of Appeals for the Ninth Circuit vacated an order certifying a class of Acura vehicle owners alleging UCL and other claims based on Honda's alleged failure to disclose material information regarding the vehicles' automatic braking system. 2012 U.S. App. LEXIS 626, at *1-2.  The court held that plaintiffs' proposed class was improperly certified because plaintiffs alleging class claims under the UCL must prove a causal connection between the defendant's allegedly misleading statements and each proposed class member's purchase of the product at issue.  *Id*. at *31-32.  Although the UCL's reliance requirement applies only to the named plaintiff in a class action, *id* at *32-33 (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009)), the Ninth Circuit found that California law does not allow "a consumer who was never exposed to an alleged false or misleading advertising . . . campaign to recover damages under California's UCL." *Id*. at *33.  Instead, "it is necessary for everyone in the class to have viewed the allegedly misleading advertising." *Id*. at *34.  The plaintiffs in *Mazza* could not satisfy that requirement on a classwide basis, because:  (1) there was no evidence that all of the class members were actually exposed to Honda's allegedly misleading statements; and (2) some vehicle owners may have "learned of the . . . allegedly omitted limitations [of the braking system] before they purchased or leased" their vehicles.  *Id*. Accordingly, the court vacated the class-certification order.

Similarly, *In re Ford-E-350 Van*, the District of New Jersey denied a motion to certify a class of owners of Ford E-350 vans, alleging, *inter alia*, claims under the TDTPA, based on Ford's alleged misrepresentation of the vans as "15 passenger" vehicles, even though they were prone to roll over when that many passengers were on board.  2012 U.S. Dist. LEXIS 13887, at *3-4.  According to the court, the TDTPA's reliance element required plaintiffs to establish that no class member would have "purchased the E-350 van if Ford had fully disclosed the E-350 van's handling problems to consumers."  The court also noted that plaintiffs could not prove the

causation element of their statutory consumer-fraud claims on a classwide basis in light of "the numerous public reports, articles and broadcasts concerning the handling problems of the E-350 van" during the class period. *Id.* at *55. According to the court, "consumers who saw these reports and understood the E-350 van to have significant handling problems will have a difficult time proving causation, and in doing so, they would not rely on common proof." *Id.* at *56. Because "it would take individualized causation inquiries to determine which putative class members saw such news reports prior to their purchase of an E-350," the court held that class certification was inappropriate. *Id.*

      Plaintiffs' claims here fail Rule 23's predominance requirement for many of the same reasons. As in *Mazza* and *In re Ford-E-350 Van*, there is no evidence that all of the proposed class members were exposed to an alleged misstatement by Electrolux. To the contrary, the named plaintiffs' own testimony makes it clear that while some proposed class members may have seen advertisements or other representations by Electrolux before purchasing their washers (*see, e.g.*, Dep. of Michael Vogler 60:3-22, May 20, 2011 (attached to Def.'s Opp'n as Ex. 9)), others admittedly did not (*see, e.g.*, Dep. of Robert Brown 25:8-11, June 4, 2011 (attached to Def.'s Opp'n as Ex. 10)). Accordingly, individualized evidence would be necessary to establish that each class member was "exposed to an allegedly false or misleading" statement. *Mazza*, 2012 U.S. App. LEXIS 626, at *33. In addition, just as in *Mazza* and *In re Ford-E-350 Van*, it is likely that many of the proposed absent class members were aware of the possibility of odors in front-load washers before making their purchases. After all, numerous publications, including *Consumer Reports*, ran stories about the potential for odors, mold or mildew in front-load washing machines during the class period. (*See, e.g.*, *Consumer Reports Buying Guide 2006*, Washing Machines at 80; *Consumer Reports Buying Guide 2007*, Washing Machines at 77 (attached collectively to Def.'s Opp'n as Ex. 5).) Absent class members who read these

3

materials while researching their washing machine purchases would not be able to prove causation or reliance.  As a result, it would be impossible for plaintiffs to prove their claims without "individualized causation inquiries to determine which putative class members saw such news reports prior to their purchase[s]." *In re Ford-E-350 Van*, 2012 U.S. Dist. LEXIS 13887, at *56.

      For these reasons, and all of the other reasons set forth in Electrolux's Opposition, the Court should deny plaintiffs' request for class certification.

Dated:  February 17, 2012                        Respectfully submitted,

| | |
|---|---|
| John H. Beisner | s/ J. Russell Jackson |
| Jessica Davidson Miller | J. Russell Jackson *(pro hac vice)* |
| SKADDEN, ARPS, SLATE MEAGHER | Peter Luneau |
| & FLOM LLP | SKADDEN, ARPS, SLATE MEAGHER |
| 1440 New York Avenue, N.W. | & FLOM LLP |
| Washington, D.C.  20005 | Four Times Square |
| (202) 371-7000 | New York, New York 10036 |
| | Telephone: (212) 735-3000 |
| | russell.jackson@skadden.com |
| | |
| | Benjamin Brewton, Bar No. 02530 |
| | TUCKER, EVERITT, LONG, |
| | BREWTON & LANIER |
| | P. O. BOX 2426 |
| | AUGUSTA, GEORGIA 30309 |
| | Telephone: (706) 722-0771 |
| | bbrewton@thefirm453.com |

                 ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

    I certify that on the 17th day of February, 2012, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

                                    /s/ J. Russell Jackson
                                    J. Russell Jackson
                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                    Four Times Square
                                    New York, New York  10036
                                    Telephone:  (212) 735-3000
                                    russell.jackson@skadden.com