IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOLGER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE®<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. CV108-030<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' NOTICE OF NEW AUTHORITY**

Today, the United States Court of Appeals for the Sixth Circuit issued the attached opinion affirming the United States District Court for the Northern District of Ohio's order granting class certification in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation,* No. 10-4188 (6th Cir. May 3, 2012). The Sixth Circuit's opinion addresses and rejects several of the arguments that Electrolux advances in opposition to Plaintiffs' pending motion for class certification, including its argument that Plaintiffs' claims do not satisfy the commonality, typicality, predominace and superiority requirements because they allegedly turn on individualized proof, and its argument that the classes proposed by Plaintiffs are overly broad because they allegedly contain individuals who have not experienced a mold and mildew problem with their washing machine.

With respect to commonality and typicality, the Sixth Circuit agreed with the district court's findings that issues relating to the design defects allegedly associated with Whirlpool's front-load

-1-

washing machines and the adequacy of Whirlpool's warnings to consumers relating thereto presented common questions that were likely to result in common answers, thus advancing the litigation:

> ...the district court properly concluded that whether design defects in the Duets proximately caused mold or mildew to grow and whether Whirlpool adequately warned consumers about the propensity for mold growth are liability issues common to the plaintiff class. These issues are capable of classwide resolution because they are central to the validity of each plaintiff's legal claims and they will generate common answers likely to drive the resolution of the lawsuit.

*Slip Op.* at 12.

The Sixth Circuit rejected Whirlpool's arguments that the class was overly broad, explaining:

> The liability class as certified is not too broad. "What is necessary is that the challenged conduct or lack of conduct be premised on a ground that is applicable to the entire class." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012) (internal quotation marks omitted). Class certification is appropriate "if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate." *Id*. (quoting *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) (internal quotation marks omitted).
>
> Additionally, the class plaintiffs may be able to show that each class member was injured at the point of sale upon paying a premium price for the Duet as designed, even if the washing machines purchased by some class members have not developed the mold problem. In *Wolin v. Januar Land Rover North Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010), a car manufacturer successfully argued before the district court that class certification was inappropriate because the named class plaintiffs did not prove that an alignment geometry defect causing premature tire wear manifested in a majority of the class members' vehicles. The Ninth Circuit reversed and remanded for class certification, holding that "proof of the manifestation of a defect is not a prerequisite to class certification[,]" and that "individual factors may affect premature tire wear, [but] they do not affect whether the vehicles were sold with an alignment defect." *Id*. Similarly, in *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011), the Ninth Circuit concluded that the plaintiff class sufficiently established injury for standing purposes by showing that "[e]ach alleged class member was relieved of money in the transactions." *See also Montanez v. Gerber Childrenswear, LLC*, No. CV09-7420, 2011 WL 6757875, *1-2 (C.D. Cal. Dec. 15, 2011) (holding injury shown where class members spent money on defective infant clothing that was less valuable than Gerber represented it to be): *Kwickset Court v. Superior Court*, 246 P.3d 877, 895

(Cal. 2011) (observing diminishment in value of an asset purchased by the consumer is sufficient to establish injury). The Third Circuit recently observed that "Rule 23(b)(3) does not . . . require individual class members to individually state a valid claim for relief" and the "question is not what valid claims can plaintiffs assert; rather, it is simply whether common issues of fact or law predominate." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297, 305 (3d Cir. 2011) (en banc) (reviewing settlement classes). These cases support the plaintiffs' position that the class as certified is appropriate.

*Slip Op.* at 14-15.

Finally, the Sixth Circuit easily affirmed the district court's findings that common questions predominated over individual ones and that a class action was the superior method to resolve the claims fairly and efficiently:

> [W]e have no difficulty affirming the district court's finding that common questions predominate over individual ones and that the class action mechanism is the superior method to resolve these claims fairly and efficiently. This is especially true since class members are not likely to file individual actions because the cost of litigation would dwarf any potential recovery. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (finding that in drafting Rule 23(b)(3), "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all'"); *Carnegie v. Household Int'l*, 376 F.3d 656, 661 (7th Cir. 2004) (Posner, J.) (noting that "[t]he *realistic* alternative to a class action is not 17 million individual suits, but zero individual suits" because of litigation costs)....

*Slip Op.* at 15-16.

These rulings apply equally in this case. Plaintiffs respectfully ask this Court to consider these rulings in deciding their motion for class certification and respectfully submit that their motion should be granted for the reasons stated by the Sixth Circuit and for the reasons stated in their prior submissions.

(Signature on the following page)

Respectfully submitted on this the 3rd day of May, 2012.

    /s/ Lee W. Brigham
Lee W. Brigham
State Bar No. 081698
John C. Bell, Jr.
State Bar No. 048600
Bell & Brigham
Post Office Box 1547
Augusta, Georgia 30903
706-722-2014
lee@bellbrigham.com
john@bellbrigham.com

Kenneth A. Wexler (*pro hac vice*)
WEXLER WALLACE LLP
West Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
kaw@wtwlaw.com

Charles M. McCallum (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
McCALLUM, HOAGLUND COOK
& IRBY, LLP
905 Montgomery Highway, Suite 202
Vestavia Hills, Alabama 35216
205-824-7767
cmccallum@mhcilaw.com
birby@mhcilaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2012, I electronically filed the foregoing **Plaintiffs' Notice of New Authority** with the Court's electronic filing system which will serve a copy of the pleading upon opposing counsel as follows:

Benjamin H. Brewton
TUCKER, EVERITT, LONG, BREWTON & LANIER
P.O. Box 2426
Augusta, Georgia  30903
bbrewton@thefirm453.com

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
john.beisner@skadden.com

J. Russell Jackson
Peter D. Luneau
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
russell.jackson@skadden.com
peter.luneau@skadden.com

                                                /s/ Lee W. Brigham
                                                Lee W. Brigham
                                                Attorney for Plaintiffs