# Robert Brown, et al.

## v.

# Electrolux Home Products, Inc., d/b/a Frigidaire

United States District Court for the Southern District of Georgia, Augusta Division
Honorable Lisa G. Wood

## Class Certification Hearing

## August 2, 2012



# What is this case about?

- This case involves very specific Frigidaire-branded models of washing machines that contain a common, universal defect.

# What is this case about?

- The defect allows water to collect in the machine after use and noxious "biofilm" to develop.

bio·film  🔊  *noun*  \-'film\

**Definition of BIOFILM** ············································

: a thin usually resistant layer of microorganisms (as bacteria) that form on and coat various surfaces

*Merriam-Webster's Dictionary*

# What is this case about?

- Electrolux recognized this common defect, and even attempted to design a common fix for it.

- Despite knowing about this problem and creating a solution for it, Electrolux failed to inform its customers or retailers of the problem, failed to recall the machines, and refused to pay for repair or replacement of the machines.

# What is this case about?

- The common defect: a washer designed with a "convoluted bellow" or "boot" that allows standing water to form after a wash cycle is complete.

- Electrolux designed a new, smooth "boot" that does not allow for the water to accumulate (below).



Figure 1

*Electrolux Service Flash LN073, Apr. 2, 2007*

# What is this case about?




**SERVICE FLASH**

**LN073**

**Electrolux** Service

## Water Collecting in Boot on Select Frigidaire Front-Load Washers

| MODEL/SERIAL # | BTF2140E | BLTF2940E | FTF2140E | FWFB9100E |
| | FWFB9200E | GLTF2940E | LTF2140E | LTF2940E |

**PROBLEM**  When the door is opened at the end of the cycle, a small amount of water is noticed in the convolutions of the boot at the six o'clock position.

*Electrolux Service Flash LN073, Apr. 2, 2007*

# What is this case about?

- Electrolux knew of the problem, and developed a "fix" for it.

- Even though Electrolux claimed that newer models had a "reduced" risk of developing biofilm, the problem was still present.

**CAUSE** Water standing in the bottom of the washer boot after completion of a wash cycle is normal. Even though the likelihood of a biofilm formation is reduced by the vent system in the new washers, customers may still have a perceived concern.

**SOLUTION** A new boot style that does not have convolutions is now available for such concerns. Order bellows kit (Figure 1) p/n 134515300.

*Electrolux Service Flash LN073, Apr. 2, 2007*

# What is this case about?

- The United States District Court for the Northern District of Ohio recently certified a similar class action involving Whirlpool front-loading washing machines that also had bioflim, mold, and mildew issues.
  *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, No. 08-wp-65000, 2010 U.S. Dist. LEXIS 69254 (N.D. Ohio July 12, 2010)

- The class certification decision was affirmed by the Sixth Circuit Court of Appeals.
  No. 10-4188, 2012 U.S. App. LEXIS 9002 (6th Cir. May 3, 2012)

- Rehearing and rehearing *en banc* was denied.
  No. 10-4188, 2012 U.S. App. LEXIS 12560 (6th Cir. June 18, 2012).

# Who are the plaintiffs?

Robert Brown

- Robert Brown purchased a Frigidaire front-load washing machine, model number LTF2140ES3, in June 2006.

- In May 2009, Mr. Brown contacted Electrolux to complain about mold and mildew problems. Electrolux told Mr. Brown that he would have to wipe down the inside of his washing machine after every cycle and leave the door open.

- Electrolux gave Mr. Brown these instructions, despite acknowledging that "an open door could entice children to hang on the door or crawl inside the washer."

- Despite following Electrolux's instructions, the problem is ongoing.

# Who are the plaintiffs?

Michael Vogler

- Mr. Vogler purchased a Frigidaire washing machine, model number FTF2140ES3, in 2007.

- In early 2009, Mr. Vogler contacted Electrolux to complain about mold and mildew developing inside of his machine.

- Electrolux would not provide Mr. Vogler with a replacement, nor would they provide him with a new bellow.

- Despite performing preventative measures as instructed by Electrolux, the problem remains ongoing.

# Who are the plaintiffs?

Despite taking measures advised by Electrolux, the problem persists:

"…we've done everything that was suggested we do to cure [the mold and mildew problem], and it hasn't resolved the problem."

*- Robert Brown*

"And I'm not the only one who is in this situation. . . . I thought that I was taking care of the issue based on the recommendations given to me [by Electrolux]. . . . And according to what I was told if I wiped it down every day, the problem would not recur, so that's what I was doing. . . . But I discovered that there's nothing that could be done to remediate this and prevent it.  It's going to happen.  It's going to continue to happen."

*- Michael Vogler*

*Plaintiffs' Renewed Motion and Memorandum of Law in Support of Renewed Motion for Class Certification ("Renewed Br.") at 11-12.*

# Class Action Requirements 23(a)

To maintain a class action pursuant to Federal Rule of Civil Procedure 23, plaintiffs must first fulfill the four prerequisites of Rule 23(a):

1. the class is so numerous that joinder of all members is impracticable;

2. there are questions of law or fact common to the class;

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4. the representative parties will fairly and adequately protect the interests of the class.

# Class Definition

**Plaintiffs seek certification of the following two classes:**

**CLASS ONE:** All persons in the State of California who purchased, other than for resale, during the previous four (4) years any of the Washing Machines that were equipped with a convoluted bellow; and

**CLASS TWO:** All persons and entities in the State of Texas who purchased, other than for re-sale, during the previous four (4) years any of the Washing Machines that were equipped with a convoluted bellow.

# Class Definition

### The class definition isn't overbroad.

- Electrolux's argument, that "[t]he overwhelming majority of the proposed class members who purchased machines with convoluted bellows have never complained about a problem with their washing machines," and thus, most of the class members "have no injury and no standing to sue" has been flatly rejected by other courts in similar cases.

# Class Definition

## The class definition isn't overbroad.

- "Class certification is appropriate if class members complain of a pattern or practice that is generally applicable to the class as a whole.  Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate."  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 420 (6th Cir. 2012) (affirming certification of class of individuals who purchased front-loading washing machines, even where defendants argued that the class was overly broad).

- In this case, class members complained of a uniform "pattern or practice" applicable to all class members: Electrolux knew its washing machines were defective, failed to inform customers of the defects, failed to issue its Service Flash to customers or retailers, and failed to recall its machines.

# Class Definition

## The class definition isn't overbroad.

- "Additionally, the class plaintiffs may be able to show that each class member was injured at the point of sale upon paying a premium price for the Duet as designed, even if the washing machines purchased by some class members have not developed the mold problem." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 420 (6th Cir. 2012) (citing *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1173 (9th Cir. 2010) that "proof of manifestation of defect is not a prerequisite to class certification. . . . [and that] individual factors may affect premature tire wear, [but] they do not affect whether the vehicles were sold with an alignment defect.").

- Plaintiffs here allege that the washers were sold with a design defect.

# Class Definition

## The class definition isn't overbroad.

- "Rule 23(b)(3) does not. . . Require individual class members to individually state a valid claim for relief. . . .  [The] question is not what valid claims can plaintiffs assert; rather, it is simply whether common issues of fact or law predominate." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 420 (6th Cir. 2012) (citing *Sullivan v. DB Inves., Inc.*, 667 F.3d 273, 297, 305 (3d Cir. 2011) )

- Electrolux's absurd argument that plaintiffs who no longer possess the washers would have to "show that an alleged defect in the washing machines caused them to receive less for the sale of their home than they otherwise would have" is absurd and doesn't fit into the class certification rubric.

# Numerosity

It is not necessary for plaintiffs to demonstrate that they know the exact size of the class to satisfy numerosity.
*Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983)

"Impracticability" does not mean "impossibility"—plaintiffs need only demonstrate that "it would be extremely difficult or inconvenient to join all members of the class."
*In re Theragenics Corp. Secs. Litig.*, 205 F.R.D. 689, 694 (N.D. Ga. 2002).

"[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."
*Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986).

# **Numerosity**

Numerosity is easily met in this case:

- Frigidaire concedes that it would be impractical to join all putative class members in this action. (Renewed Br. at 5.)

- Approximately 585,000 washing machines contain the "convoluted boot." (*Id.*)

- Frigidaire distributed 11,183 machines to the State of California, and 12,484 machines to the State of Texas between 2004 through 2007. (*Id.*)

# **Numerosity**

Numerosity is easily met in this case:

- Frigidaire represented that product registration cards were submitted for approximately 1,797 machines in California.  (Renewed Br. at 6.)

- Registration cards were submitted for approximately 1,568 machines in Texas.  (*Id.*)

- Given the large number of consumers who purchased these machines in Texas and California, joinder would be impracticable.

# **Commonality**

"Rule 23 **does not require that all the questions of law and fact raised by the dispute be common**.  The claims actually litigated in the suit must simply be those fairly represented by the named plaintiffs."  *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986).

"In order to maintain a class action, there also must be questions of law or fact common to the class and sub-class. The commonality requirement is not high, requiring only that resolution of the common questions affect all or a substantial number of the class members.  **A single common question of law or fact is sufficient.**" *Escolastico De Leon-Granados v. Eller & Sons Trees*, No. 05-cv-1473, 2006 U.S. Dist. LEXIS 73781 (N.D. Ga. Sept. 28, 2006).

# **Commonality**

- Each class member purchased a Frigidaire-branded Electrolux washing machine with a convoluted bellow.

- Each class member's washing machine is subject to Service Flash LN073, describing the defect.

- Electrolux withheld material information concerning the defect from each class member.

- Each class member suffered damages from the moment they purchased the defective machine.

# **Commonality**

There are several common questions in this case, for example:

- Whether the washing machines possess a common defect;

- Whether Electrolux was aware that the washing machines were and are defective;

- Whether Electrolux was obligated to disclose that the washing machines suffer from a common defect;

- Whether Electrolux breached its express and implied warranties; and

- Whether Electrolux violated the Texas and California consumer protection laws.

# **Commonality**

These questions can be resolved by common proof.

- Whether the washing machines possess a common defect.
  - We already know which washer model numbers contain the "convoluted boot"

| MODEL/SERIAL # | BTF2140E | BLTF2940E | FTF2140E | FWFB9100E |
|---|---|---|---|---|
| | FWFB9200E | GLTF2940E | LTF2140E | LTF2940E |

  - The class definition takes this information into account— only those machines with the defect are part of the class.
  - At the merits stage, plaintiffs will offer expert proof "demonstrating that, due to the boot's defective design. . . A consumer who operates her washing machine. . . Will ultimately and inevitably encounter mold and mildew formation that, as in the case of the named Plaintiffs, stains and odorizes clothes." (Reply at 7.)

# Commonality

These questions can be resolved by common proof.

- Whether Electrolux was aware that the washing machines were and are defective.
  - We already know that Electrolux put out a Service Flash on the machines discussing the defective boot.
  - Electrolux designed a common "fix," so they were aware of the problem.

**SOLUTION** A new boot style that does not have convolutions is now available for such concerns. Order bellows kit (Figure 1) p/n 134515300.

*Electrolux Service Flash LN073, Apr. 2, 2007*

# **Commonality**

These questions can be resolved by common proof.

- Whether Electrolux was obligated to disclose that the washing machines suffer from a common defect.

  – This question will depend on the laws of California and Texas.

  – Texas law will apply to all putative class members in Texas.

  – California law will apply to all putative class members in California.

# **Commonality**

These questions can be resolved by common proof.

- Whether Electrolux breached its express and implied warranties.
    - Manifestation of defect is not required under California and Texas law.
    - Notice requirements are not subject to individualized proof.
    - Individualized proof of reliance is not required.

# **Commonality**

...whether Electrolux breached its express and implied warranties

- Manifestation of defect is not required under California and Texas law. *See Tietsworth v. Sears Roebuck & Co*, No. 09-cv-0288, 2011 U.S. Dist. LEXIS 83316, at *10-11 (N.D. Cal. July 29, 2011) (appropriate to include individuals who hadn't yet experienced defect in class definition); *Cole v. GMC*, 484 F.3d 717, 723 (5th Cir. 2007) (plaintiffs suffered economic injury from the moment they bought the defective product).

- While some class members may not complain about the smell of "biofilm," yet – Electrolux acknowledged there IS a problem, and each and every class member who purchased a washer with a convoluted bellow suffered injury from the moment they purchased the defective product.

# **Commonality**

...whether Electrolux breached its express and implied warranties

- Proof of notice is not required as to every absent class member, if at all. *Metowski v. Traid Corp.*, 28 Cal. App. 3d 332, 339 (Cal. App. 3d Dist. 1972) (demanding notice "from each and every member of the class. . . a meaningless ritual").

- Cal. Comm. Code § 2607, derived from UCC § 2-607 is procedural in nature, and just "opens the way for normal settlement through negotiation." Cmt. 4.

- No case in Texas has required every absent class member to send notice. (Reply at 15-18.)

- If the Court were to accept Electrolux's argument that plaintiffs must show individualized evidence of notice, no class actions involving warranty claims would ever be certified.

# **Commonality**

...whether Electrolux breached its express and implied warranties

- Reliance is subject to class-wide proof. *Johnson v. Gen. Mills, Inc.*, No. SAVC 10-00061, 2011 U.S. Dist. LEXIS 45120, at *7 (C.D. Cal. Apr. 20, 2011) (presumption of reliance arises whenever there is a showing that misrepresentation is material); *Southwestern Bell Tel. Co. v. Mktg on Hold, Inc.*, 308 S.W.3d 909, 921 (Tex. 2010) (reliance presumed when defendants make uniform misrepresentations).

- Plaintiffs' claims are based upon Electrolux's uniform omissions and failure to adequately disclose that its washing machines were equipped with a defective bellow that results in mold and mildew problems.

- Whether the washer will develop this type of noxious-smelling mold is a material issue.

# **Commonality**

These questions can be resolved by common proof.

- Whether Electrolux violated the Texas and California Consumer Protection Laws.
  - The claims are subject to class-wide proof for each class.
  - The presence, if any, of a reliance requirement does not automatically defeat class certification. *Southwestern Bell Co. v. Mktg. on Hold, Inc.*, 308 S.W.3d 909, 921 (Tex. 2010) (uniform misrepresentation by defendant susceptible to class-wide proof); *Ewert v. Ebay, Inc.*, No. 07-04487, 2010 U.S. Dist. LEXIS 108838 (N.D. Cal. Sept. 2, 2011) (individualized proof of reliance not required).

# **Commonality**

- Electrolux knew its washers had a material defect, failed to adequately warn buyers of the defect, the withheld information about the design defect was material, causing plaintiffs damages.

- For the same reasons commonality existed in *Whirlpool*, they exist here:

> The first element is common to the class because, on the plaintiffs' theory, Whirlpool knew at the outset that its washers had a defect. Likewise, the second element is common across the class because—despite buyers' varying exposure to Whirlpool's disclosures about mold problems—the plaintiffs' theory is that none of Whirlpool's public disclosures about mold problems were sufficient. And the third element is common to the class because . . . courts permit inferences or presumptions of inducement and reliance rather than requiring individualized proof of actual reliance.

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, No. 08-wp-65000, 2010 U.S. Dist. LEXIS 69254, at *10-11 (N.D. Ohio July 12, 2010), *aff'd* No. 10-4188, 2012 U.S. App. LEXIS 9002 (6th Cir. May 3, 2012).

# **Typicality**

"Commonality and typicality 'tend to merge' because both of them 'serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 418 (6th Cir. 2012) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. __, 131 S. Ct. 2541, 2551 n.5 (2011)).

"The focus is on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. . . .  Typicality. . . does not require identical claims or defenses."  *Del Rosario v. King & Prince Seafood Corp.*, No. CV 204-036, 2006 U.S. Dist. LEXIS 76777, at *38 (S.D. Ga. Mar. 7, 2006) (internal quotations omitted).

# Typicality

Like the class they seek to represent, the named Plaintiffs:

1. own a Frigidaire-branded Electrolux dryer with a convoluted bellow;

2. that was subject to Electrolux's Service Flash;

3. which contain a defect allowing water to accumulate in the machine;

4. which was not disclosed to them by Electrolux.

# Adequacy

The inquiry into adequacy of representation is twofold: (1) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the class representatives have interests antagonistic to those of the rest of the class. *In re NetBank, Inc.*, 259 F.R.D. 656, 666 (S.D. Ga. 2009).

The test is not a stringent one; if there are any doubts about adequate representation or potential conflicts, they should be resolved in favor of upholding the class. Newberg on Class Actions § 7:24 (4th ed. 2002)

# Adequacy

Plaintiff Robert Brown will be an adequate representative for the California class because:

- He has no interests antagonistic to the class.
- He is pursuing the lawsuit to achieve a "fair shake for everybody in California that has this problem." (Renewed Br. at 13.)
- Understands his duties as a class representative, and has demonstrated this by "cooperating, staying in touch with the attorneys regarding whatever is asked of me. . ." (*Id.*)
- Sat for a deposition and has responded to discovery.

# Adequacy

Plaintiff Michael Vogler will be an adequate representative for the Texas class because:

- He has no interests antagonistic to the class.
- He is pursuing the lawsuit because he "would like Frigidaire to—or Electrolux to stand behind their machines for all of the purchasers of this product that had this bellows, particularly those in Texas, which is the class I'm representing. . . . If I see that something is established for all of the people affected by this then I'll feel that justice has been done.  Now, I would like to have seen Electrolux do this without having to be prompted, but they did not behave that way."  (Renewed Br. at 13.)
- Understands his duties as a class representative, and has demonstrated this by "com[ing] to depositions and court, if necessary, to provide all of the information that I have to the lawyers so they can present the case."  (*Id.*)

# Adequacy

Plaintiffs' Counsel are Adequate Because…

- They are experienced in class litigation.  *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987) ("whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation.")

- Plaintiffs' counsel have propounded and analyzed discovery, performed substantial investigation of Plaintiffs' claims, and in large part successfully opposed Defendants' two motions to dismiss (Dkt. Nos. 39 and 88) and two motions to strike (Dkt. Nos. 45 and 89).

# Class Action Requirements 23(b)(3)

A class action may be maintained if Rule 23(a) is satisfied and if: The court finds that the questions of law or fact common to class members **predominate** over any questions affecting only individual members, and that a class action is **superior** to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

A.   the class members' interests in individually controlling the prosecution or defense of separate actions;

B.   the extent and nature of any litigation concerning the controversy already begun by or against class members;

C.   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

D.   the likely difficulties in managing a class action.

# Common Issues Predominate

It is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986).

- Every class member's washing machine is covered by the same warranty: the Frigidaire Tumble Action Washer Warranty

- Every class member's washing machine has the same defect: the convoluted boot.

- Electrolux failed to disclose the design defect to every class member.

# Common Issues Predominate

- Electrolux's argument, that individual differences in the way a consumer uses a machine will predominate, has already been rejected in almost identical litigation.

> Moreover, individual differences in Whirlpool's owner misuse defense do not preclude certification because (according to the plaintiffs' theory) the mold problems persisted regardless of whether owners followed Whirlpool's recommended fixes.

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, No. 08-wp-65000, 2010 U.S. Dist. LEXIS 69254, at *14-15 n.5 (N.D. Ohio July 12, 2010), *aff'd* No. 10-4188, 2012 U.S. App. LEXIS 9002 (6th Cir. May 3, 2012).

# Common Issues Predominate

- Electrolux's other affirmative defenses also fail to defeat predominance.

> The weight of authority is against Whirlpool's argument that because its affirmative defenses will vary from owner to owner, common questions do not predominate. *See In re Energy Sys. Equip. Leasing Sec. Litig.*, 642 F. Supp. 718, 752-53 (E.D.N.Y. 1986) ("Courts have been nearly unanimous. . . in holding that possible differences in the application of a statute of limitations to individual class members, including the named plaintiffs, does not preclude certification of a class action so long as the necessary commonality and. . . predominance, are otherwise present.") (citing cases). In any event, even if Whirlpool's statute of limitations defense differs across individual class members, it will be relatively easy to resolve on an individual basis.

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, No. 08-wp-65000, 2010 U.S. Dist. LEXIS 69254, at *14-15 n.5 (N.D. Ohio July 12, 2010), *aff'd* No. 10-4188, 2012 U.S. App. LEXIS 9002 (6th Cir. May 3, 2012).

# Common Issues Predominate

- Electrolux relies on cases that have no bearing on the current defect case.

- Unlike in the *In re Ford Motor Co. E-350 Van Products Liability Litig.*, No. 03-4558, 2012 U.S. Dist. LEXIS 13887 (D.N.J. Feb. 6, 2012), we can presume class-wide reliance—not only because Electrolux's omissions and misrepresentations were uniform (Ford's were not), but because no reasonable jury could conclude that a class member would have purchased a washing machine if they would've known the defect resulted in accumulation of bacteria, microorganisms, mold, and mildew on a machine that is designed to get clothes clean (in Ford, it was uncertain whether individuals would purchase vans if they knew they had to be driven by trained and experienced drivers due to stability issues).

# Common Issues Predominate

- Electrolux relies on cases that have no bearing on the current defect case.

- *Mazza v. Amer. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) is inapplicable here. Plaintiffs in *Mazza* sought a nation-wide class of consumers under California law.  The plaintiffs in this case only seek two very specific state-wide classes.  Second, in *Mazza*, the Ninth Circuit reversed the class certification ruling finding that consumers did not receive misleading advertisements prior to purchase, and that a presumption of reliance "does not arise when class members were exposed to quite disparate information from various representatives of the defendant."  That is not the case, here.  Plaintiffs and the class were reasonably lead to believe that their washers were free of defects and would not grow mold or "biofilm."

# Common Issues Predominate

- While plaintiffs believe that the damages analysis will be readily resolved on a class-wide basis, even *Whirlpool* found that the class could be certified if "individual class members will have to prove the damages they suffered"—this is because:

  .

    "the presence of a single common question is enough for certification—as long as resolution of that question will advance the litigation."

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, No. 08-wp-65000, 2010 U.S. Dist. LEXIS 69254, at *9 (N.D. Ohio July 12, 2010), *aff'd* No. 10-4188, 2012 U.S. App. LEXIS 9002 (6th Cir. May 3, 2012); *accord. Escolastico De Leon-Granados v. Eller & Sons Trees*, No. 05-cv-1473, 2006 U.S. Dist. LEXIS 73781 (N.D. Ga. Sept. 28, 2006).

# A Class Action is Superior

A class action is superior for adjudicating this controversy because:

- "[N]o absent class member has indicated an interest in controlling the prosecution of a separate action." *Smith v. Ga. Energy*, 259 F.R.D. 684, 696 (S.D. Ga. 2009).

- The costs the individual plaintiffs would have to bear in pursuing this litigation would be prohibitive and quickly subsume any potential recovery. *Id.* at 697.

- Individual actions may lead to inconsistent judgments.

- It is desirable to have this litigation concentrated in one forum where the instant action is pending.

- There are no foreseeable difficulties in continuing this action on a class basis.

# Conclusion

*For the foregoing reasons and the reasons stated in Plaintiffs' briefs, the Court should certify the following classes:*

**CLASS ONE:** All persons in the State of California who purchased, other than for resale, during the previous four (4) years any of the Washing Machines that were equipped with a convoluted bellow; and

**CLASS TWO:** All persons and entities in the State of Texas who purchased, other than for re-sale, during the previous four (4) years any of the Washing Machines that were equipped with a convoluted bellow.