IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,<br><br>Defendant. | Case No: CV-108-030 |

**OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' POST-HEARING SUBMISSION**

Plaintiffs, like Electrolux, filed a post-hearing brief concerning class certification issues. Specifically addressing questions raised by the Court on August 2, 2012, Plaintiffs explained why the decisions in the *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation* case and appeal were instructive, No. 08-WP-65000, 2010 U.S. Dist. LEXIS 69254 (N.D. Ohio July 12, 2010), *aff'd* 678 F.3d 409 (6th Cir. 2012), and how Plaintiffs' case—involving a discrete and acknowledged defect by Electrolux—is even more appropriate for class certification. Plaintiffs also provided the Court with cases instructive as to class certification, per a colloquy with the Court at the hearing concerning the requirements of Fed. R. Civ. P. 23.

These arguments are not "new," as Electrolux alleges, but merely provide clarity pursuant to the Court's questions at the class certification hearing, which counsel for Electrolux also attended. For example, at the August 2 hearing, Plaintiffs' counsel addressed the impact of the economic loss rule on the tort-based claims that were certified in *Whirlpool* versus the claims for which Plaintiffs seek certification. (Hearing Tr. at 38-39.) There is no reason why Electrolux could not have

1

addressed Plaintiffs' argument at the hearing, or in its post-hearing submission. Similarly, Electrolux seeks to counter one of Plaintiffs' supposed "new argument[s]" that cites to *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011), but Plaintiffs had previously cited to *Fitzpatrick* in their renewed motion for class certification and explained that it provides support for their argument that the claims in this case are appropriate for certification under Eleventh Circuit precedent. (Pls' Renewed Mot., Dkt. No. 158 at 20.) Electrolux did not address *Fitzpatrick* in its opposition brief. (Dkt. No. 164.) Plaintiffs addressed the *Fitzpatrick* case again in their post-hearing submission because the Court specifically inquired at the hearing about relevant Eleventh Circuit authority. Again, there is no reason that Electrolux could not have addressed this decision in its opposition, at the hearing, or in its post-hearing submission. Electrolux's oversight should not allow it two (or more) bites at the apple.

Further, Electrolux's proposed opposition brief does not directly respond to Plaintiffs' arguments, but instead serves to distract from the issues at hand. Plaintiffs argued that the causes of action alleged in this case are even more appropriate for class certification than those raised in the *Whirlpool* case because they are capable of complete resolution—both as to liability and damages. (Pls' Br., Dkt. No. 183 at 2-3.) Electrolux's post-hearing brief even acknowledged those differences. (Electrolux's Br., Dkt. No. 182 at 5.) The fact that the Sixth Circuit did not analyze the difference between the causes of action raised in the *Whirlpool* case and this case does not make this analysis any different.

Citing *American Honda Motor Co. v. Superior Court*, 199 Cal. App. 4th 1363, 1375-76 (2011), Electrolux next argues that this Court is bound by California appellate court cases interpreting California law, and thusly that the Court should disregard Plaintiffs' citation to *Keegan v. American Honda Motor Co.*, No. CV 10-09508, 2012 U.S. Dist. LEXIS 91394 (C.D. Cal. June 12,

2

2012). However, as the *Keegan* court recognized, "*American Honda Motor Co.* applie[d] California's standard for class certification[,]" *id.* at *65, while *Wolin v. Jaguar Land Rover N. Am.*, LLC, 617 F.3d 1168 (9th Cir. 2010), applied Fed. R. Civ. P. 23, which is the standard for class certification in the case *sub judice*. Moreover, as the *Keegan* court noted, "the *American Honda Motor Co.* court did not address the California Supreme Court's decision in *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009), which, at least in the context of a case based on an across-the-board failure to disclose, such as this one, indicates that individualized proof of reliance and causation is not required." *Id.* at *65-66. Electrolux's argument is flat wrong.[1]

There are few—next to no—consumer class actions where plaintiffs have the benefit of a defendant company's internal documents defining a *common problem* and proposing a *common solution* to that problem. If any consumer case were appropriate for class certification, it would be this one.

Dated:  September 4, 2012                                     Respectfully submitted,


                                                              /s/ Amy E. Keller

                                                              Kenneth A. Wexler (*pro hac vice*)
                                                              Edward A. Wallace (*pro hac vice*)
                                                              Amy E. Keller (*pro hac vice*)
                                                              **WEXLER WALLACE LLP**
                                                              55 West Monroe Street, Suite 3300
                                                              Chicago, Illinois  60603

---

[1] Similarly unavailing are Electrolux's arguments regarding reliance. Plaintiff Vogler's "failure to disclose" Deceptive Trade Practices Act claim is subject to class-wide proof due to the "uniform misconduct" of Electrolux. (*See* Reply in Supp., Dkt. No. 165 at 27-30.) Additionally, a presumption of reliance is appropriate for Plaintiff Brown's claims. (*See* Reply in Supp., Dkt. No. 165 at 30-36.) Indeed, whether a consumer would have purchased a washing machine that would develop mold, mildew, and "biofilm" has already been deemed by this Court to be a material issue that a buyer would consider in making a purchase. *Terrill v. Electrolux Home Prods.*, 753 F. Supp. 2d 1272, 1294 ("Moreover, the defect Brown alleges Electrolux failed to disclose—that its washing machines have significant mold and mildew issues—is material. **A consumer who knows of the alleged mold and mildew issues is less likely to purchase an Electrolux than one who does not**." (emphasis added)). Electrolux failed to disclose this material defect, and consumers (unaware that there was a material problem) purchased the washing machines.

Telephone:  (312) 346-2222
Facsimile:   (312) 346-0022
kaw@wexlerwallace.com
eaw@wexlerwallace.com
aek@wexlerwallace.com

R. Brent Irby (*pro hac vice*)
Charles A. McCallum, III (*pro hac vice*)
**MCCALLUM, HOAGLUND,
  COOK & IRBY, LLP**
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama  35216
Telephone:  (205) 824-7767
Facsimile:   (205) 824-7768
birby@mhcilaw.com
cmccallum@mhcilaw.com

John C. Bell, Jr., Ga. Bar No. 048600
Lee W. Brigham, Ga. Bar No. 081698
**BELL & BRIGHAM**
457 Greene Street
Augusta, Georgia  30903
Telephone:  (706) 722-2014
Facsimile:   (706) 722-7552
john@bellbrigham.com
lee@bellbrigham.com

4

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 4, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who are registered with the system.

                                          /s/ Amy E. Keller