IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE,<br><br>               Defendant. | Case No: CV-108-030 |

## PLAINTIFFS' NOTICE OF NEW AUTHORITY

Yesterday, the United States Court of Appeals for the Seventh Circuit issued the attached opinion which reversed the United States District Court for the Northern District of Illinois's denial of class certification in a similar front-loading washing machine case. *Larry Butler, et al. v. Sears, Roebuck and Co.*, No. 11-8029 (7th Cir. Nov. 13, 2012). The Seventh Circuit joined the Sixth Circuit in finding that product defect actions, such as the one presently before this Court, are suitable for class certification.

The Seventh Circuit's opinion addresses and rejects several of the arguments that Electrolux advances in opposition to Plaintiffs' pending motion for class certification, including its argument that Plaintiffs' claims do not satisfy the predominance requirement of Fed. R. Civ. P. 23(b)(3), and its argument that the proposed class may include individuals who have not yet experienced a mold problem.

1

In *Butler*, Sears argued, and the district court agreed, that the front-loading washers in question included "a number of design modifications as a result of which different models are differently defective and some perhaps not at all, and therefore common questions of fact concerning the mold problem and its consequences do not predominate over individual questions of fact." *Slip Op.* at 3.

The Seventh Circuit rejected this argument, explaining:

> Although Sears contends that during the period covered by the complaint it sold 27 different Kenmore-brand models, Whirlpool made only five design changes that relate to mold. **The basic question in the litigation—were the machines defective in permitting mold to accumulate and generate noxious odors?—is common to the entire mold class, although the answer may vary with the differences in design.** The individual questions are the amount of damages owed particular class members (the owners of the washing machines).
>
> **Predominance is a question of efficiency**....Is it more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis or all issues in separate trials? **A class action is the more efficient procedure for determining liability and damages in a case such as this involving a defect that may have imposed costs on tens of thousands of consumers, yet not a cost to any one of them large enough to justify the expense of an individual suit**. If necessary, a determination of liability could be followed by individual hearings to determine the damages sustained by each class member (probably capped at the cost of replacing a defective washing machine—there doesn't seem to be any claim that the odors caused an illness that might support a claim for products liability as distinct from one for breach of warranty). But probably the parties would agree on a schedule of damages based on the cost of fixing or replacing class members' mold-contaminated washing machines. The class action procedure would be efficient not only in cost, but also in efficacy, if we are right that the stakes in an individual case would be too small to justify the expense of suing, in which event denial of class certification would preclude any relief.

*Id.* at *4-5 (internal citations omitted, emphasis added).

This case presents an even stronger case for class certification because it involves a *single* design defect.

2

The Seventh Circuit also rejected Sears's argument that the class was overly broad because it included members who had not yet experienced a mold problem:

> Sears argues that most members of the plaintiff class did not experience a mold problem. But if so that is an argument not for refusing to certify the class but for certifying it and then entering a judgment that will largely exonerate Sears – a course it should welcome, as all class members who did not opt out of the class action would be bound by the judgment.
>
> In two states (*see Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908, 920-23 (2001); *Schiffner v. Motorola, Inc.*, 697 N.E.2d 868, 874-76 (Ill. App. 1998)), or possibly three (*see DaimlerChrysler Corp., v. Inman*, 252 S.W.3d 299, 304-07 (Tex. 2008)), of the six states in which members of the class reside, a defective product can be the subject of a successful suit for breach of warranty even if the defect has not yet caused any harm. If, as appears to be the case, the defect in a Kenmore-brand washing machine can precipitate a mold problem at any time, the defect is an expected harm, just as having symptomless high blood pressure creates harm in the form of an abnormally high risk of stroke. A person who feels fine, despite having high blood pressure, and will continue feeling fine until he has a stroke or heart attack, would expect compensation for an unlawful act that had caused his high blood pressure even though he has yet to suffer the consequences. Every class member who claims an odor problem will have to prove odor in order to obtain damages, but class members who have not yet encountered odor can still obtain damages for breach of warranty, where state law allows such relief – relief for an expected rather than for only a realized harm from a product defect covered by an express or implied warranty.

*Id.* at 5-6.

For the foregoing reasons, and those set forth in Plaintiffs' prior briefs, the Court should grant Plaintiffs' motion for class certification.

Dated: November 14, 2012                             Respectfully submitted,

/s/ Lee W. Brigham
Lee W. Brigham, Ga. Bar No. 081698
John C. Bell, Jr., Ga. Bar No. 048600
**BELL & BRIGHAM**
457 Greene Street
Augusta, Georgia  30903
Telephone:  (706) 722-2014
Facsimile:   (706) 722-7552
lee@bellbrigham.com
john@bellbrigham.com

Kenneth A. Wexler (*pro hac vice*)
Edward A. Wallace (*pro hac vice*)
Amy E. Keller (*pro hac vice*)
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone:  (312) 346-2222
Facsimile:  (312) 346-0022
kaw@wexlerwallace.com
eaw@wexlerwallace.com
aek@wexlerwallace.com

Charles A. McCallum, III (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
**MCCALLUM, HOAGLUND,
  COOK & IRBY, LLP**
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama  35216
Telephone:  (205) 824-7767
Facsimile:  (205) 824-7768
cmccallum@mhcilaw.com
birby@mhcilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2012, I electronically filed the foregoing **Notice of New Authority** with the Court's electronic filing system which will cause a copy of the same to be served upon the following opposing counsel:

Benjamin H. Brewton
TUCKER, EVERITT, LONG, BREWTON & LANIER
P.O. Box 2426
Augusta, Georgia 30903
bbrewton@thefirm453.com

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
john.beisner@skadden.com

J. Russell Jackson
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
russell.jackson@skadden.com

/s/ Lee W. Brigham
Lee W. Brigham
Attorney for Plaintiffs