## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

— — — — — — — — — — — — — — — — — — — — — — —

ROBERT BROWN and MICHAEL
VOGLER, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

 v.

ELECTROLUX HOME PRODUCTS, INC.
d/b/a FRIGIDAIRE®,

       Defendant.

— — — — — — — — — — — — — — — — — — — — — — —

CASE NO:  CV108-030

### DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITY

Plaintiffs have submitted the recent decision in *Butler v. Sears*, Nos. 11-8029, 12-8030, 2012 U.S. App. LEXIS 23284 (7th Cir. Nov. 13, 2012), as purported evidence that "product defect actions" like this one "are suitable for class certification."  (Pls.' Notice at 1.)  As set forth below, however, *Butler* should not influence the Court's ruling on plaintiffs' motion for class certification because:  (1) the *Butler* decision is based on a misapplication of Rule 23(b)(3)'s predominance requirement that is inconsistent with Supreme Court and Eleventh Circuit precedent; (2) *Butler* did not involve consumer fraud claims, like those here, which turn on highly individualized facts; and (3) the rate of complaints in *Butler* was dramatically higher than the rate here, leading the Court in that case to conclude that all class members were "expected" to experience the alleged defect over the life of their washing machines.

***First***, the Seventh Circuit's decision reversing the denial of class certification in *Butler* is based on a misinterpretation of Rule 23(b)(3)'s predominance requirement and is contrary to

controlling Eleventh Circuit law.  In *Butler*, the court held that "[p]redominance is a question of efficiency."  2012 U.S. App. LEXIS 23284 at *4.  Thus, the court suggested that predominance is satisfied any time "it [is] more efficient, in terms both of economy of judicial resources and of the expense of litigation to the parties, to decide some issues on a class basis or all issues in separate trials."  *Id*. at *5.  The court further noted that "class action[s are] the more efficient procedure for determining liability and damages" where "the stakes in an individual case would be too small to justify the expense of suing, in which event denial of class certification would preclude any relief."  *Id*. at *5-6.  Accordingly, the court concluded that predominance was satisfied in that case – despite evidence suggesting that many "members of the plaintiff class did not experience a mold problem" with their washing machines – because, otherwise, those class members who did experience an issue may not be able to recover.  *Id*.

The Seventh Circuit's ruling ignores the very serious risk that individuals who have had no problems with their washing machines would recover for breach of warranty merely by virtue of the fact that they are included in a class action.  After all, if a consumer with a perfectly functioning washing machine were to stand before a jury, he or she would almost certainly not succeed on claims for breach of implied warranty.

The class action device cannot be used to change that result.  As the U.S. Court of Appeals for the Eleventh Circuit has recognized, both the "Rules Enabling Act , 28 U.S.C. § 2072 – and due process – prevent[] the use of class actions from abridging the substantive rights of any party" by "amalgamat[ing] disparate claims in the name of convenience."  *Sacred Heart Health Sys. v. Humana Military Healthcare Servs.*, 601 F.3d 1159, 1176 (11th Cir. 2010).  Thus, class certification is improper where there is a "distinct possibility" that the defendant is liable to "some class members, but not . . .  other class members" based on the specific facts of their cases.  *Id*.  That is the real purpose of the predominance requirement:  to ensure that the proposed

2

class members' claims are so similar that plaintiffs can prove the required elements of their claims using common evidence.  *See Sacred Heart Health Sys.*, 601 F.3d at 117; *see also Okla. ex rel Forbes v. Southwestern Bell Tel. Co.*, No. 99-CV-720-S(H), 2002 U.S. Dist. LEXIS 4091, at *17-18 (N.D. Okla. Feb. 28, 2002) ("The predominance requirement found in Rule 23(b)(3) 'ensures that claims of class members will be so similar that prosecution by a few members of the class will be fair.'").

In short, the Seventh Circuit appears to have forgotten a fundamental principle of U.S. law:  the "benefits of efficiency can never be purchased at the cost of fairness."  *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *see also Amchem Products v. Windsor*, 521 U.S. 591, 615 (1997) (class certification is only appropriate where it will "'achieve economies . . . *without sacrificing procedural fairness*'") (emphasis added) (quoting Fed. R. Civ. P. 23 Advisory Committee Notes); *Shelley v. AmSouth Bank*, No. 97-1170-RV-C, 2000 U.S. Dist. LEXIS 11429, at *55-56 (S.D. Ala. July 24, 2000) (a class certification analysis that "address[es] only the efficiency of a class action and not its fairness" is improper).  For all of these reasons, the predominance discussion in *Butler* was contrary to fundamental class action principles and to Eleventh Circuit law.[1]

The *Butler* analysis is also flawed because it fails to address typicality.  Even if the predominance prong of Rule 23 were satisfied in a case such as this, ***where the majority of the***

---

[1]        The Seventh Circuit's opinion is also irreconcilable with the U.S. Supreme Court's holding  in *Wal-Mart Stores, Inc. v. Dukes* that the "[c]ommonality" prong of Rule 23(a) "requires the plaintiff to demonstrate that the class members have suffered the same injury.  131 S. Ct. 2541, 2551 (2011) (internal quotation marks and citation omitted).  As the Eleventh Circuit has noted, Rule 23(b)(3)'s predominance requirement is even stricter than the commonality requirement.  *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1269 (11th Cir. 2009) (commonality "demands only that there be 'questions of law or fact common to the class'" whereas the predominance requirement is more strict and demands that plaintiffs establish that those "common questions of law or fact 'predominate' over individual issues"); *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, No. 8:12-cv-897-T-30TBM, 2012 U.S. Dist. LEXIS 108696, at *9 (M.D. Fla. Aug. 3, 2012) ("The predominance inquiry is much more stringent than Rule 23(a)(2)'s requirement of commonality.").  If commonality is not satisfied absent a showing of uniform injury, it necessarily follows that plaintiffs cannot establish predominance.

*proposed class members have not experienced the problems alleged by the named plaintiffs*,

the typicality requirement would not be.  "The premise of a class action is that litigation by

representative parties adjudicates the rights of all class members."  *Broussard v. Meineke Disc.*

*Muffler Shops*, Inc., 155 F.3d 331, 338 (4th Cir. 1998); *see also Sprague v. Gen. Motors Corp*.,

133 F.3d 388, 399 (6th Cir. 1998) ("as goes the claim of the named plaintiff, so go the claims of

the class").  Accordingly, "basic due process requires" that the named plaintiff's claims be so

"factually and legally similar to the claims of the remaining class members" that he or she can

fairly stand in the place of all.  *Id*.  Consistent with these principles, Rule 23(a)'s typicality prong

requires that a class representative "possess the same interest and suffer the same injury as the

[absent] class members."  *Id*.; *see also Danielson v. DBM, Inc.*, No. 1:05-cv-2091-WSD, 2007

U.S. Dist. LEXIS 18609, at *18 (N.D. Ga. Mar. 15, 2007) (Rule 23(a)'s typicality requirement

demands "that the named representatives' claims share the same essential characteristics as the

claims of the class at large"); *see also Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th

Cir. 2000).  A named plaintiff who claims that his washing machine manifested a defect that

caused mold and odor does not "possess the same interest and suffer the same injury" as an

absent class member whose machine has always worked as intended.  For this reason too, the

*Butler* analysis is deeply flawed and contrary to well-settled class-action principles.

    ***Second***, this case presents far more individualized issues than those in *Butler*.  Most

notably, this case involves consumer fraud claims that will turn on the specific information each

proposed class member received before purchasing his or her washing machine and how that

information affected his or her purchasing decision, if at all.  Specifically, plaintiffs' consumer

fraud claims are based on the allegation that Electrolux failed to inform purchasers that their

machines contained an alleged defect that made the machines susceptible to mildew, mold and

odor.  (*See* Am. Compl. ¶ 2.)  However, as Electrolux explained in detail in its opposition to

class certification, the California and Texas consumer fraud statutes require proof that each proposed class member relied on or was affected by this alleged omission in purchasing his or her machine.  (*See* Def.'s Opp'n to Class Certification ("Def.'s Opp'n"), ECF No. 164, at 29-34.) There is no way for plaintiffs to make such a showing on a classwide basis, especially given that various media outlets – including Consumer Reports – published information regarding the potential for smells, mildew or mold in front-load washing machines throughout the class period, and many proposed class members were likely aware of this potential before purchasing their machines.  (*See id*. at 31-36.)  Indeed, in 2006, right in the middle of the class period, Consumer Reports published its annual Buying Guide, noting that "readers have reported that front-loading washers developed mold or a musty smell."  (*See* Consumer Reports Buying Guide 2006, Washing Machines at 80 (attached to Def.'s Opp'n as Ex. 5).)

Importantly, *Butler* did not involve consumer fraud claims and does not in any way suggest that such claims are appropriate for class certification.  Indeed, when the Seventh Circuit was faced with a similar proposed consumer fraud class action involving allegedly misrepresented clothing dryers several years ago, it reversed a grant of certification.  *See Thorogood v. Sears, Roebuck & Co*., 547 F.3d 742, 748 (7th Cir. 2008) (reversing certification of class of dryer purchasers; "the proposition that the other half million buyers, apart from [the named plaintiff], shared his understanding of Sears's representations" about its dryers and were affected identically by them "is, to put it mildly, implausible, and so would require individual hearings to verify").

*Third*, even with respect to plaintiffs' implied-warranty claims, this case is very different from *Butler*.  After all, the *Butler* court noted that there "have been many thousands of complaints of bad odors by the owners" of Kenmore-brand washing machines.  2012 U.S. App. LEXIS 23284, at *3-4.  Based on the large number of complaints, the court concluded that there

is an "expected harm" to all proposed class members.  *Id.*  By contrast, here, there is no evidence that mold or odors are a common problem, or that they are "expected" to manifest in all Electrolux washing machines.  To the contrary, the Company has received a very low volume of calls regarding alleged problems with odors or mildew in its front-load washing machines.  Less than ***two-tenths of one percent*** of owners of the machines at issue required service calls to address alleged problems relating to odor, mold or mildew during the warranty period.  (Decl. of Chris Hill ¶ 10, Aug. 22, 2011 (attached to Def.'s Opp'n as Ex. 2).)

Under Texas law, "the absence of a manifested defect precludes a cognizable claim" for breach of implied warranty.  *In re Air Bag Prods. Liab. Litig.*, 7 F. Supp. 2d 792, 805 (E.D. La. 1998); *see also, e.g., Cole v. GMC*, 484 F.3d 717, 729 (5th Cir. 2007) ("actual manifestation of . . . defect is a prerequisite to recovery under [Texas] warranty theories").  And in California, a plaintiff alleging breach of implied warranty must show it is "substantially certain" that the product will malfunction "during its useful life."  *See American Honda Motor Co., Inc. v. Superior Court*, 199 Cal. App. 4th 1367, 1374-1376 (2011) (reversing certification of warranty claims where only four percent of class members reported a problem with their transmissions).  Here, plaintiffs cannot prove that all proposed class members have experienced odors, mold or mildew in their washing machines; nor can they demonstrate a "substantial[] certain[ty]" that all class members will have a problem in the future.  For this reason too, the *Butler* ruling is inapposite.

## CONCLUSION

For the foregoing reasons and those set forth in defendant's prior briefing, the Court should deny plaintiffs' renewed motion for class certification.

Dated:  November 19, 2012                           Respectfully submitted,

John H. Beisner                                     s/ J. Russell Jackson

Nina Ramos Rose
Jessica Davidson Miller
SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
(202) 371-7000

J. Russell Jackson *(pro hac vice)*
Peter Luneau
SKADDEN, ARPS, SLATE MEAGHER
& FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
russell.jackson@skadden.com

Benjamin Brewton, Bar No. 02530
TUCKER, EVERITT, LONG,
BREWTON & LANIER
P. O. BOX 2426
AUGUSTA, GEORGIA 30309
Telephone: (706) 722-0771
bbrewton@thefirm453.com

ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

## CERTIFICATE OF SERVICE

I certify that on the 19th day of November, 2012, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

/s/ J. Russell Jackson
J. Russell Jackson
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, New York  10036
Telephone:  (212) 735-3000
russell.jackson@skadden.com