## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO: CV108-030 |
| v. ) ) | |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, ) ) ) | |
| Defendant. ) ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITY

Plaintiffs have submitted *Tait v. BSH Home Appliances Corp.*, --- F.R.D. ---, No. SA CV 10-0711 DOC (ANx), 2012 WL 6699247 (C.D. Cal. Dec. 20, 2012), as supposed support for their position that "the claims for violations of California law asserted by Plaintiff Robert Brown are appropriate for class certification." (Pls.' Notice of New Auth. at 1.) Plaintiffs themselves recognize that *Tait* did not involve Texas law and therefore does not support certification of a Texas class represented by Mr. Vogler.[1]

As set forth below, *Tait* should not influence this Court's ruling because: (1) the defendant in that case did not dispute that "predominance [was] met" with regard to plaintiffs'

---

[1] Electrolux notes that the defendant in *Tait* has sought interlocutory appellate review under Fed. R. Civ. P. 23(f). *See* BSH Home Appliances Corp.'s Petition For Permission To Appeal Class Action Certification, *Cobb v. BSH Home Appliances Corp.*, No. 13-80000 (9th Cir. Jan. 3, 2013).

implied warranty allegations; and (2) the decision fails to address the need for proof of causation under California's Unfair Competition Law ("UCL").

*First*, the *Tait* court's ruling with respect to plaintiffs' implied warranty claims should not guide this Court's decision because the defendant there conceded – for reasons that are not clear from the record – that "predominance [was] met" regarding plaintiffs' implied warranty allegations in that case. 2012 WL 6699247, at *18. In addition, the *Tait* court cites *Keegan v. American Honda Motor Co.*, 284 F.R.D. 504 (C.D. Cal. 2012), for the proposition that "an implied warranty claim requires an objective standard" and is therefore a "susceptible of common proof,'" *Tait*, 2012 WL 6699247, at *18 (quoting *Keegan*, 284 F.R.D. at 537). However, as Electrolux explained in its Response To Plaintiffs' Post-Hearing Submission (ECF No. 185, filed Aug. 17, 2012), *Keegan* is based entirely on *Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168 (9th Cir. 2010) – which did not address California law – and is in direct conflict with the California Court of Appeal's pronouncement in *American Honda Motor Co. v. Superior Court*, 199 Cal. App. 4th 1367 (2011), that implied warranty claims require individualized proof that manifestation of a defect is substantially likely. Indeed, as explained in Electrolux's own Notice of Supplemental Authority, filed concurrently herewith, the Central District of California recently denied certification of a proposed class of vehicle owners on this very ground. According to that court, because a "substantial majority of class members never suffered an actual injury that was caused by a manifest defect in the" braking system of the vehicles, plaintiffs' warranty claims could not be resolved on a classwide basis. *See In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices and Prod. Liab. Litig.*, No. 10-2172, 2013 U.S. Dist. LEXIS 4295, at *19 (C.D. Cal. Jan. 9, 2013). This case presents the same scenario: only a small fraction of the proposed class members have reported mold or mildew problems in

2

their front-load washing machines.  Accordingly, plaintiffs cannot possibly establish that all proposed class members' machines have malfunctioned – or are likely to do so.

*Second*, *Tait* does not support certification of plaintiffs' UCL claims because it ignores the statute's causation requirement.  In *Tait*, the court held that UCL claims turn on whether "members of the public are likely to be deceived" and therefore can be resolved on a classwide basis using "objective" evidence.  2012 WL 6699247, at *12 (internal quotation marks and citation omitted).  In so holding, the court brushed aside the plain language of the UCL, which states that a private plaintiff may only obtain restitution of money or property "which may have been acquired *by means of* [a defendant's] unfair competition."  Cal. Bus. & Prof. Code §§ 17200, 17203 (emphasis added).  As a number of courts have recognized, this language requires proposed class members to establish that they were actually affected by the alleged misrepresentation or omission at issue.  *See Pfizer Inc. v. Superior Court*, 182 Cal. App. 4th 622, 631 (2010) (one who "could not possibly have lost money or property as a result of the unfair competition is not entitled to restitution"); *Campion v. Old Republic Home Prot. Co.*, 272 F.R.D. 517, 534 (S.D. Cal. 2011) (denying motion for class certification in case involving UCL claim arising out of alleged omissions and misrepresentations and emphasizing that a "causal link must exist between the alleged conduct and the alleged injury").

While the court failed to address this language in *Tait*, it did suggest that any showing of "reliance" – and presumably causation – that may be required under California's consumer fraud statutes could be "presumed" in cases involving alleged omissions about a product defect.  2012 WL 6699247, at *15.  However, the court does not cite any California caselaw in support of this proposition.  Further, even if the court were correct that such a presumption applies in UCL cases, it would clearly be rebutted here, given the strong evidence in the record that many class members were likely aware of the fact that front-load washing machines may develop mold or

3

mildew absent correct owner maintenance. As explained in Electrolux's opposition to class certification, Consumer Reports and other publications widely reported this issue during the class period – and explained that it could be avoided by leaving the machine door open between cycles and running cleaning cycles with bleach. (*See* Def.'s Opp'n To Pls.' Renewed Mot. For Class Cert. at 4-5.) Obviously, any proposed class member who read these publications and nonetheless decided to buy a front-load washing machine because of its increased energy efficiency or to satisfy other personal preferences could not possibly have suffered any loss "by means of" an omission by Electrolux about its machines. Accordingly, an individualized inquiry regarding causation will be necessary to resolve plaintiffs' UCL claims.

## CONCLUSION

For the foregoing reasons and those set forth in defendant's prior briefing, the Court should deny plaintiffs' renewed motion for class certification.

Dated:  January 14, 2013                                    Respectfully submitted,

| | |
|---|---|
| John H. Beisner | s/ J. Russell Jackson |
| Nina Ramos Rose | J. Russell Jackson *(pro hac vice)* |
| Jessica Davidson Miller | Peter Luneau |
| SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP | SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP |
| 1440 New York Avenue, N.W. | Four Times Square |
| Washington, D.C.  20005 | New York, New York 10036 |
| (202) 371-7000 | Telephone: (212) 735-3000 |
| | russell.jackson@skadden.com |
| | |
| | Benjamin Brewton, Bar No. 02530 |
| | TUCKER, EVERITT, LONG, BREWTON & LANIER |
| | P. O. BOX 2426 |
| | AUGUSTA, GEORGIA 30309 |
| | Telephone: (706) 722-0771 |
| | bbrewton@thefirm453.com |

ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

4

## **CERTIFICATE OF SERVICE**

      I certify that on the 14th day of January, 2013, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

                                            /s/ J. Russell Jackson_____
                                            J. Russell Jackson
                                            SKADDEN, ARPS, SLATE, MEAGHER &
                                            FLOM LLP
                                            Four Times Square
                                            New York, New York  10036
                                            Telephone:  (212) 735-3000
                                            russell.jackson@skadden.com