IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated, </br></br>  Plaintiffs, </br></br> v. </br></br> ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, </br></br>  Defendant. | CASE NO: CV108-030 |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Electrolux Home Products, Inc. ("Electrolux") respectfully submits the attached order by the U.S. Supreme Court in *Whirlpool Corp. v. Glazer*, No. 12-322, 2013 U.S. LEXIS 2695 (Apr. 1, 2013), as supplemental authority in support of its opposition to plaintiffs' renewed motion for class certification.

Plaintiffs have repeatedly argued that the Sixth Circuit's decision affirming class certification in *Glazer v. Whirlpool*, 678 F.3d 409 (6th Cir. 2012), should control class certification in this case. (*See, e.g.*, Pls.' Notice of Supp'l Auth., ECF No. 174 (filed May 3, 2012); Pls.' Post-Hearing Submission in Supp. of Mot. for Class Cert., ECF No. 183 (filed August 13, 2012).) As Electrolux has consistently maintained, *Glazer* should not influence the Court's class certification decision because: (1) *Glazer* involved different causes of action with different elements; (2) the district court acknowledged in *Glazer* that whether each class member experienced a manifestation of a problem with his/her washer, a key element in each of

plaintiffs' claims here, could not be proven on a classwide basis; (3) the overbreadth problems raised in this case are more severe than those presented in *Glazer*; and (4) the Sixth Circuit's ruling misapplied the commonality requirement of Rule 23(a), as interpreted by the U.S. Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). (*See, e.g.*, Def.'s Resp. to Pls.' Notice of Supp'l Auth., ECF No. 175 (filed May 9, 2012); Def.'s Post-Hearing Submission in Opp'n to Pls.' Mot. for Class Cert., ECF No. 182 (filed Aug. 13, 2012).)

On April 1, 2013, the U.S. Supreme Court summarily vacated the *Glazer* ruling and remanded it for further consideration in light of the Court's recent decision in *Comcast Corp. v. Behrend*, No. 11-864, 2013 WL 1222646 (U.S. Mar. 27, 2013). *See Glazer*, 2013 U.S. LEXIS 2695. Because *Glazer* is no longer good law, it should have no influence on the Court's class certification ruling in this action. *See, e.g.*, *Navarro v. United States*, 449 F.2d 113, 114 (9th Cir. 1971) (decision was "no longer good law, having been vacated and remanded to us by the Supreme Court"); *Allegree v. Carr*, No. 2:11cv142-TMH (WO), 2012 U.S. Dist. LEXIS 172614, at *6 (M.D. Ala. Oct. 23, 2012) (decision "is no longer good law; it was vacated").

The Supreme Court's decision to remand *Glazer* likely reflects the Court's recognition that the class in *Glazer* suffers from flaws similar to those that doomed class certification in *Comcast*. *Comcast* reversed a sweeping class action encompassing more than two million current and former Comcast subscribers who alleged violations of federal antitrust laws. *See Comcast*, 2013 WL 1222646. The Supreme Court held that the class at issue failed the requirements of Rule 23(b)(3) because the plaintiffs' damages theory did not fit their theory of liability, and "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Id.* at *5. In so holding, the Supreme Court made clear that the "rigorous analysis" requirement elaborated in *Dukes*, 131 S. Ct. 2541, which often requires an inquiry into

the merits of the claims at issue, applies not only to Rule 23(a) factors like commonality, but also to Rule 23(b)'s predominance requirement.

*Comcast* confirms that the predominance analysis undertaken by the Sixth Circuit – which is limited to just two sentences – was not sufficiently rigorous.  In addition, the order suggests that class certification was inappropriate in *Glazer* in light of the fact that the majority of class members did not experience any problems with their washing machines, since any damages analysis would have to take account of these differences within the class.[1]

Dated:  April 2, 2013                                              Respectfully submitted,

| | |
|---|---|
| John H. Beisner<br>Jessica Davidson Miller<br>SKADDEN, ARPS, SLATE MEAGHER<br>& FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C.  20005<br>(202) 371-7000 | s/ J. Russell Jackson<br>J. Russell Jackson *(pro hac vice)*<br>Peter Luneau<br>SKADDEN, ARPS, SLATE MEAGHER<br>& FLOM LLP<br>Four Times Square<br>New York, New York 10036<br>Telephone: (212) 735-3000<br>russell.jackson@skadden.com<br><br>Benjamin Brewton, Bar No. 02530<br>TUCKER, EVERITT, LONG,<br>BREWTON & LANIER<br>P. O. BOX 2426<br>AUGUSTA, GEORGIA 30309<br>Telephone: (706) 722-0771<br>bbrewton@thefirm453.com |

ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

---

[1]  The Supreme Court's decision in *Glazer* also calls into question plaintiffs' reliance on *Butler v. Sears, Roebuck & Co.*, 702 F.3d 359 (7th Cir. 2012), another washing machine case.  (*See* Pls.' Notice of Supp'l Auth., ECF No. 187 (filed November 14, 2012).)  After all, the *Butler* decision relies heavily on *Glazer*, *see* 702 F.3d at 363, which has now been vacated.

## **CERTIFICATE OF SERVICE**

I certify that on the 2nd day of April, 2013, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

/s/ J. Russell Jackson_____
J. Russell Jackson
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, New York  10036
Telephone:  (212) 735-3000
russell.jackson@skadden.com