IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CASE NO: CV108-030<br>)<br>) |
| v. | )<br>) |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, | )<br>)<br>) |
| Defendant. | )<br>) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Electrolux Home Products, Inc. ("Electrolux") respectfully submits the attached order by the U.S. Supreme Court in *Sears, Roebuck & Co. v. Butler*, No. 12-1067, 2013 WL 775366 (U.S. June 3, 2013), as supplemental authority in support of its opposition to plaintiffs' renewed motion for class certification.

Plaintiffs previously argued that the Seventh Circuit's decision in *Butler v. Sears, Roebuck & Co.*, 702 F.3d 359 (7th Cir. 2012), which reversed a district court's denial of class certification in a similar front-load washing machine case, supports class certification here. (*See* Pls.' Notice of Supp'l Auth., ECF No. 187 (filed Nov. 14, 2012).) On June 3, 2013, the U.S. Supreme Court summarily vacated the *Butler* ruling and remanded the case for further consideration in light of the Court's recent decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) ("*Comcast*"). Because *Butler* is no longer good law, it should have no influence on the Court's class certification ruling in this action. *See, e.g.*, *Lampliter Dinner Theater, Inc. v.*

*Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1042 (11th Cir. 1986) (ruling "vacated" by the Supreme Court "is a nullity" and no longer "good law"); *Navarro v. United States*, 449 F.2d 113, 114 (9th Cir. 1971) (decision was "no longer good law, having been vacated and remanded to us by the Supreme Court"); *Allegree v. Carr*, No. 2:11cv142-TMH (WO), 2012 U.S. Dist. LEXIS 172614, at \*6 (M.D. Ala. Oct. 23, 2012) (decision "is no longer good law; it was vacated").

Notably, *Comcast* confirms defendants' prior argument that the class certification analysis undertaken by the Seventh Circuit in *Butler* – which equated predominance with efficiency – was not sufficiently rigorous.  (*See* Def.'s Resp. to Pls.' Notice of Supp'l Auth., ECF No. 188 (filed Nov. 19, 2012).)  In addition, *Comcast* confirms that class certification was inappropriate in *Butler* because the majority of class members in each class did not experience any problems with their washing machines, and any damages analysis would have to account for these differences within the class.

In short, two of plaintiffs' key cases – *Butler* and *Whirlpool Corp. v. Glazer*, 678 F.3d 409 (6th Cir. 2012) – have now been nullified by the U.S. Supreme Court.

Dated:  June 4, 2013                              Respectfully submitted,

                                      s/ John H. Beisner
                                      John H. Beisner
Jessica Davidson Miller
SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
(202) 371-7410
john.beisner@skadden.com

Benjamin Brewton, Bar No. 02530
TUCKER LONG, P.C.
P. O. BOX 2426
AUGUSTA, GEORGIA 30309
Telephone: (706) 722-0771
bbrewton@tuckerlong.com

2

ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

## CERTIFICATE OF SERVICE

 I certify that on the 4th day of June, 2013, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

             s/ Benjamin Brewton
             Benjamin Brewton, Bar No. 02530
             TUCKER LONG, P.C.
             P. O. BOX 2426
             AUGUSTA, GEORGIA 30309
             Telephone: (706) 722-0771
             bbrewton@tuckerlong.com