UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT BROWN and MICHAEL VOLGER, on behalf of themselves and all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO. CV108-030 |
| ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE® | : : : : | |
| Defendant. | : | |

**PLAINTIFFS' NOTICE OF NEW AUTHORITY**

Last week, the United States Court of Appeals for the Sixth Circuit issued the attached opinion re-affirming the United States District Court for the Northern District of Ohio's order granting class certification in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.,* No. 10-4188, 2013 WL 3746205 (6th Cir. July 18, 2013), in light of the Supreme Court's recent decisions in *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. —, 133 S. Ct. 1184, 185 L.Ed.2d 308 (2013), and *Comcast Corp. v. Behrend*, 569 U.S. —, 133 S. Ct. 1426, 185 L.Ed.2d 515 (2013).

The opinion re-confirms the Sixth Circuit's prior findings that the district court did not abuse its discretion in finding that the case satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality and adequacy of representation. *Id*. at *9-15. 2013. The opinion then analyzes the effect of *Amgen* and *Comcast* on the district court's findings that the case satisfies the predominance and superiority requirements of Rule 23(b)(3).

-1-

The Sixth Circuit concludes that *Amgen* fully supports the district court's findings that the case satisfies the predominance and superiority requirements of Rule 23(b)(3):

> In *Amgen,* the Supreme Court affirmed certification of a class in a securities fraud case brought under § 10(b) and Rule 10b–5 premised on the fraud-on-the-market theory of liability. *Id.* at 1190, 1194, 1204. Amgen did not dispute that Connecticut Retirement met all four of the class action prerequisites of Rule 23(a); the case focused on the Rule 23(b)(3) predominance inquiry. *Id.* at 1190–91. Amgen contended that, to demonstrate predominance and insure class certification, Connecticut Retirement was required to prove, not plausibly plead, a central element of its case: the materiality of Amgen's alleged misrepresentations or omissions. *Id.* at 1191. The Supreme Court responded to Amgen's position with this holding:
>
>> While Connecticut Retirement certainly must prove materiality to prevail on the merits, we hold that such proof is not a prerequisite to class certification. Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class. Because materiality is judged according to an objective standard, the materiality of Amgen's alleged misrepresentations and omissions is a question common to all members of the class Connecticut Retirement would represent.
>
> *Id*. at 1191. The Court repeatedly emphasized that the predominance inquiry must focus on common questions that can be proved through evidence common to the class. *Id.* at 1195–96. A plaintiff class need not prove that each element of a claim can be established by classwide proof: "What the rule does require is that common questions '*predominate* over any questions affecting only individual [class] members.'" *Id.* at 1196.
>
> The Court further explained in *Amgen* that an inability of the plaintiff class "to prove materiality would not result in individual questions predominating. Instead, a failure of proof on the issue of materiality would end the case, given that materiality is an essential element of the class members' securities-fraud claims." *Id.* at 1191. The plaintiff class before the Court was "entirely cohesive: It will prevail or fail in unison. In no event will the individual circumstances of particular class members bear on the inquiry." *Id.* For this reason, the Court rejected Amgen's contention that, under Rule 23(b)(3), "Connecticut Retirement must first establish that it will win the fray. . . . [T]he office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id.* Class adjudication in these circumstances is more efficient, the Court also explained, because it avoids a "mini-trial" at certification that if successful must

-2-

> be repeated at trial or if unsuccessful frees the non-named class members to multiply the litigation. *Id.* at 1201.
>
> Following *Amgen*'s lead, we uphold the district court's determination that liability questions common to the Ohio class—whether the alleged design defects in the Duets proximately caused mold to grow in the machines and whether Whirlpool adequately warned consumers about the propensity for mold growth—predominate over any individual questions. As in *Amgen,* the certified liability class "will prevail or fail in unison," *id.* at 1191, for all of the same reasons we discussed above in conjunction with the Rule 23(a) prerequisites of commonality and typicality. Rule 23(b)(3) does not mandate that a plaintiff seeking class certification prove that each element of the claim is susceptible to classwide proof. *Id.* at 1196. Evidence will either prove or disprove as to all class members whether the alleged design defects caused the collection of biofilm, promoting mold growth, and whether Whirlpool failed to warn consumers adequately of the propensity for mold growth in the Duets. *See id.*; *Young,* 693 F.3d at 544; *Randleman v. Fid. Nat'l Title Ins. Co.,* 646 F.3d 347, 352–54 (6th Cir.2011).
>
> Whirlpool does not point to any "fatal dissimilarity" among the members of the certified class that would render the class action mechanism unfair or inefficient for decision-making. *See Amgen,* 133 S.Ct. at 1197. Instead, Whirlpool points to "a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action." *Id.* (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 107 (2009)). That contention, the Supreme Court instructs, "is properly addressed at trial or in a ruling on a summary-judgment motion. The allegation should not be resolved in deciding whether to certify a proposed class." *Id.* Tracking the Supreme Court's reasoning, we conclude here that common questions predominate over any individual ones. Simply put, this case comports with the "focus of the predominance inquiry"—it is "sufficiently cohesive to warrant adjudication by representation." *Id.* at 1196 (quoting *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)).

*Id*. at *15-16.

The Sixth Circuit's analysis of *Amgen*'s effect on the propriety of class certification in the *Whirlpool* case applies equally to the propriety of class certification in this case. Like in *Whirlpool*, there is no "fatal dissimilarity" among members of the proposed class. *See, e.g.,* ECF No. 183 at 3 ("It cannot seriously be disputed that many of the core questions at issue in this case, such as 'is the boot defective?' and 'was Electrolux aware of the defect and failed to

disclose it?' can be answered cohesively for all class members in one fell swoop, just as the district and appellate courts found in *Whirlpool*.").

The Sixth Circuit then considers whether *Comcast* impacts the correctness of the district court's decision. The Court concludes that *Comcast* does not impact the district court's decision, distinguishing *Comcast* on the ground that the problem with class certification in that case arose from the plaintiffs' failure to demonstrate how damages could be proven on a class-wide basis using common proof, while the district court in the *Whirlpool* case had certified a class as to the issue of liability only:

> In *Comcast Corp.,* the district court certified a liability *and* damages class under Rules 23(a) & (b)(3) comprised of more than two million current and former Comcast subscribers who sought damages for alleged violations of federal antitrust laws. 133 S.Ct. at 1429–31. Although the plaintiffs proposed four different theories of antitrust impact, the district court found that only one could be proved in a manner common to all class plaintiffs: the theory that "Comcast engaged in anticompetitive clustering conduct, the effect of which was to deter the entry of overbuilders in the Philadelphia" Designated Market Area (DMA). *Id.* at 1430–31 & n .3.
>
> The plaintiffs' expert calculated damages for the entire class using a model that failed to isolate the damages resulting from the one theory of antitrust impact the district court had allowed to proceed. *Id.* The court nonetheless certified the class, finding that the damages related to the allowed theory could be calculated on a classwide basis. *Id.* at 1431. The Third Circuit affirmed. *Id.*
>
> The Supreme Court reversed in a decision that it described as turning "on the straightforward application of class-certification principles." *Id.* at 1433. Because the plaintiffs would be entitled to damages resulting only from the allowed liability theory if they were to prevail on the merits, the Court instructed that the "model purporting to serve as evidence of damages. . . must measure only those damages attributable to that theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3)." *Id.* at 1433.
>
> Neither the Third Circuit nor the district court had required the plaintiffs to link each liability theory to a damages calculation because, those courts reasoned, doing so would necessitate inquiry into the merits, which had no place in the class certification decision. *Id.* The Supreme Court rejected that analysis as

-4-

> contradictory to *Dukes,* 131 S.Ct. at 2551–52 & n. 6, and as improperly permitting plaintiffs to offer any method of damages measurement, no matter how arbitrary, at the class-certification stage, thereby reducing the predominance requirement of Rule 23(b)(3) "to a nullity." *Comcast Corp.,* 133 S.Ct. at 1433. Due to the model's inability to distinguish damages attributable to the allowed theory of liability, the Court ruled that the predominance prerequisite of Rule 23(b)(3) did not warrant certification of a class. *Id.* at 1435. Accordingly, the Court reversed the certification order. *Id.*
>
> This case is different from *Comcast Corp.* Here the district court certified only a liability class and reserved all issues concerning damages for individual determination; in *Comcast Corp.* the court certified a class to determine both liability and damages. Where determinations on liability and damages have been bifurcated, *see* Fed.R.Civ.P. 23(c)(4), the decision in *Comcast*—to reject certification of a liability and damages class because plaintiffs failed to establish that damages could be measured on a classwide basis—has limited application. To the extent that *Comcast Corp.* reaffirms the settled rule that liability issues relating to injury must be susceptible of proof on a classwide basis to meet the predominance standard, our opinion thoroughly demonstrates why that requirement is met in this case. *See Leyva v. Medline Indus. Inc.,* 716 F.3d 510, 514 (9th Cir.2013) (observing after *Comcast* that class "must be able to show that their damages stemmed from the defendant's actions that created the legal liability").

*Id.* at *16-18.

Plaintiffs explained in their post-class certification hearing submission that the relief they seek in this case can be proven on a class-wide basis using common proof. *See* ECF 183 at 1-3. Plaintiffs further noted that if the Court has any reservations about certifying a class that encompasses both liability and damages, then certification of a liability-only class would be superior to no certification at all, and appropriate. *Id.* at 3-4.

The Sixth Circuit agreed with the district court that a class action is the superior method to adjudicate the *Whirlpool* case fairly and efficiently, observing it is the only realistic potential avenue for relief for class members considering the modest value of their claims and the costs they likely would incur to prosecute their claims:

Thus, read in light of *Amgen, Comcast Corp., Daffin,* and other cases we have discussed, the evidence and the district court's opinion convince us that class certification is the superior method to adjudicate this case fairly and efficiently. *See Amgen,* 133 S.Ct. at 1191; *Olden,* 383 F.3d at 507–10. Use of the class method is warranted particularly because class members are not likely to file individual actions-the cost of litigation would dwarf any potential recovery. *See Amgen,* 133 S.Ct. at 1202; *Amchem Prods., Inc.,* 521 U.S. at 617 (finding that in drafting Rule 23(b)(3), "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all'"); *Carnegie v. Household Int'l, Inc.,* 376 F.3d 656, 661 (7th Cir. 2004) (noting that "[t]he *realistic* alternative to a class action is not 17 million individual suits, but zero individual suits" because of litigation costs). As the district court observed, any class member who wishes to control his or her own litigation may opt out of the class under Rule 23(c)(2)(B)(v).

*Id*. at *18.

This observation applies equally to this case and strongly supports Plaintiffs' motion for class certification.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Plaintiffs' prior submissions, Plaintiffs' motion for class certification should be granted.

Respectfully submitted on this the 23rd day of July, 2013.

    /s/ Lee W. Brigham
Lee W. Brigham
State Bar No. 081698
John C. Bell, Jr.
State Bar No. 048600
Bell & Brigham
Post Office Box 1547
Augusta, Georgia 30903
706-722-2014 ph
706-722-7552 fax
lee@bellbrigham.com
john@bellbrigham.com

Kenneth A. Wexler (*pro hac vice*)
Edward A. Wallace (*pro hac vice*)
Amy E. Keller (*pro hac vice*)
WEXLER WALLACE LLP
West Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222 ph
312-346-0222 fax
kaw@wtwlaw.com
eawallace@wtwlaw.com
aekeller@wtwlaw.com

Charles M. McCallum (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
McCALLUM, HOAGLUND COOK
& IRBY, LLP
905 Montgomery Highway, Suite 202
Vestavia Hills, Alabama 35216
205-824-7767
205-824-7768
cmccallum@mhcilaw.com
birby@mhcilaw.com

*Attorneys for Plaintiffs and the Putative Class*

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2013, I electronically filed the foregoing **Plaintiffs' Notice of New Authority** with the Court's electronic filing system which will serve a copy of the pleading upon opposing counsel as follows:

Benjamin H. Brewton
TUCKER, EVERITT, LONG, BREWTON & LANIER
P.O. Box 2426
Augusta, Georgia  30903
bbrewton@thefirm453.com

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
john.beisner@skadden.com

J. Russell Jackson
Peter D. Luneau
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
russell.jackson@skadden.com
peter.luneau@skadden.com

/s/ Lee W. Brigham
Lee W. Brigham
Attorney for Plaintiffs and the Putative Class