IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOGLER, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) CASE NO: CV108-030<br>)<br>) |
| v. | )<br>) |
| ELECTROLUX HOME PRODUCTS, INC. d/b/a FRIGIDAIRE®, | )<br>)<br>) |
| Defendant. | )<br>) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF NEW AUTHORITY

As set forth in defendant's prior Notice of Supplemental Authority, the U.S. Supreme Court vacated and remanded the Sixth Circuit's decision upholding certification of a class of front-loading washing machine purchasers in *Whirlpool Corp. v. Glazer*, 678 F.3d 409 (6th Cir. 2012), for further consideration in light of *Comcast Corp. v. Behrend,* 133 S. Ct. 1426 (2013). (*See* ECF No. 193.)  The Sixth Circuit has now issued a new ruling, finding that the front-load washing machine case was properly certified notwithstanding *Comcast*. *See Glazer v. Whirlpool Corp.*, No. 10-4188, 2013 WL 3746205 (6th Cir. July 18, 2013).

Plaintiffs argue that the Sixth Circuit's latest decision supports class certification in this case. But *Whirlpool* should not influence the Court's class certification analysis for two reasons: (1) the Sixth Circuit's ruling runs afoul of *Comcast* and therefore was wrongly decided; and (2) even if *Whirlpool* were right, it does not support certification under Texas and California law.

*First*, *Whirlpool* cannot be reconciled with the Supreme Court's recent ruling in *Comcast*. In *Comcast*, the plaintiffs alleged that Comcast entered into unlawful swap agreements with other cable companies in violation of federal antitrust laws, eliminating competition and causing prices to remain above competitive levels. 133 S. Ct. at 1430. The Supreme Court reversed class certification on the ground that the plaintiffs' damages theory did not fit their theory of liability, and "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Id.* at 1433.

In its ruling, the Supreme Court explained that damages must be "capable of measurement on a classwide basis." *Id.* According to the Court, the damages model put forth by the plaintiffs, which "assumed the validity of all four theories of antitrust impact initially advanced by respondents," *id.* at 1434, fell well short of this standard because it "failed to measure damages resulting from the particular antitrust injury on which [the defendants'] liability [was] premised." *Id.* at 1433. The district court had only accepted one of the four theories of antitrust impact advanced (reduced overbuilder competition) and, thus, any damages awarded to the class had to be attributed to that theory alone. Because the proffered damages model was not so limited, the Supreme Court concluded that "[q]uestions of individual damage calculations [would] inevitably overwhelm questions common to the class," defeating predominance and rendering classwide treatment improper. *Id.* at 1433.

In reaffirming the district court's ruling in *Whirlpool* notwithstanding *Comcast*, the Sixth Circuit viewed the *Comcast* decision as applying only to cases where ***damages*** cannot be resolved on a classwide basis – a rule it found irrelevant in *Whirlpool* because the district court "certified only a liability class and reserved all issues concerning damages for individual determination." *Whirlpool*, 2013 WL 3746205, at *17. But *Comcast* also applies where there are variations in ***injury*** within a putative class, which is almost certainly why the Supreme Court

remanded *Whirlpool* to the Sixth Circuit. In *Whirlpool*, the defendant argued that the alleged defect – an odor problem – had manifested in only a small percentage of the putative class members' washing machines, and those proposed class members whose machines did not experience a problem did not suffer any injury or loss. *Id.* at *12. Although this problem relates to injury rather than damages, it is analogous to the one in *Comcast*. The plaintiffs seek to use the class device to expand ultimate recovery – i.e., to proceed as though the entire class is injured when only a small portion has allegedly experienced a problem.

The Sixth Circuit brushed aside the injury problem, concluding that Ohio law would recognize a "premium price" theory of loss, under which even those who had no manifestation of defect nevertheless could claim some legal injury. *Id.* at *13.[1] But even assuming the Sixth Circuit is right that Ohio law recognizes such "premium payment" injuries, predominance would still be lacking in *Whirlpool* since any putative class member whose washing machine actually developed mold and odor problems would have a materially different injury from class members whose washing machines had not manifested any problems. As the Supreme Court has explained, class members must "suffer the same injury." *Wal-Mart Stores Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011).

The Sixth Circuit also stated that a class action plaintiff "need not prove that each element of a claim can be established by classwide proof" but instead need only establish that "common questions" predominate. *Whirlpool*, 2013 WL 3746205, at *15 (citing *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184 (2013)). According to the Sixth

---

[1] Notably, the Sixth Circuit's only support for this proposition was the district court's order denying Whirlpool's motion to dismiss plaintiffs' negligent design and failure-to-warn claims. *Whirlpool*, 2013 WL 3746205, at *13 (citing *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 950 (N.D. Ohio 2009)). And the district court never held, nor cited any Ohio law suggesting, that a plaintiff can establish injury in a product liability case without proof that the product actually malfunctioned. Instead, the district court merely concluded, without citing authority, that Ohio allows claims for "economic loss" seeking "recovery for a product's self-inflicted damage" to itself. *In re Whirlpool*, 684 F. Supp. 2d at 950.

Circuit, the common questions in *Whirlpool* included "whether the alleged design defects in the [washers] proximately caused mold to grow in the machines and whether Whirlpool adequately warned consumers about the propensity for mold growth." *Id*. at *16. But answers of "yes" to these questions would establish nothing by themselves because the liability determination is incomplete without resolving whether each class member was actually injured. And answering that question in individual follow-on proceedings would offer no efficiency benefits, and would probably violate the defendant's Seventh Amendment rights against re-examination of facts, because subsequent juries would have to familiarize themselves with the ostensibly common failure-to-warn and causation questions already decided by the first jury. *See In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995) (district courts must be careful to "carve at the joint" when setting out to certify isolated issues for class treatment, while leaving individualized issues for later resolution by subsequent juries under the Seventh Amendment).

In short, the Sixth Circuit's ruling in *Whirlpool* ignores the highly individualized issues relating to injury that would make it impossible to fairly resolve any aspect of the plaintiffs' claims on a classwide basis.

***Second***, even if the *Whirlpool* ruling properly applied Rule 23 and properly interpreted Ohio law, it would still not support certification here.

As plaintiffs themselves note, the "district court in the *Whirlpool* case had certified a class as to the issue of liability ***only***." (Pls.' Notice at 4 (emphasis added).) In so doing, the court acknowledged that damages could not be proven on a classwide basis. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 69254, at *9-10 (N.D. Ohio July 12, 2010). Here, by contrast, plaintiffs are seeking a single classwide trial that would purportedly resolve whether each class member suffered an injury and what his or her damages are. Acknowledging this problem, plaintiffs suggest that this Court could – like *Whirlpool* –

4

certify a "liability-only class" that does not address the issue of damages. (*See* Pls.' Notice at 5.) But plaintiffs' late-in-the-day concession still does not solve the problems with their class because whatever the law may be in Ohio, actual injury is a *prima facie* element of their claims under Texas and California law – requiring classwide proof that the proposed class members actually experienced a problem with their machines.

Texas courts have consistently held that plaintiffs alleging product liability claims must establish that the product at issue actually malfunctioned in some way. For example, in *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 856, 858 (Tex. Ct. App. 2005), the Texas Court of Appeals upheld an order dismissing claims under the Texas Deceptive Trade Practices Act and for breach of implied warranty stemming from the plaintiffs' purchase of vehicles that included allegedly defective safety buckles. There, the plaintiffs alleged that they suffered economic losses because "the buckles have a propensity to partially latch and to potentially provide insufficient restraint during a crash," but did not claim that the buckles in their cars had actually malfunctioned. *Id*. According to the court, this allegation of "only an unmanifested defect" was insufficient to state a viable claim under Texas law. *Id*.

A similar rule applies in California. In *American Honda Motor Co. v. Superior Court*, 199 Cal. App. 4th 1367 (2011), for example, the California Court of Appeal reversed certification of Unfair Competition Law and breach of warranty claims arising from the sale of allegedly defective vehicles on grounds that plaintiffs were unable to establish injury on a classwide basis. *Id*. at 1375. As the court explained, plaintiffs were required to prove that the alleged defect was "substantially certain to result in malfunction" in each proposed class member's vehicle "during the useful life of the product." *Id*. Thus, "whether each proposed class member's [product] malfunctioned, if it will malfunction, how it malfunctioned and why it

5

malfunctioned [were] individual questions not amenable to common proof," rendering class certification inappropriate. *Id*. at 1378.

Even if *Whirlpool* were rightly decided, plaintiffs' proposed liability class would fail here for the same reasons. In order to establish the injury element of their claims under Texas and California law, plaintiffs will have to prove that each proposed class member experienced a problem with his or her washing machine, a highly individualized inquiry that would make classwide resolution of their claims impossible. Accordingly, even if plaintiffs pare down their class to match the one in *Whirlpool*, they cannot prove injury through classwide proof.

Finally, *Whirlpool* also does not address the other individualized elements of plaintiffs' claims under California and Texas law that preclude class certification. The Texas Deceptive Trade Practices Act expressly requires a showing that each plaintiff "relied on" an alleged misstatement by the defendant to his or her "detriment," making classwide treatment of those claims impossible. (ECF. 164 at 29-30 (quoting Tex. Bus. & Com. Code § 17.50(a)(1)(B)).) Similarly, California's Unfair Competition Law requires proof that each proposed class member lost money or property "acquired ***by means of***" the unfair competition alleged. (*Id*. at 32-34 (quoting Cal. Bus. & Prof. Code § 17203).) In addition, in order to prove any of their breach-of-warranty claims under California or Texas law, the proposed class members would have to individually establish that they provided the defendant with pre-suit notice of the alleged breach. (*Id.* at 22-26.) And the proposed California class members cannot prove their claims for breach of express warranty without evidence that each proposed class member: (1) asked Electrolux to repair his or her machine but the Company refused to do so (*id*. at 26-27); and (2) was aware of and relied on Electrolux's express warranty in deciding to purchase his or her machine (*id*. at 27-28). For these reasons too, *Whirlpool* should not affect this Court's class certification ruling.

## **CONCLUSION**

For the foregoing reasons and all of the reasons set forth in the parties' prior submissions, the Court should find that plaintiffs' supplemental authority is unpersuasive and deny plaintiffs' renewed motion for class certification.

Dated: July 25, 2013                              Respectfully submitted,

                                                          s/ John H. Beisner
                                                          John H. Beisner
                                                          Jessica Davidson Miller
                                                          SKADDEN, ARPS, SLATE MEAGHER
                                                          & FLOM LLP
                                                          1440 New York Avenue, N.W.
                                                          Washington, D.C.  20005
                                                          (202) 371-7410
                                                          john.beisner@skadden.com

                                                          Benjamin Brewton, Bar No. 02530
                                                          TUCKER, EVERITT, LONG,
                                                          BREWTON & LANIER
                                                          P. O. BOX 2426
                                                          AUGUSTA, GEORGIA 30309
                                                          Telephone: (706) 722-0771
                                                          bbrewton@thefirm453.com

ATTORNEYS FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

    I certify that on the 25th day of July, 2013, I have served a copy of the foregoing upon all interested parties in accordance with ECF rules by electronically filing the foregoing with the Clerk of Court using the CM/ECF system.

    s/ John H. Beisner
    John H. Beisner
    SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
    1440 New York Avenue, N.W.
    Washington, DC 20005
    Telephone: (202) 371-7000
    john.beisner@skadden.com