UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBERT BROWN and MICHAEL VOLGER, on behalf of themselves and all others similarly situated, Plaintiffs, v. ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE® Defendant. | CASE NO. CV108-030 |

### PLAINTIFFS' NOTICE OF NEW AUTHORITY

Yesterday, the United States Court of Appeals for the Seventh Circuit issued the attached opinion reaffirming its prior decision reversing the United States District Court for the Northern District of Illinois's order denying class certification in a similar case involving front-loading washing machines. *Butler v. Sears, Roebuck & Co.*, Nos. 11-8029, 12-8030, – F.3d –, (7th Cir. Aug. 22, 2013) (Posner, J.).

The Supreme Court had vacated the Seventh Circuit's prior decision and remanded the case for reconsideration in light of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). The Seventh Circuit re-analyzed its prior decision in light of *Comcast*, but concluded that *Comcast* did not undercut its prior decision.

The Seventh Circuit observed that "*Comcast* holds that a damages suit cannot be certified to proceed as a class action unless the damages sought are the result of the class-wide *injury* that the suit alleges[,]" and that the problem in *Comcast* was that the plaintiffs' damages model included

damages that were not attributable to the only the theory of liability that had been certified for adjudication on a class-wide basis. Slip Op. at 5-6. The Court explained that the case before it did not suffer from any similar infirmity because all members of the relevant class attributed their damages to the same injury: "[u]nlike the situation in *Comcast*, there is no possibility in this case that damages could be attributed to acts of the defendants that are not challenged on a class-wide basis; all members of the mold class attribute their damages to mold[.]" *Id*. at 6.

The Seventh Circuit also noted that, unlike in *Comcast*, the district court in the case before it "neither was asked to decide nor did decide whether to determine damages on a class-wide basis[,]" and that "a class action limited to determining liability on a class-wide basis, with separate hearings to determine – if liability is established – the damages of individual class members, or homogenous groups of class members, is permitted by Rule 23(c)(4) and will often be the sensible way to proceed." *Id*. at 7 (citations omitted).[1] The Court observed:

> It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require that every member of the class have identical damages. If the issues of liability are genuinely common issues, and the damages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses, the fact that damages are not identical across all class members should not preclude class certification. Otherwise defendants would be able to escape liability for tortious harms of enormous aggregate magnitude but so widely distributed as not to be remediable in individual suits.
>
> As we noted in *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004), "the more claimants there are, the more likely a class action is to yield substantial economies in litigation. It would hardly be an improvement to have in lieu of this single class 17 million suits each seeking damages of $15 to $30…. The *realistic*

---

[1] Plaintiffs previously explained that the relief they seek in this case can be proven on a class-wide basis using common proof, ECF 183 at 1-3, but noted that if the Court has any reservations about certifying a class that encompasses both liability and damages, then certification of a liability-only class would be superior to no certification at all. *Id*. at 3-4.

    alternative to a class action is not 17 million individual suits, but zero individual suits, as only a lunatic or a fanatic sues for $30" (emphasis in original). The present case is less extreme: tens of thousands of class members, each seeking damages of a few hundred dollars. But few members of such a class, considering the costs and distraction of litigation, would think so meager a prospect made suing worthwhile.

*Id*. at 9-10.

Because "[t]here is a single, central, common issue of liability: whether the Sears washing machine was defective[,]" the Seventh Circuit held that the action is appropriate for adjudication on a class-wide basis. *Id*. at 10. The same is true here. As Plaintiffs have explained previously, the claims asserted on behalf of the class in this case all stem from harm caused by a single, discrete design defect – a "convoluted bellow" – that causes class members' washers to fail of their essential purpose. *See* ECF 158 at 1-2; ECF 167 at 1, 5-10; ECF 183 at 2, 10-11. Accordingly, the Seventh Circuit's conclusion that the claims in *Butler* are appropriate for class certification should apply equally to the claims presented in this case.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Plaintiffs' prior submissions, Plaintiffs' motion for class certification should be granted.

Respectfully submitted on this the 23rd day of August, 2013.

                                                    /s/ Lee W. Brigham
                                                  Lee W. Brigham
                                                  State Bar No. 081698
                                                  John C. Bell, Jr.
                                                  State Bar No. 048600
                                                  Bell & Brigham
                                                  Post Office Box 1547
                                                  Augusta, Georgia 30903
                                                  706-722-2014 ph
                                                  706-722-7552 fax
                                                  lee@bellbrigham.com
                                                  john@bellbrigham.com

Kenneth A. Wexler (*pro hac vice*)
Edward A. Wallace (*pro hac vice*)
Amy E. Keller (*pro hac vice*)
WEXLER WALLACE LLP
West Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222 ph
312-346-0222 fax
kaw@wtwlaw.com
eawallace@wtwlaw.com
aekeller@wtwlaw.com

Charles M. McCallum (*pro hac vice*)
R. Brent Irby (*pro hac vice*)
McCALLUM, HOAGLUND COOK
& IRBY, LLP
905 Montgomery Highway, Suite 202
Vestavia Hills, Alabama 35216
205-824-7767
205-824-7768
cmccallum@mhcilaw.com
birby@mhcilaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2013, I electronically filed the foregoing **Plaintiffs' Notice of New Authority** with the Court's electronic filing system which will serve a copy of the pleading upon opposing counsel as follows:

Benjamin H. Brewton
TUCKER LONG, P.C.
P.O. Box 2426
Augusta, Georgia  30903
bbrewton@thefirm453.com

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005
john.beisner@skadden.com

J. Russell Jackson
Peter D. Luneau
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
russell.jackson@skadden.com
peter.luneau@skadden.com

/s/ Lee W. Brigham
Lee W. Brigham
Attorney for Plaintiffs